# EXHIBIT A

RECEIVED
VENTURA SUPERIOR COURT
04/19/23

Electronically FILED by Superior Court of California County of Ventura 04/19/2023 Brenda L. McCormick Executive Officer and Clerk Hannah Cressy Deputy Clerk

David P. Myers (SBN 206137)
Jason Hatcher (SBN 285481)
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff Jacqui Rum, and all others similarly situated.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF VENTURA**

JACQUI RUM, on behalf of herself and all others similarly situated

PLAINTIFF,

v.

HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive

DEFENDANTS.

Case No.: 2023CUOE007969

CLASS ACTION COMPLAINT

1. **Failure to Indemnify Necessary Expenditures;**
2. **Failure to Provide Meal Periods;**
3. **Failure to Provide Rest Periods;**
4. **Failure to Pay All Wages Due at Separation;**
5. **Failure to Provide Accurate Wage Statements;**
6. **Unfair Competition**

**DEMAND FOR JURY**



Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

## I. INTRODUCTION

This is an action brought by Plaintiff JACQUI RUM ("Plaintiff"), on her behalf and all others similarly situated, against HCA HEALTHCARE, INC. ("HCA"), a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC ("HWS"), a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER ("LRRMC"), a California Corporation, and other as of yet unnamed DOE Defendants 1-100 (hereinafter collectively "Defendants") alleging, among other things violations of the California Labor Code and Unfair Competition Law. Plaintiff seeks damages, attorneys' fees and costs of suit. Plaintiff is informed and believes, and on that basis alleges, as follows:

## II. GENERAL ALLEGATIONS

1. This class action arises from wage and hour violations for, among other things, Defendants failure to indemnify California based, non-exempt, registered nurses for necessary expenditures, including but not limited to the expense and cost of any employer-provided or employer-required educational program or training in violation of the Labor Code; as well as Defendant LRRMC's failure to provide compliant, timely, duty-free meal and rest periods, compliant wage statements, and timely pay all earned wages at termination to Defendant LRRMC's 12-hour shift hourly non-exempt, direct patient care, employees. As more fully described herein, Defendants failed and continue to fail comply with the Labor Code and Wage Orders. Accordingly, Plaintiff seeks among other things, all wages, restitutionary disgorgement, statutory penalties, and injunctive relief.

2. Plaintiff seeks to represent the following Class and Sub-Class:

> All current and former non-exempt registered nurses for Defendants, in the state of California, for the period of April 19, 2019 through the date of class certification who participated in the "StaRN Training Program". (the "Indemnification Class").
>
> And,
>
> All current and former 12-hour shift, non-exempt, direct patient care employees of Defendant LRRMC, in the state of California, for the period of April 19, 2019 through the date of class certification. (the "LRRMC Sub-Class").

3. This Court is the proper court and this action is properly filed in Ventura County

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

and in this judicial district because Defendants do business in Ventura County and because Defendants' obligations and liability arise therein.

4. Plaintiff is a former 12-hour shift, registered nurse, non-exempt employee for Defendants who worked in Ventura County for Defendants.

5. Plaintiff is informed and believes, and thereon alleges that HCA is a Delaware corporation not registered with the California Secretary of State.

6. Plaintiff is informed and believes, and thereon alleges that HWS is a Tennessee Limited Liability Company formerly known as Parallon Enterprise, LLC.

7. Plaintiff is informed and believes, and thereon alleges that LRRMC is a California corporation.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 100 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

9. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

10. Plaintiff is informed and believes, and thereon alleges, that the named Defendants are an integrated enterprise, partners, owners, shareholders, managers, joint employers, or alter egos of each other.

11. Defendant DOES 1 through 100 are the partners, owners, shareholders, managers, joint employers, or alter egos of Defendant Employers, and were acting on behalf of Defendant Employers in the payment of wages to Plaintiff.

12. At all relevant times alleged herein Plaintiff was employed by Defendants as a Registered Nurse, and Plaintiff held a position with Defendants as a Registered Nurse in Ventura

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

County, State of California.

## III. FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

13. Plaintiff and the Indemnification Class were registered nurses, non-exempt, employees for Defendants in the state of California.

14. Plaintiff and the LRRMC Class worked as 12-hour shift, direct patient care, non-exempt hourly employees for Defendant LRRMC in the state of California.

15. Throughout the period of April 19, 2019 through the date of class certification ("Class Period"), Plaintiff and all Indemnification Class and LRRMC Class members were and are employees of Defendants, in the state of California, entitled to all of the protections afforded to employees under the Labor Code and applicable IWC Wage Orders.

16. Defendants' primary business is the operation of healthcare business—e.g. the operation of hospitals. This work is performed in part by Plaintiff, the Indemnification Class, and the LRRMC Class members.

17. During the Class Period, Plaintiff and the Indemnification Class members worked for Defendants in the state of California as registered nurses.

18. During the Class Period, Defendants required Plaintiff and the Indemnification Class members to participate in employer-provided and/or employer-required educational programs and/or training as a condition of employment ("StaRN Training").

19. Defendants' StaRN Training was not voluntarily undertaken by Plaintiff and the Indemnification Class solely at their discretion.

20. Defendants' StaRN Training was not a requirement for a license, registration, or certification necessary to legally practice in a specific employee classification to provide direct patient care.

21. During the Class Period, Defendants required Plaintiff and the Indemnification Class members to bear the expenses and/or costs associated with the StaRN Training without reimbursement or expenses. Plaintiff and the Indemnification Class members incurred losses in direct consequence of the discharge of their duties as a result of the StaRN Training.

22. During the Class Period, Defendants required Plaintiff and the Indemnification

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

Class members to offset the costs of the StaRN Training through reduced hourly wages and via repayment of tuition costs for an amount up to $4,000.00.

23. During the Class Period, Defendant LRRMC's policy and/or practice required Plaintiff and the LRRMC Class to carry a communication device during, including but not limited to iMobile devices, during meal and/or rest periods in order to remain on call.

24. During the Class Period, Defendant LRRMC failed to authorize and permit legally compliant meal breaks. Plaintiff and the LRRMC Class members were assigned to and required to work shifts lasting over ten (10) hours without receiving timely, duty-free, first meal periods and/or without receiving a second, duty-free, thirty (30) minute uninterrupted off-duty meal break without exemption.

25. Throughout the Class Period, Defendant LRRMC failed and continue to fail to pay for meal period violations at the correct regular rate of pay.

26. Throughout the Class Period, Defendant LRRMC failed to authorize and provide the required number of duty-free rest periods in compliance with the provisions of the California Labor Code and applicable Wage Order. Plaintiff and LRRMC Class members were assigned to and required to work shifts lasting over four (4) hours and were not provided nor allowed to take a non-captive paid ten-minute uninterrupted rest break during each four (4) hour work period, or major fraction thereof, at the direction of Defendant LRRMC and/or with Defendant LRRMC's knowledge and acquiescence.

27. Throughout the Class Period, Defendant LRRMC failed and continue to fail to pay for rest period violations at the correct regular rate of pay.

28. Defendant LRRMC failed to pay Plaintiff and the LRRMC Class all earned wages timely upon termination. This includes, but is not limited to, meal period premiums at the regular rate of pay and/or rest period premiums at the regular rate of pay and/or accrued unused vacation pay.

29. The wage statements provided by Defendant LRRMC failed to provide accurate information as to the total hours worked, hourly rate for all hours worked, the net wages earned, and the gross wages earned per pay period.

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

30. Plaintiff is a member of and seeks to be the representative for the Indemnification Class and LRRMC Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendant's unlawful employment practices as alleged herein.

31. The Labor Code violations, and Wage Order violations upon Plaintiff, the Indemnification Class, and the LRRMC Class are a consequence of Defendants' unlawful policies and practices which were centrally devised, implemented, communicated, and applied to Plaintiff and the LRRMC Class.

32. Because of Defendants' unlawful conduct, Plaintiff, the Indemnification Class, and the LRRMC Class have been and continue to be systematically deprived of indemnification for costs of training and wages to which they are entitled by law and deprived of other benefits of the Labor Code and applicable IWC Wage Orders, to the detriment of herself and the public at large.

**CLASS DEFINITION AND CLASS ALLEGATIONS**

33. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated, pursuant to California Code of Civil Procedure §382, and as a member of the Class defined as follows:

> All current and former non-exempt registered nurses for Defendants, in the state of California, for the period of April 19, 2019 through the date of class certification who participated in the "StaRN Training Program". ("Indemnification Class").\
>
> **Sub-Class 1**
> All current and former 12-hour shift, non-exempt, direct patient care employees of Defendant LRRMC, in the state of California, for the period of April 19, 2019 through the date of class certification. (the "LRRMC Sub-Class").
>
> **Sub-Class 2**
> All current and former 12-hour shift, non-exempt, direct patient care employees of Defendant LRRMC, in the state of California, for the period of April 19, 2019 through the date of class certification who worked at least one shift of more than ten (10) hours. ("Meal Period" Sub-Class).

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

**Sub-Class 3**

All current and former 12-hour shift, non-exempt, direct patient care employees of Defendant LRRMC, in the state of California, for the period of April 19, 2019 through the date of class certification who worked at least one shift of 3.5 hours or more. ("Rest Period" Sub-Class).

**Sub-Class 4**

All current and former 12-hour shift, non-exempt, direct patient care employees of Defendant LRRMC, in the state of California, for the period of April 19, 2022 through the date of class certification who received a wage statement from Defendant LRRMC. ("Pay Stub" Sub-Class).

**Sub-Class 5**

All former 12-hour shift, non-exempt, direct patient care employees of Defendant LRRMC, in the state of California, for the period of April 19, 2020 through the date of class certification who are members of Sub-Classes 1 and/or 2 and/or 3. ("Waiting Time Penalties" Class).

34. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to alter, propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

35. Further, this action is brought for the benefit of the public, who are entitled to restitution of those funds improperly withheld by Defendants.

36. This action has been brought and may be properly maintained as a class action pursuant to the provisions of the Code of Civil Procedure §382 and other applicable law.

37. **Numerosity:** Members of the classes are so numerous that their individual joinder is impracticable. It is possible to ascertain the number of former and current employees who are members of the proposed class, but they are so numerous that joinder is impracticable. The proposed Class includes future employees (persons who are hired by defendant within the class period, but who are not now class members as current or former employees) whose joinder is currently impossible. The precise number of Class members and their addresses can be determined by Defendants' business records and will become known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, e-mail, the

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

internet, or published and posted notice.

38. **Typicality:** Plaintiff's claims are typical of the claims of members of the proposed classes. Defendants employed Plaintiff during the statutory period, and Plaintiff has been subjected to Defendants' unlawful employment practices, as alleged in this Complaint.

39. **Adequacy of Class Representative:** Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff's interests do not conflict with Class members' interests, and Plaintiff has retained competent and experienced counsel. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

40. **Common Questions of Law and Fact:** Common questions of law and fact exist as to all Class members and predominate over any questions affecting solely individual members of the proposed Class:

a. Whether Defendants engaged in a pattern or practice of failing to indemnify Plaintiff and the Indemnification Class for necessary expenditures and losses incurred from Defendants' training courses in violation of the applicable Labor Code provisions including §§2802, 2802.1 and 2804;

b. Whether Defendants improperly retained, appropriated or deprived Plaintiff and the class members of the use of monies or sums to which they were legally entitled;

c. Whether Defendants engaged in unfair business practices;

d. Whether Defendants were participants in the alleged unlawful conduct;

e. Whether Defendant LRRMC engaged in a pattern or practice of failing to provide Plaintiff and the members of the LRRMC Class duty-free rest periods in violation of IWC Wage Order No. 5-2001 and Labor Code §226.7 by requiring Plaintiff and LRRMC Class members to remain on-call during paid rest breaks;

f. Whether Defendant LRRMC engaged in a pattern or practice of failing to provide Plaintiff and the members of the LRRMC Class three separate duty-free rest periods in a 12-hour shift in violation of IWC Wage Order No. 5-2001 and Labor Code §226.7;

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

g. Whether Defendant LRRMC engaged in a pattern or practice of failing to provide Plaintiff and the members of the LRRMC Class compliant meal periods in violation of IWC Wage Order No. 5-2001 and Labor Code §§ 226.7, 512 by failing to timely provide the required number of 30-minute uninterrupted meal periods and/or failed to provide duty-free 30-minute meal periods and/or failed to provide a second meal period without exemption to Plaintiff and LRRMC Class members;

h. Whether Defendants engaged in unfair practice and violated California Business and Professions Code §17200 by offsetting Plaintiff and the Indemnification Class members hourly wages to cover the costs associated with Defendants' company based training;

i. Whether Defendant LRRMC violated Labor Code §203 by failing to timely pay all earned wages due upon separation;

j. Whether Defendant LRRMC failed to provide accurate wage statements to Plaintiff and the members of the LRRMC Class; and

k. The nature and extent of class-wide injury and measure of damages for the injury.

41. **Superiority and Substantial Benefit:** A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants implemented illegal schemes that are generally applicable to the members of the proposed plaintiff class and sub-classes. Damages suffered by each Class member may be relatively small given the burden and expense of individual prosecution of the complex and expensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if Class members could afford such individual litigation, the court system could not. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

42. Plaintiff knows of no difficulty that will be encountered in the management of

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

this litigation that would preclude its maintenance as a class action. Plaintiff is informed and believes, and on that basis alleges, that the amount of money due each Class member as economic damages is ascertainable from Defendants' records or may readily be determined by other means.

43. The Classes should also be certified because:

a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class members creates the risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and

c. Defendants have acted or refused to act on grounds generally applicable to the Class, and/or general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION

**Failure to Indemnify Necessary Business Expenditures**

**(Labor Code §§ 2802, 2802.1, 2804 *et seq.*)**

**(Against all Defendants)**

44. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 43 of this Complaint.

45. Pursuant to Labor Code §2802, "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

46. Pursuant to Labor Code §2802.1(a), Section 2802 applies to any expense or cost of any employer-provided or employer-required educational program or training for an employee

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

providing direct patient care or an applicant for direct patient care employment. Those expenses or costs shall constitute a necessary expenditure or loss incurred by the employee in direct consequence of the discharge of the employee's duties, as that phrase is used in Section 2802.

47. Pursuant to Labor Code §2804, "[a]ny contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

48. Plaintiff and the Indemnification Class incurred necessary expenditures in direct consequence of the discharge of their duties to Defendants, and/or their obedience to Defendants' directions, which includes reduced wages to offset Defendants' training expenses and/or the repayment of alleged training costs up to $4,000.00.

49. Defendants demand and have demanded the additional repayment of the alleged training costs subject to threats of filing legal actions against Plaintiff and the Indemnification Class.

50. Defendants' actions in requiring Plaintiff and the Indemnification Class to expend money in the discharge of their duties, but failing to fully indemnify and reimburse for those expenses, is unlawful under the laws and regulations of the State of California.

51. Defendants have wrongfully withheld indemnification for the expenses incurred by Plaintiff and the Indemnification Class. In violation of California law, Defendants have systematically, knowingly, and willfully refused to perform their obligations to indemnify and reimburse Plaintiff and the Indemnification Class.

52. As a direct result, Plaintiff and the Indemnification Class have suffered, and continues to suffer, substantial losses related to the use and enjoyment of such money, lost interest on such money, and expenses and attorneys' fees, expenses, and costs of suit.

53. Plaintiff and the Indemnification Class are entitled to recover, and seek, an award from Defendants of the full amount of the losses incurred for necessary expenditures, plus interest on all such amounts, injunctive relief, declaratory judgment that any contract between Defendants and the Indemnification Class members that purports to waive the protections

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

afforded under Labor Code §§2802 and 2802.1 is null and void, reasonable attorney's fees and costs of suit, and all other appropriate remedies provided by Labor Code §§2802, et seq., or any other provision of the Labor Code, and IWC Wage Orders.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**Violation of Labor Code §§226.7, 512, & IWC Wage Order No. 5-2001**

(Against Defendant LRRMC)

54. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 43, inclusive, as though fully set forth herein.

55. Labor Code §226.7 requires an employer to pay one additional hour of compensation, at the regular rate of pay, per day for each meal period the employer fails to provide pursuant to the Labor Code and/or applicable Wage Order.

56. Plaintiff alleges that Defendant LRRMC failed to provide legally compliant meal periods to Plaintiff and the LRRMC Class Members; in addition to impeding, discouraging, and/or dissuading employees from taking legally compliant meal periods. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hours work period. Plaintiff and the LRRMC Class Members consistently worked over five (5) hours or ten (10) hours in a shift without the requisite, timely, number of meal periods due to Defendant LRRMC's policy of discouraging, dissuading and/or impeding Plaintiff from taking meal periods, without exemption. Defendant LRRMC further required on-call meal periods because the LRRMC Class was required to be on-call during meal periods by carrying communication devices, for example the iMobile, during meal periods. Pursuant to the Code, Plaintiff and the LRRMC Class were entitled to a, a duty-free, meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of work and a second meal period for hours worked over ten (10) in a day.

57. Pursuant to Labor Code §512 and the applicable Wage Order, employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.

58. Section 11 of WO 5-01 applies to Plaintiff and the LRRMC Class member, and provides, in pertinent part, that if an employer fails to provide an employee a legally compliant

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

59. During the Class Period, Defendant LRRMC failed to authorize and permit uninterrupted meal breaks without exemption. Plaintiff and the LRRMC Class were routinely required to work 12-hour shifts without Defendant LRRMC providing two (2) uninterrupted meal breaks at the direction of Defendant LRRMC and/or with Defendant LRRMC knowledge or acquiescence.

60. Defendant LRRMC failed to provide, impeded and/or discouraged Plaintiff and the LRRMC Class from taking meal breaks of not less than thirty (30) minutes as required by the Labor Code, and WO 5-01 §11.

61. Defendant LRRMC failed to provide a meal period premium payment at the regular rate of pay for meal period violations.

62. By its actions in requiring Plaintiff and the LRRMC Class to work through meal periods and/or its failure to relieve Plaintiff and the LRRMC Class of their duties for off-duty meal periods, Defendant LRRMC violated California Labor Code §226.7 and §11 of IWC Wage Order No. 5-2001, and is liable to Plaintiff and the LRRMC Class.

63. Pursuant to Labor Code §226.7, Plaintiff and the LRRMC Class are entitled to damages in an amount equal to one (1) hour of pay at no less than the regular rate of compensation per missed meal break per day, in a sum to be proven at trial.

64. Pursuant to Labor Code §218.6 and Civil Code §3287, Plaintiff and the LRRMC Class Members seek recover of pre-judgment interest on all amounts recovered herein as well as attorney's fees and costs pursuant to Labor Code §218.5.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

## Violation of Labor Code §§226.7, 512, & IWC Wage Order No. 5-2001

(Against Defendant LRRMC)

65. Plaintiff restates and incorporates by reference each and every allegation

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

contained in paragraphs 1 through 43, inclusive, as though fully set forth herein.

66. Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

67. Labor Code §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

68. Section 12 of the IWC Wage Order No. 5-2001 states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½ ) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

69. Labor Code §226.7(b) and Section 12(B) of the Wage Order require an employer to pay one additional hour of compensation, at the regular rate of pay, per day for each rest period the employer failed to provide pursuant to the Labor Code and/or applicable Wage Order.

70. Plaintiff and the LRRMC Class Members worked over four (4) hours per shift and/or over ten (10) hours per shift.

71. Plaintiff and the LRRMC Class Members were entitled to a non-captive, duty-free, paid rest period of not less than ten (10) minutes for every four hours worked or major fraction thereof.

72. During the Class Period, Defendant LRRMC failed to provide the requisite number of legally compliant non-captive ten (10) minute paid rest periods to Plaintiff and the LRRMC Class members.

73. During the Class Period, Defendant LRRMC failed to provide duty free ten (10) minute paid rest periods to Plaintiff and the LRRMC Class members by requiring that Plaintiff

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

and the LRRMC Class remain on-call during rest periods by carrying communication devices and responding to the communication devices during the rest periods.

74. As such, Plaintiff and the LRRMC Class Members were not provided duty-free rest breaks in violation of *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257 as Defendant LRRMC failed to relinquish control over how Plaintiff and the LRRMC Class Members spent their rest breaks.

75. As such, as a matter of Defendant LRRMC's established company policy, Defendant LRRMC failed to authorize and permit all required paid rest periods established by Labor Code §§226.7 and 516 and Section 12 of the applicable Wage Order.

76. As a result of the unlawful acts of Defendant LRRMC, Plaintiff and the LRRMC Class Members have been deprived of legally compliant paid rest breaks and are entitled to recover damages under Labor Code §226.7(b) and §12 of IWC Wage Order No. 5-2001 in the amount of one additional hour of compensation at their regular rate of pay for each day a paid rest break was not provided.

77. Defendant LRRMC failed to provide a rest period premium payment at the regular rate of pay for rest period violations.

78. Pursuant to Labor Code §218.6 and Civil Code §3287, Plaintiff and the LRRMC Class Members seek recover of pre-judgment interest on all amounts recovered herein as well as attorney's fees and costs pursuant to Labor Code §218.5.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**Violation of Labor Code §226**

(Against Defendant LRRMC)

79. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 43 of this Complaint.

80. California Labor Code §226 provides:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft,

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

> or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer…, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee...

81. Section 7(A) of the Wage Order requires accurate information pertaining to total wages paid each payroll period, total hours worked in the payroll period and applicable rates of pay, and incentive plan formula provided to the employees.

82. Labor Code §226(e) provides that an employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation of §226 occurs and one hundred dollars ($100) for each subsequent pay period not to exceed an aggregate penalty of four thousand dollars ($4,000), as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide timely and accurate itemized statements to the employees.

83. At all material times, Defendant LRRMC knowingly and intentionally failed to provide Plaintiff and the LRRMC Class Members with accurate wage statements reflecting the gross wages earned, net wages earned, total hours worked, the applicable hourly rates at the corresponding hours worked, and/or list the meal and rest period premium payment on the wage statement.

84. Plaintiff and the LRRMC Class Members suffered injury as a result of Defendant LRRMC's knowing and intentional failure to provide accurate itemized wage statements as Plaintiff and the LRRMC Class member were owed but not paid premium payments for rest and meal period violations which were not reflected on the wage statements. Plaintiff and the

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

LRRMC Class Members suffered injury as a reasonable person could not promptly and easily determine from the wage statements alone the accurate amount of gross wages, applicable hourly rates at the corresponding hours worked, the net wages earned for the pay period and/or the total hours worked for the pay period based on the inaccurate wage statements.

85. Plaintiff and the LRRMC Class Members are entitled to damages of statutory penalties pursuant to Labor Code §226(e) for these violations, in an amount to be determined at trial.

86. Plaintiff and the LRRMC Class Members are entitled to and seek costs and reasonable attorneys' fees pursuant to Labor Code §226(e).

87. Plaintiff further seeks injunctive relief and reasonable attorneys' fees and costs pursuant to Labor Code §226(h).

## <u>FIFTH CAUSE OF ACTION</u>

## FAILURE TO PAY ALL WAGES DUE AT SEPARATION

### Violation of Labor Code §§201, 203

(Against Defendant LRRMC)

88. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 43 of this Complaint.

89. Plaintiff and the LRRMC Class Members whose employment ended with Defendant LRRMC during the Class Period were entitled to be promptly paid all earned and unpaid wages at the time of termination, as required pursuant to <u>Labor Code</u> §§201 and 202, *et seq*. Defendant LRRMC refused and/or intentionally failed to promptly compensate Plaintiff and the other LRRMC Class Members all earned rest period premium pay and/or meal period premium pay and/or vacation pay timely upon separation. Based on this Plaintiff and the LRRMC Class Members seek and are entitled to damages in the form of statutory waiting time penalties pursuant to <u>LC</u> §203.

90. Plaintiff and the LRRMC Class Members whose employment terminated during the Class Period were employees of Defendant LRRMC covered by <u>Labor Code</u> §203 whose employment ended with Defendant LRRMC.

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

91. Accordingly, pursuant to Labor Code §203, Plaintiff and the LRRMC Class Members are entitled to waiting time penalties at an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**Violation of Business and Professions Code §§17200, *et seq.***

(Against all Defendants)

92. Plaintiff re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

93. Beginning on an exact date unknown to Plaintiff but believed to have occurred at least since four (4) years before the filing of this action, Defendants have engaged in a pattern and practice of acts of unfair competition in violation of B&PC §17200, including the practices alleged herein.

94. Defendants, and each of them, are "persons" as defined by Business and Professions Code §17201.

95. Plaintiff seeks to enforce important rights affecting the public interest. Plaintiff sues on her own behalf and on behalf of the current, former, and future employees of the Defendants that were not indemnified for required employee training in violation of Labor Code §§2802, 2802.1.

96. Plaintiff seeks to enforce important rights affecting the public interest. Plaintiff sues on her own behalf and on behalf of the current, former, and future employees of the Defendant LRRMC who were not provided legally compliant meal and rest periods.

97. Plaintiff, the Indemnification Class and the LRRMC Class suffered injuries-in-fact and have lost money as a result of the Defendants' unfair competition alleged herein.

**UNLAWFUL BUSINESS PRACTICES**

98. Defendants previously or continue to engage in unlawful, unfair, and/or fraudulent business practices, as alleged in this Complaint, in violation of California's B&PC §17200 *et seq.* by:

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

a. Defendants failing and refusing to reimburse and indemnify Plaintiff and the Indemnification Class members for necessary training expenditures in violation of Labor Code §§2802, 2802.1 and 2804; and

b. Defendant LRRMC failing and refusing to provide Plaintiff and the LRRMC Class members legally compliant duty-free, paid, ten-minute rest periods or premium payments, at the regular rate of pay, in lieu thereof in violation of Labor Code §§226.7, 512 and IWC Wage Order No. 5-2001; and

c. Defendant LRRMC failing and refusing to provide Plaintiff and the LRRMC Class members legally compliant, duty-free, meal breaks or premium payments, at the regular rate of pay, in lieu thereof in violation of Labor Code §§226.7, 512 and IWC Wage Order No. 5-2001.

99. All of these allegations constitute unfair business practices and/or unlawful business practices in violation of California B&PC §17200, *et seq.*

100. Defendants have avoided payment of wages, overtime and double time wages and other benefits as required by the California Labor Code, the California Code of Regulations and applicable IWC Wage Orders. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff, the Indemnification Class, the LRRMC Class, and others similarly situated, and the members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to the classes, including Plaintiff.

101. Plaintiff and the Indemnification Class and LRRMC Class seek full restitution of said monies, as necessary and according to proof, to restore any and all monies withheld and/or acquired by Defendants by means of the unfair, unlawful, and fraudulent business practices complained of herein. Plaintiff seeks, on behalf of all current and former employees of Defendants, restitution of monies retained by Defendants. Plaintiff further seeks, on behalf of herself and the Indemnification Class and LRRMC Class, the appointment of a receiver, as necessary, to establish the total restitutionary relief from Defendants. The restitution includes all wages withheld by Defendants as a result of the unfair, unlawful, and/or fraudulent business

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

practices; including interest thereon. Absent a statutory provision specifically governing the type of claim at issue, the prejudgment interest rate is 10 percent. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint.

102. Plaintiff is informed and believe and thereon allege that at all times herein mentioned, Defendants have engaged in unlawful, deceptive, and unfair business practices prohibited by California B&PC §17200, thereby depriving their employees and the Indemnification Class and LRRMC Class, the minimum working condition, standards and conditions due to them under the California labor laws and Industrial Welfare commission wage orders as specifically described herein. Plaintiff further seeks an order requiring Defendants to identify by full name, telephone number, email address and last known address employees who worked or still work for Defendants who are members of the Indemnification Class and LRRMC Class from four (4) years preceding the filing of the original Complaint through the date of class certification. Plaintiff further seeks an order requiring Defendants to timely pay restitution to the Indemnification Class and LRRMC Class, including interest.

103. By and through their unfair, unlawful, and/or fraudulent business practices and acts described herein, Defendants have obtained valuable services from Plaintiff and all persons similarly situated, and has deprived Plaintiff and all persons similarly situated of valuable rights and benefits guaranteed by law, all to their detriment.

104. Plaintiff, and all persons similarly situated, and all persons in interest, are entitled to and do seek such relief as may be necessary to restore to them the money and property which Defendants have acquired, or of which Plaintiff and the Indemnification Class and LRRMC Class have been deprived by mean of the herein described unfair, unlawful, and/or fraudulent business practices.

105. Plaintiff, and all persons similarly situated, and all persons in interest, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful, and/or fraudulent, and declaratory relief of Defendants engaging in any of the herein described unfair, unlawful, and/or fraudulent business practices as well as an injunction stopping

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

Defendants' conduct.

106. Plaintiff and the Indemnification Class and LRRMC Class request attorney's fees and costs pursuant to Code of Civil Procedure §1021.5 since this action is brought to vindicate important rights of a large class and the public.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1. An order that the action be certified as a class action;
2. An order that Plaintiff be appointed class representative;
3. An order that counsel for Plaintiff be appointed class counsel;
4. An order requiring Defendants to identify, by name, email, address and telephone number all:

   > current and former non-exempt registered nurses for Defendants, in the state of California, for the period of April 19, 2019 through the date of class certification who participated in the "StaRN Training Program";

   and,

   > current and former 12-hour shift, non-exempt, direct patient care employees of Defendant LRRMC, in the state of California, for the period of April 19, 2019 through the date of class certification;

5. For all unpaid wages due to Plaintiff and each LRRMC Class member in amounts to be proven at trial;
6. For recovery as authorized by Labor Code §226(e);
7. For restitution due to Plaintiff and each Indemnification Class and LRRMC Class member;
8. For all applicable statutory penalties, in amounts to be proven at trial;
9. For an award of waiting time penalties pursuant to section 203 of the California Labor Code, in amounts to be proven at trial;
10. For general damages including compensatory damages according to proof;
11. For pre-judgment interest as allowed by Labor Code §§218.6 and 1194(a) as well as Cal. Civil Code §3287 and to the extent permitted by law, the California Constitution,

Ventura Superior Court Accepted through eDelivery submitted 04-19-2023 at 11:20:03 AM

CASE #:2023CUOE007969 RECEIPT #: 1230419D138917 DATE PAID : 04/19/23 3:26 PM TOTAL : 1,435.00 TYPE : EFT

and/or deemed equitable by the Court;

12. For all applicable interest on damages, wages, and penalties due;
13. For injunctive relief to prevent further violations of the California Labor Code, including but not limited to Defendants ceasing and desisting demands of monetary payments from the Indemnification Class for the costs of training as well as threats of legal action for the non-payment of the same;
14. For declaratory relief that Defendants engaged in unfair practices;
15. For declaratory relief that Defendants violated Labor Code §§2802 and 2802.1;
16. For declaratory relief that Defendant LRRMC violated Labor Code §§201-203, 226, 226.7, and 512;
17. For restitution of all moneys due to Plaintiff, the Indemnification Class and the LRRMC Class members, and disgorged profits from the unlawful and/or unfair business practices of Defendants, pursuant to California Business & Professions Code §17200;
18. For one (1) hour of pay at each of the employees' regular rate of compensation for each workday that a legally compliant rest break was not provided;
19. For one (1) hour of pay at each of the employees' regular rate of compensation for each workday that a legally compliant meal break was not provided
20. For costs of suit, expenses and attorneys' fees pursuant to Labor Code §§226(e) and (h), 218.5, 2802, Code of Civil Procedure §1021.5, *et seq.*, and all other applicable law,
21. For all such other and further relief that the Court may deem just and proper.

Dated: 4/19/2023

**THE MYERS LAW GROUP, A.P.C.**

By: ______________________

David P. Myers
Jason Hatcher
Attorneys for Plaintiff JACQUI RUM and all others similarly situated.