# EXHIBIT E

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
rsimmons@sheppardmullin.com
JASON W. KEARNAGHAN, Cal. Bar No. 207707
jkearnaghan@sheppardmullin.com
HILARY A. HABIB, Cal. Bar No. 293431
hhabib@sheppardmullin.com
IAN A. MICHALAK, Cal. Bat No. 335425
imichalak@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398

MELANIE M. HAMILTON, Cal. Bar No. 268037
mhamilton@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Defendants
HCA HEALTHCARE, INC., HEALTHTRUST WORKFORCE SOLUTIONS, LLC, and LOS ROBLES REGIONAL MEDICAL CENTER

SUPERIOR COURT OF CALIFORNIA

COUNTY OF VENTURA

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No. 2023CUOE007969<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: April 19, 2023<br>FAC Filed: May 10, 2023<br>Trial Date: None Set |

Exhibit E
Page 63

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendants HCA Healthcare, Inc., Los Robles Regional Medical Center, and HealthTrust Workforce Solutions, LLC ("Defendants"), for themselves and for no others, hereby answer the unverified First Amended Complaint ("Complaint") of Plaintiff Jacqui Rum ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendants deny generally and specifically each and every cause of action and purported allegation and cause of action set forth in the Complaint, and further deny that Plaintiff was damaged in the sum alleged or sums alleged or in any sum or at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

2. Defendants are informed and believe, and based upon such information and belief allege, that the Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies, as Plaintiff failed to pursue her administrative remedies with the California Division of Labor Standards Enforcement and/or the California Labor and Workforce Development Agency.

**THIRD AFFIRMATIVE DEFENSE**

(Primary Jurisdiction Doctrine)

3. The Complaint, and each and every purported cause of action alleged therein, should be abated in the Court's discretion and Plaintiff should be ordered to pursue her administrative remedies with the California Division of Labor Standards Enforcement and/or the California Labor and Workforce Development Agency, which have primary jurisdiction over these claims.

**FOURTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

4. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff lacks standing to assert any purported cause of action alleged in the Complaint and lacks standing to represent proposed class/collective action members.

**FIFTH AFFIRMATIVE DEFENSE**

(LMRA Preemption)

5. Defendants are informed and believe, and based upon such information and belief allege, that the Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because the resolution of Plaintiff's claims is substantially dependent on analysis of a collective bargaining agreement, and such claims are therefore preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Contractual Remedies)

6. Defendants are informed and believe, and based upon such information and belief allege, that the Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff was required to exhaust her contractual remedies but failed to do so.

**SEVENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

7. The Complaint, and each and every purported cause of action alleged therein, is barred by the applicable statutes of limitations, including but not limited to California Labor Code sections 203, 29 U.S.C section 255, California Code of Civil Procedure sections 337, 338, 339, 340, and 343, and Business and Professions Code section 17208.

**EIGHTH AFFIRMATIVE DEFENSE**

(Laches)

8. Defendants are informed and believe, and based upon such information and belief allege, that the Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action because she did not act within a reasonable time in reporting any alleged violation of wage and hour laws, and has unreasonably delayed in the filing of this lawsuit, causing Defendants to suffer prejudice.

**NINTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

9. Defendants are informed and believe, and based upon such information and belief allege, that the Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

(Waiver)

10. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff has waived some or all of the purported causes of action alleged in the Complaint by virtue of her prior representations, actions and inaction.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Release/Accord and Satisfaction)

11. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's claims have been released, settled, satisfied, extinguished, and/or supported by adequate consideration in full accord and satisfaction of all of Defendants' alleged obligations.

**TWELFTH AFFIRMATIVE DEFENSE**

(Estoppel)

12. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff is estopped from bringing any cause of action by virtue of her prior representations, actions and inaction.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Performance of Duties)

13. Defendants fully performed their statutory, contractual, and other duties, if any, to Plaintiff, who is therefore estopped to assert any claim against Defendants.

Exhibit E
Page 67

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Acquiescence/Consent)

14. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's claims are barred because Plaintiff acquiesced or consented to the conduct about which she now complains.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Authorization of Law)

15. The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because any acts and omissions of Defendants were at all times legal and authorized by law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Justification)

16. Any acts alleged to have been committed by Defendants were committed in the exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon legitimate factors, and were reasonable and justified under the circumstances.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(All Meal Periods Provided or Waived)

17. To the extent timekeeping records show incidences where Plaintiff or any other non-exempt employee did not record an off-duty meal period of at least 30 minutes beginning by the end of the fifth hour in a shift greater than five hours, Defendants are not liable for failure to provide a meal period because they permitted the employees a bona fide opportunity to take a compliant meal period, but the employees voluntarily chose not to take the meal period Defendants provided.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Exemption from California Overtime Law: Alternative Workweek Schedules)

18. Defendants are informed and believe, and based upon such information and belief, allege Plaintiff's claims for unpaid overtime wages and her derivative claims for unlawful wage statements, failure to pay final wages, unfair competition and penalties fail because Defendants were exempt from California overtime requirements because of valid Alternative Workweek Schedules.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Rest Periods Authorized and Permitted)

19. Defendants authorized and permitted Plaintiff and non-exempt employees to take rest breaks at all times during their employment, and Defendants are not liable for unpaid wages, damages or penalties, or otherwise responsible, when Plaintiff and non-exempt employees voluntarily elected not to use the rest period opportunities authorized and permitted by Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Payment)

20. The Complaint, and each and every purported cause of action alleged therein, is barred because Plaintiff and proposed class/collective members have been paid all wages due and owed.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Set-Off/Offset/Recoupment)

21. The Complaint, and each and every purported cause of action alleged therein, is subject to setoff, offset and/or recoupment to the extent Plaintiff and proposed class/collective members have already been compensated for the hours worked for which they seek compensation here.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(*De Minimis* Activities)

22. Any time that Plaintiff or the proposed class/collective action members worked for which they were not compensated, if any, was *de minimis* and therefore not compensable.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Failure to Comply With Employer Instructions)

23. Plaintiff's and/or class/collective action members' claims are barred, in whole or in part, to the extent they failed to comply with all the directions of their employer concerning the services for which they were engaged. (Lab. Code § 2856).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(No Willful Failure to Pay)

24. Assuming that Defendants failed to pay Plaintiff all wages, Defendants cannot be held liable because any failure to pay was not willful. At all times relevant, Defendants acted in good faith, with honesty of purpose and without any willful intention to withhold payment. See Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1 (1981); Bothell v. Phase Metrics, Inc., 299 F.3d 1120 (9th Cir. 2002).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Good Faith Defense-Labor Code Sections 201-203)

25. Assuming, *arguendo*, that Defendants failed to pay Plaintiff all wages owed, Defendants cannot be held liable under Labor Code sections 201-203 because they maintained a good faith defense in fact or law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(No Loss/Unjust Enrichment)

26. Plaintiff has not suffered any loss and Defendants have not been unjustly enriched as a result of any action or inaction of Defendants or their agents. Hence, Plaintiff is not entitled to any restitution, as Plaintiff and proposed class/collective members were fully and properly compensated for all work performed for Defendants, provided with meal breaks, and authorized and permitted to take rest breaks.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Unconstitutionality of Penalties – Excessive Fines)

27. The penalties sought in Plaintiff's Complaint violate the Due Process and Excessive Fines Clauses of the United States and California Constitutions.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Specificity)

28. Plaintiff's cause of action claiming unfair competition in violation of Business & Professions Code sections 17200, et seq., is barred because it fails to plead specific facts capable of stating a cause of action for unfair competition.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Safe-Harbor)

29. Each of the causes of action asserted in the Complaint, and/or the damages arising from such causes of action, are barred by an applicable safe harbor, including but not limited to under Business & Professions Code sections 17200, et seq.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Meal Period Waiver)

30. Plaintiff's claims against Defendants are barred, in whole or in part, to the extent that Plaintiff and/or any member of the proposed class/collective action members waived their meal period.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Justification and Privilege)

31. Defendants are not liable for any alleged violation of Business & Professions Code sections 17200, et seq., because their actions, conduct and dealings were lawful, and were carried out in good faith and for legitimate business purposes.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Res Judicata)

32. The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of res judicata.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Collateral Estoppel)

33. The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part by the doctrine of collateral estoppel.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(No Liability As Employer)

34. Plaintiff has failed to meet her burden, inasmuch as Defendants HealthTrust Workforce Solutions, LLC and HCA Healthcare, Inc. are not Plaintiff's employers as alleged by Plaintiff and therefore is not liable for alleged damages arising from alleged violations of labor and employment laws and related claims arising therefrom.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Inadequacy of Plaintiff's Counsel)

35. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's counsel is not adequately familiar with the substantive and procedural law pertinent to class/collective actions and, accordingly, this action is not properly brought as a class/collective action.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(No Penalties – Good Faith Dispute)

36. Neither Plaintiff nor the proposed class/collective action members can recover Labor Code section 226(e) penalties because any alleged failure to provide compliant wage statements was based on a good faith dispute regarding the applicable law or facts.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(No Knowing and Intentional Failure to Comply and Lack of Injury)

37. Plaintiff's claims for penalties pursuant to Labor Code section 226, subsection (e) are barred because Defendants did not knowingly and intentionally fail to comply with Labor Code section 226, subdivision (a), or any statute or regulation of similar effect; or alternatively, to the extent that Plaintiff was not injured by Defendants' alleged lack of compliance with Section 226.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

(Non-Certifiable Class or Collective Action)

38. The Complaint fails to state facts sufficient to certify a class pursuant to California Code of Civil Procedure section 382 or collective pursuant to Rule 23 of the Federal Rules of Civil Procedure or 29 U.S.C. § 216.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(No Common Issues)

39. Defendants are informed and believe, and based upon such information and belief allege, that there is a lack of common issues of fact or law and, accordingly, this action is not properly brought as a class or collective action.

**FORTIETH AFFIRMATIVE DEFENSE**

(Inadequacy of Class Representative)

40. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff is not a proper representative of the class she purports to represent and, accordingly, this action is not properly brought as a class/collective action.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Lack of Typicality)

41. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's claims are not typical of the class she purports to represent and, accordingly, this action is not properly brought as a class/collective action.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(Lack of Numerosity)

42. Defendants are informed and believe, and based upon such information and belief allege, that the purported class is not sufficiently numerous and, accordingly, this action is not properly brought as a class/collective action.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(Lack of Superiority)

43. Defendants are informed and believe, and based upon such information and belief allege, that the class or collective action procedure is not the superior method for adjudicating Plaintiff's claims or the claims of the proposed class/collective and, accordingly, this action is not properly brought as a class/collective action.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(After Acquired Evidence)

44. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's claims are barred, in whole or in part, from recovery of any damages based upon the doctrine of after-acquired evidence.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(Failure to Inform Employer of Alleged Violations/Avoidable Consequence)

45. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Plaintiff did not inform Defendants of any alleged unreimbursed expenses, failure to reimburse business expenses, any alleged insufficiency of the reimbursements Defendants provided, or any other alleged wage-hour violations prior to filing a lawsuit. Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time she filed her claims.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

(Expenses Not Reasonable, Required or Job Related)

46. Defendants allege that any claims related to reimbursement of business expenses are barred, in whole or in part, because the expenses claimed were not reasonably necessary/required for job, were not reasonable, and/or were not incurred in direct consequence of the discharge of job duties.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Arbitrate)

47. The Complaint and each cause of action therein are barred because the controversies alleged in the Complaint and in each cause of action therein are subject to one or more written agreements to arbitrate, including agreements found in relevant collective bargaining agreements.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

(Abatement)

48. The claims alleged in the Complaint overlap with those alleged in the earlier filed action(s). As a result, Plaintiff's action should be abated.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

(Class/Collective Action – Certification Prerequisites)

49. Plaintiff cannot satisfy the prerequisites for certification and therefore cannot represent the interest of others because, among other reasons: (a) Plaintiff lacks standing to assert the legal rights or interests of others; (b) Plaintiff is an inadequate representative of the proposed class/collective (the existence of which is expressly denied); (c) Plaintiff cannot establish that the class/collective is so numerous that joinder of all members is impracticable; (d) Plaintiff cannot establish the commonality of her claims with those of the proposed class/collective; (e) Plaintiff cannot establish the typicality of her claims with those of the proposed class/collective;

(f) the individualized nature of Plaintiff's claims make class/collective treatment inappropriate and precludes a finding that common issues predominate; and (g) a class/collective action is not a superior method for fairly and efficiently adjudicating the controversy.

**FIFTIETH AFFIRMATIVE DEFENSE**

(No Unlawful Deductions)

50. Defendants did not unlawfully deduct from Plaintiff and proposed class/collective members' wages.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

(Good Faith and Reasonableness)

51. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

(Liquidated Damages)

52. Plaintiff is not entitled to liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to liquidated damages liability.

**RESERVATION OF RIGHT TO AMEND ANSWER**

Defendants hereby give notice that they intend to rely on such other and further defenses as may become available during discovery in this action, and reserve the right to amend their Answer to assert any such defenses.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

(a) Denying Plaintiff's request to proceed as a class and/or collective action;

(b) Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

(c) Awarding Defendants their costs and disbursements associated with this action, including reasonable attorneys' fees, to the maximum extent allowed by law; and

(d) Granting Defendants such other and further relief as this Court deems just and proper.

Dated: June 27, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By Hilary Habib

RICHARD J. SIMMONS
JASON W. KEARNAGHAN
MELANIE M. HAMILTON
HILARY A. HABIB
IAN A. MICHALAK

Attorneys for Defendants
HCA HEALTHCARE, INC., HEALTHTRUST WORKFORCE SOLUTIONS, LLC, and LOS ROBLES REGIONAL MEDICAL CENTER

PROOF OF SERVICE

**Rum v. HCA Healthcare, Inc.**
**2023CUOE007969**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On June 27, 2023, I served true copies of the following document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| David P. Myers<br>Jason Hatcher<br>THE MYERS LAW GROUP, A.P.C.<br>9327 Fairway View Place, Suite 100<br>Rancho Cucamonga, CA 91730<br><br>Email: dmyers@myerslawgroup.com<br>jhatcher@myerslawgroup.com | Attorneys for Plaintiff Jacqui Rum |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address glomonaco@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 27, 2023, at Los Angeles, California.

/s/ Gina Lo Monaco
Gina Lo Monaco

Exhibit E
Page 79