David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Jason Hatcher (SBN 285481)
jhatcher@myerslawgroup.com
Andriana N. Bravo (SBN 349191)
abravo@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff JACQUI RUM, and all others similarly situated.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No. 2:23-CV-05142-JFW(BFMx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S OBJECTIONS TO DECLARATION OF DORITA SONDEREKER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [DKT. 32-5]**<br><br>Date: October 16, 2023<br>Time: 1:30 p.m.<br>Courtroom: 7A<br><br>*The Hon. John F. Walter*<br><br>Trial Date: October 29, 2024 |

Plaintiff Jacqui Rum ("Plaintiff") hereby submits the following objections to the Declaration of Dorita Sondereker in support of Defendants HCA Healthcare, Inc., HealthTrust Workforce Solutions, LLC, and Los Robles Regional Medical Center's (collectively "Defendants"), Opposition to Plaintiff's Motion for Preliminary Injunction.

## OBJECTIONS TO DECLARATION OF DORITA SONDEREKER

**1. Objection to Paragraph 4 that states:**

> Many StaRN participants are not fully licensed registered nurses upon their hire and RNs must satisfy continuing education requirements. Some participants of the program have an interim permit which allowed them to work under the supervision of an RN while awaiting the result of their National Council Licensure Examination ("NCLEX"). Through the StaRN Program, participants can receive certifications such as Advanced Life Support ("ALS") training, and other training, that can count towards the California Board of Registered Nursing (the "Board") continuing education requirements. Depending on the specialty in which they enrolled, StaRN participants can also receive specialty certifications such as Pediatric Advanced Life Support and Certified Emergency Nurse certifications, that likewise can be used for continuing education credit.

**Plaintiff's Objections:**

Lacks Relevancy and Prejudicial Value Outweighs Any Proactiveness, Fed. R. Civ. Rules 401 and 403. Accepting individuals into the program who have an interim permit before they attain full licensure does not make it more or less probable that the StaRN Program is or is not a requirement for a license, registration, or certification necessary to legally practice in a specific employee classification to provide direct patient care. Labor Code §2802.1(a)(2)(A). The StaRN Program is not a requirement for the interim permit. Individuals who are eligible for an interim permit are an "applicant whose application for licensure in

California by examination has been approved will be eligible for an interim permit if the applicant has completed the educational requirements for licensure in nursing;" and "[i]f the applicant is taking the examination as a graduate, the interim permit may be issued upon graduation;" and "[i]f the applicant is taking the examination as a non-graduate, the interim permit may be issued upon completion of the educational requirements for licensure." Cal. Code Regs. tit. 16 § 1414. In order to be employed with an interim permit requires direct supervision of a registered nurse. (Id.) This is not the StaRN Program. Further, Labor Code 2802, does not authorize an employer to charge an employee the cost of providing a supervisor to the employee.

The certifications obtained through the StaRN Program are not a requirement for RN licensure. If they were, there would be no point in Defendants subjecting its newly licensed StaRN employees to the same. These certifications are not required for continuing education even if they may qualify for continuing education. Thus, this testimony does not make it more or less probable as to whether Labor Code §2802.1(a)(2)(B) applies.

These certifications are required for Defendants' California hospitals licensing requirements. *See* Cal. Code Regs., tit. 22, §§ 70214 (a), (b), (c) and (d); 70016.1, 70217, 70213, 70455(d), 70539(b), (c), and (e). When "training, which is not required by statute or public policy but is rather instituted purely to satisfy the needs of the [employer]," the same "is employer-mandated training and therefore an expense which the [employer] must bear." *In re Acknowledgment Cases* (2015) 239 Cal.App.4th at 1498, 1507. Because of this, this testimony is not probative for Labor Code §2802.1(a)(2)(B).

///

///

///

///

///

Thus, Paragraph 4 as quoted above should be excluded.

**Sustained____________ Overruled____________**

Dated: 10/2/2023 **THE MYERS LAW GROUP, APC**

By: /s/Jason Hatcher
Jason Hatcher, Esq.
Attorney for Plaintiff Jacqui Rum and all others similarly situated.