David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Jason Hatcher (SBN 285481)
jhatcher@myerslawgroup.com
Andriana N. Bravo (SBN 349191)
abravo@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff JACQUI RUM, and all others similarly situated.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JACQUI RUM, on behalf of herself and all others similarly situated

PLAINTIFF,

v.

HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive

DEFENDANTS.

Case No. 2:23-CV-05142-JFW(BFMx)

CLASS ACTION

**PLAINTIFF'S OBJECTIONS TO DECLARATION OF DAVITA CARPENTER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [DKT. 32-3]**

Date: October 16, 2023
Time: 1:30 p.m.
Courtroom: 7A

*The Hon. John F. Walter*

Trial Date: October 29, 2024

Plaintiff Jacqui Rum ("Plaintiff") hereby submits the following objections to the Declaration of Devita Carpenter in support of Defendants HCA Healthcare, Inc., HealthTrust Workforce Solutions, LLC, and Los Robles Regional Medical Center's (collectively "Defendants"), Opposition to Plaintiff's Motion for Preliminary Injunction.

**<u>OBJECTIONS TO DECLARATION OF DEVITA CARPENTER</u>**

**1. <u>Objection to Paragraph 5 that states:</u>**

> HCA Healthcare, Inc. has never employed any individual in Plaintiff's proposed TRAP Debt Class.

**<u>Plaintiff's Objections:</u>**

<u>Improper Legal Argument, Fed. R. Civ. Rule 701.</u> Legal arguments do not belong in a declaration. *Jacobson v. Schwarzenegger*, 650 F. Supp. 2d 1032, 1044 (C.D. Cal. 2009). See also *Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 732 n. 2 (9th Cir. 2006) (stating that the district court correctly excluded a declaration that contained legal argument); *Pacific Gas and Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016 (N.D. Cal. 2002) (granting motions to strike declarations containing legal arguments); Dubinsky *v. Liberty Surplus Ins. Corp.* (C.D. Cal. June 15, 2010, No. CV 08-06744 MMM (SHx)) 2010 U.S.Dist.LEXIS 150715, at *17, fn. 65.

Whether or not HCA Healthcare, Inc. ever employed any individual in Plaintiff's proposed TRAP Debt Class is a legal determination for which Ms. Carpenter is not in a position to make this legal conclusion. Ms. Carpenter can only testify to facts who, what, where, when, etc..

To this, Ms. Carpenter's legal conclusion is directly contradicted by evidence as Plaintiff's offer e-mail/letter states, "For the first five weeks you will be hired by HCA|HealthTrust Workforce Solutions . . . ." [Dkt. 26-2 at RUM 1]. And, the same offer e-mail/letter was made by Sofia Anselmo – a StaRN Recruit, Talent

Acquisition – Far West Division for "HCA Healthcare – HR Group". This factual evidence demonstrates that Plaintiff was hired by HCA Healthcare, Inc. and performed work at the direction and under the control of HCA Healthcare, Inc. These are the types of facts that establish HCA Healthcare, Inc. employed Plaintiff and the other TRAP Debt Class.

To be admissible, Ms. Carpenter's testimony needed to testify to facts that would demonstrate HCA Healthcare, Inc. did not employ Plaintiff or the TRAP Debt Class.

Paragraph 5 as quoted above should be excluded.

**Sustained____________** **Overruled___________**

**2. <u>Objection to Paragraph 6 that states:</u>**

Plaintiff did not submit an application for an RN position outside of the StaRN program.

**<u>Plaintiff's Objections:</u>**

<u>Lacks Foundation, Fed. R. Civ. Rule 901.</u> All testimony must have necessary foundations established before they can be admitted in evidence.

Ms. Carpenter never provides foundation to this testimony such that RN positions other than through the StaRN Program were posted for which Plaintiff met the qualifications.

<u>Lacks Relevancy and Prejudicial Value Outweighs Any Proactiveness, Fed. R. Civ. Rules 401 and 403.</u> Whether or not Plaintiff applied to other RN positions with Defendants that were not the StaRN Program has no tendency to make the fact that participation in the StaRN Program was a condition of Plaintiff's employment with Defendants more or less probable. The only employment Defendants offered Plaintiff was through the StaRN Program. Accordingly, whether or not Plaintiff

applied to a position outside of the StaRN Program is irrelevant because Plaintiff was only offered a position through the StaRN Program.

Thus, Paragraph 6 as quoted above should be excluded.

**Sustained____________ Overruled____________**

**3. <u>Objection to Paragraph 8 that states:</u>**

> Los Robles has hired RNs with less than one year of experience outside of the StaRN Program in instances where RNs have completed StaRN-equivalent training at another (unrelated) facility. Also, Los Robles' StaRN Program regularly accepts individuals into the program who have an interim permit before they attain full licensure.

**<u>Plaintiff's Objections:</u>**

<u>Lacks Relevancy and Prejudicial Value Outweighs Any Proactiveness, Fed. R. Civ. Rules 401 and 403.</u> Whether or not Defendant Los Robles hired RNs with less than one year of experience outside of the StaRN Program has no tendency to make the fact that participation in the StaRN Program was a condition of Plaintiff's employment with Defendants more or less probable. The only employment Defendants offered Plaintiff was through the StaRN Program.

Accepting individuals into the program who have an interim permit before they attain full licensure does not make it more or less probable that the StaRN Program is or is not a requirement for a license, registration, or certification necessary to legally practice in a specific employee classification to provide direct patient care. Labor Code §2802.1(a)(2)(A). The StaRN Program is not a requirement for the interim permit. Individuals who are eligible for an interim permit are an "applicant whose application for licensure in California by examination has been approved will be eligible for an interim permit if the applicant has completed the educational requirements for licensure in nursing;" and "[i]f the applicant is taking the examination as a graduate, the interim permit may be issued

upon graduation;" and "[i]f the applicant is taking the examination as a non-graduate, the interim permit may be issued upon completion of the educational requirements for licensure." Cal. Code Regs. tit. 16 § 1414.

In order to be employed with an interim permit requires direct supervision of a registered nurse. (Id.) This is not the StaRN Program. Further, Labor Code 2802, does not authorize an employer to charge an employee the cost of providing a supervisor to the employee.

Thus, Paragraph 8 as quoted above should be excluded.

**Sustained____________ Overruled____________**

**4. Objection to Paragraph 9 that states:**

> The StaRN offer letters, agreements, and promissory notes were varied for StaRN participants from April 19, 2019 to the present. For example, earlier this year, the two-year commitment and repayment obligations were removed from the StaRN onboarding documents. Further, the amounts owed by StaRN participants, if any, varied for each individual based on the facts and circumstances of their respective term.

**Plaintiff's Objections:**

Best Evidence Rule, Fed. R. Evid. 1002; Hearsay, Fed. R. Evid. 802, Lacks Foundation, Fed. R. Evid 602. Ms. Carpenter cannot prove the content of writings without attaching the documents, or copies of the same or exemplars, to her declaration. (FRE 1002, 1004). The defense has not made these documents or duplicates available for examination, or copying, or both. Ms. Carpenter's testimony does not provide an avenue of admission against Plaintiff. That is, these StaRN offer letters, agreements, and promissory notes are not prior statements by Plaintiff out of court that can be used to demonstrate an admission by Plaintiff. Plaintiff did not author these documents. Thus, FRE 1007 does not apply. Further, this represents double hearsay without an exception.

Relevance, Fed. R. Evid. 401. The varying debt balances owed by the TRAP Debt Class is irrelevant to whether or not Notice must be sent to the TRAP Debt Class to inform them that the debt collection efforts are in abeyance or ceased.

Thus, Paragraph 9 as quoted above should be excluded.

**Sustained____________** **Overruled____________**

Dated: 10/2/2023 **THE MYERS LAW GROUP, APC**

By: /s/Jason Hatcher
Jason Hatcher, Esq.
Attorney for Plaintiff Jacqui Rum and all others similarly situated.