David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Jason Hatcher (SBN 285481)
jhatcher@myerslawgroup.com
Andriana N. Bravo (SBN 349191)
abravo@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff JACQUI RUM, and all others similarly situated.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:23-CV-05142-JFW(BFMx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CERTIFY CLASS ACTION**<br><br>Date: November 27, 2023<br>Time: 1:30 p.m.<br>Courtroom: 7A<br><br>Complaint filed: April 19, 2023<br>Removed: June 30, 2023 |

# TABLE OF CONTENTS


A. The Threshold Issues Attacked In Opposition Summarily Fail ................... **- 1 -**

1. Standing: Concrete Injury-In-Fact Has Been Adequately Alleged ........ - 1 -

a. Signing StaRN Agreement/Promissory Note Incurs Loss ..................... - 1 -

b. Labor Code §2802.1 Violation is a Concrete Injury-in-Fact ................. - 2 -

2. No Mootness as Effectual Relief Awardable by the Court..................... - 3 -

**B. The Rule 23(a) Requirements are Satisfied............................................ - 5 -**

1. Numerous and Ascertainable Requirements are Met............................. - 5 -

2. Commonality is Met.............................................................................. - 6 -

a. Common Proof of Labor Code §2802.1(a)(1) Violation ........................ - 6 -

b. Common Proof Defeats Labor Code §2802.1(a)(2) Exemptions ........... - 7 -

3. Typicality is Met ................................................................................... - 8 -

4. Adequacy is Met.................................................................................... - 9 -

a. Plaintiff is Adequate and Without Disqualifying Conflicts.................... - 9 -

b. Plaintiff's Counsel is Adequate......................................................... - 10 -

**C. Rule 23(b)(2) Requirement is Satisfied.................................................. - 10 -**

**D. Rule 23(b)(3) Requirements are Met .................................................... - 11 -**

1. Predominance Requirement is Satisfied ............................................. - 11 -

2. A Class Action is Superior and Manageable ...................................... - 12 -

**E. CONCLUSION ....................................................................................... - 12 -**

# TABLE OF AUTHORITIES

**Cases**


*Benedict v. Hewlett-Packard Co.*,
314 F.R.D. 457 (N.D. Cal. 2016) ........ - 9 -

*Chacon v. Express Fashion Operations LLC*
(C.D. Cal. June 14, 2021) 2021 U.S.Dist.LEXIS 195353, at *39-41 ........ - 9 -

*Chen v. Allstate Ins. Co.*
(9th Cir. 2016) 819 F.3d 1136 ........ - 3 -, - 5 -

*Cohen v. Trump,*
303 F.R.D. 376 (S.D. Cal. Oct. 27, 2014) ........ - 9 -

*Des Roches v. Cal. Physicians' Serv.*
(N.D. Cal. 2017) 320 F.R.D. 486 ........ - 1 -

*Flores v. Dart Container Corp.*
(E.D. Cal. Jan. 12, 2021) 2021 U.S.Dist.LEXIS 6897, at *15-16 ........ - 9 -

*Frausto v. Bank of Am.*
(N.D. Cal. 2019) 334 F.R.D. 192 ........ - 9 -, - 10 -

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
528 U.S. 167, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) ........ - 11 -

*FTC v. Affordable Media*,
179 F.3d 1228 (9th Cir. 1999) ........ - 11 -

*Furry v. East Bay Publishing, LLC*
(2018) 30 Cal.App.5th 1072, fn. 7 ........ - 11 -

*Gallano v. Burlington Coat Factory of Cal.*,
67 Cal.App.5th 953 (2021) ........ - 1 -

*Hendricks v. Aetna Life Ins. Co.*
(C.D. Cal. 2023) 344 F.R.D. 237 ........ - 11 -

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 ........ - 10 -

*In re Outlaw Labs., LP Litig.* (S.D. Cal. Mar. 4, 2022) 2022 U.S.Dist.LEXIS 39161, at *14 ........................................................................................................ - 4 -

*Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 183 L. Ed. 2d 281 (2012).......................................................................................................... - 3 -

*Krzesniak v. Cendant Corp.*, 2007 WL 1795703, at *9-12 (N.D. Cal. June 20, 2007) .................................. - 9 -

*Lubin v. The Wackenhut Corp.* (2016) 5 Cal.App.5th 926 ........................................................................... - 11 -

*Luman v. NAC Mktg. Co., LLC*, 2017 WL 3394117, at *3 (E.D. Cal. Aug. 8, 2017)..- 4 -

*Moloney v. Comm'r* (T.C. Apr. 17, 2006, No. 21859-04S) 2006 Tax Ct. Summary LEXIS 144, at *13 .- 4 -

*Parrish v. Okonite Co.* (C.D. Cal. May 24, 2021) 2021 U.S.Dist.LEXIS 233032, at *14 ............................................................................................................ - 5 -

*Patel v. Facebook, Inc.* (9th Cir. 2019) 932 F.3d 1264 ...........................................................- 2 -, - 3 -

*Ogaz v. Honeywell Int'l* (C.D. Cal. Aug. 18, 2021) 2021 U.S.Dist.LEXIS 156686, at *6-7.................. - 10 -

*Satchell v. FedEx Express* (N.D. Cal. Dec. 5, 2006) 2006 U.S.Dist.LEXIS 102113, at *9 ......................... - 9 -

*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, fn. 4 ......................................................................... - 8 -

*Shields v. Fed'n Internationale de Natation* (N.D. Cal. Feb. 11, 2022) 2022 U.S.Dist.LEXIS 25140, at *37-38 ................. - 10 -

*T.K. v. Adobe Sys. Inc.*, 2018 WL 1812200, at *12 ......................................................................... - 4 -

*True Health Chiropractic Inc. v. McKesson Corp.*,
2014 U.S. Dist. LEXIS 85961, 2014 WL 2860318, at *2 (N.D. Cal. June 23, 2014) ..................... - 10 -
*Utah v. Evans* (2002)
536 U.S. 452 [122 S.Ct. 2191, 2199, 153 L.Ed.2d 453] ..................... - 2 -
*Westways World Travel, Inc. v. AMR Corp.*,
218 F.R.D. 223 (C.D. Cal 2003) ..................... - 6 -

**Statutes**

16 Cal. Code Regs §1451 ..................... - 8 -
16 Cal. Code Regs §1451.2 ..................... - 7 -
16 Cal. Code Regs §1454 ..................... - 7 -
26 U.S.C. §61(a)(11) ..................... - 4 -
Cal. Labor Code § 2802.1 ..................... passim
Cal. Labor Code § 2802 ..................... passim
Cal. Labor Code § 2804 ..................... passim
F.R.C.P. Rule 23 ..................... passim

Plaintiff seeks Rule 23(b)(2) certification to obtain (i) declaratory relief that the debt provisions of the StaRN Agreement and StaRN Promissory Note are deemed null and void; and (ii) injunctive relief enjoining the enforcement of the debt provisions of the StaRN Agreement and StaRN Promissory Note by any "Holder" of the same. [Dkt. 42-1 at ECF p. 10:1-11:18]. Additionally, or alternatively, Plaintiff seeks Rule 23(b)(3) certification for the same result. Plaintiff has shown by the preponderance of the evidence that class certification is warranted.

## A. <u>The Threshold Issues Attacked In Opposition Summarily Fail</u>

### 1. Standing: Concrete Injury-In-Fact Has Been Adequately Alleged

This Court already rejected the Opposition's same lack of standing argument in ruling that Plaintiff suffered harm related to the debt provisions of the StaRN Agreement and Promissory Note. [Dkt. 40 at ECF p. 3].

#### a. Signing StaRN Agreement/Promissory Note Incurs Loss

Signing the StaRN Agreement and/or StaRN Promissory Note with debt provisions establish a concrete injury-in-fact pursuant to Labor Code §2802.1(a) and §2802 – that is "incurring a loss" that must be indemnified by the employer regardless of whether or not any payment on the debt was ever made, or collection letters were received, or individuals were referred to collections.[1] [Dkt. 42-1 at Sec. IV.B.2.a.]; *see also Gallano v. Burlington Coat Factory of Cal.*, 67 Cal.App.5th 953, 960-964 (2021) (becoming "liable or subject to" a charge or obligation on the employer's behalf – i.e. signing a promissory note for indebtedness to the employer – constitutes *incurring a loss* for Labor Code §2802(a)); [Dkt. 40 at ECF p. 3].

Outstanding debt constitutes a "change in legal status" that is sufficient to confer standing. *Des Roches v. Cal. Physicians' Serv.* (N.D. Cal. 2017) 320 F.R.D. 486, 505 (plaintiff harmed because defendant failed to cover costs of medical treatment—i.e. indemnify—thus plaintiff incurred debt to a medical provider that

[1] To the degree the defense argues mootness destroys a concrete injury-in-fact; the same is dispelled in the subsequent mootness section.

constitutes standing); *Utah v. Evans* (2002) 536 U.S. 452, 464 [122 S.Ct. 2191, 2199, 153 L.Ed.2d 453, 466-467] (a change in a legal status and the practical consequence of that change would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered).

Next, "[C]urrent and former employees who have no payment obligation" are not members of the defined TRAP Debt Class/sub-classes and thus such individuals' lack of standing is irrelevant. [Dkt. 45]. The class/sub-class definitions are limited to:

> All current and former non-exempt registered nurses for Defendants, *in the state of California*, for the period of April 19, 2019 through the date of certification who signed Defendants StaRN Promissory Note and StaRN Agreement containing a debt repayment provision and whose employment ended prior to the term of service period that would extinguish the debt repayment provision or whose employment is still subject to the debt repayment provision. [Dkt. 42].[2]

The TRAP Debt Class/sub-classes definitions only cover individuals who are currently subject to the debt repayment provisions. That is (i) those whose employment ended prior to two year commitment period or (ii) those currently employed who have not reached the two year commitment period.

**b. Labor Code §2802.1 Violation is a Concrete Injury-in-Fact**

The outstanding debt is a concrete injury-in-fact under the Ninth Circuit's two-step approach. The first prong is met as Labor Code §§2802.1, 2802, and 2804 are statutory provisions that were "established to protect [plaintiffs'] concrete interests (as opposed to purely procedural rights)." *Patel v. Facebook, Inc.* (9th Cir. 2019) 932 F.3d 1264, 1270-1274. Labor Code §§2802.1 and 2802 were established to protect employees' and applicants' substantive concrete interests to be indemnified for any expenses or costs for any employer-required/provided education program or training—i.e. free of debt to the employer for the employers' operating costs or

---

[2] As conceded by the defense, Plaintiff's class definitions are limited to California based individuals that afforded the protections of Labor Code §§ 2802.1, 2802, and 2804. The amended proposed order corrects this.

expenses. [Dkt. 43-6 at Sec. 1]; [Dkt. 43-7]. These are "real" harms rather than purely legal creations or merely procedural rights. *Patel,* 932 F.3d at 1270-1274 (statute protecting privacy right was concrete interest); *See* Labor Code §§ 2802.1 and 2802; [Dkt. 43-6 at Sec. 1]; [Dkt. 43-7].

The second prong is met because the "specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Patel,* 932 F.3d at 1274-1275. Defendants' failure to indemnify Defendants' costs and expenses of employer-required and/or provided education programs and/or training violates Plaintiff's and the TRAP Debt Class/sub-class members' substantive statutory right to be indemnified for such costs or expenses. [Dkt. 42-1 at Sec. IV.B.2.a.]. This concrete and substantive right of indemnification vanishes into thin air when Defendants required Plaintiff and the TRAP Debt Class/Sub-classes to sign the StaRN Agreement and Promissory Note that changed their legal status to being indebted to Defendants for such costs and expenses. *Patel,* 932 F.3d at 1274-1275 (allowing the collection and retention of biometric identifiers without written consent vanishes the protections of privacy because the collector is thus allowed to freely use this protected information for its benefit).

**2. No Mootness as Effectual Relief Awardable by the Court**

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever to the prevailing party.'" *Chen v. Allstate Ins. Co.* (9th Cir. 2016) 819 F.3d 1136, 1145; *quoting Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287, 183 L. Ed. 2d 281 (2012).

First, nothing in the Opposition or Defendants' conduct establishes that declaratory judgment will not affect relief, even if the StaRN debt provisions had been effectively waived, because there are still tax implications from debt waivers. [Dkt. 42-12 at RUM 24, Sec. 6.g.]; [Dkt. 44-2 at HWS 1882, Sec. 6.g.]; [Dkt. 44-3 at HWS 1872, Sec. 6.g.]; [Dkt. 44-4 at HWS 1862, Sec. 6.g.]; [Dkt. 44-5 at HWS 1853, Sec. 6.g.]; [Dkt. 44-13 at ECF p. 6, Sec. 6.g.]; *Moloney v. Comm'r* (T.C. Apr. 17, 2006,

No. 21859-04S) 2006 Tax Ct. Summary LEXIS 144, at *13 ("Income from the discharge of indebtedness is includible in gross income" pursuant to 26 U.S.C. §61(a)(11)). Judgment that the debt provisions in the StaRN Agreement and StaRN Promissory Note are "null and void" would likely avoid tax liability because the debt was and is not legally valid. Moreover, complete relief has not been offered because the defense has not tendered attorney's fees and costs to Plaintiff as required by Labor Code §2802.1(d). *In re Outlaw Labs., LP Litig.* (S.D. Cal. Mar. 4, 2022) 2022 U.S.Dist.LEXIS 39161, at *14; *Luman v. NAC Mktg. Co., LLC*, 2017 WL 3394117, at *3 (E.D. Cal. Aug. 8, 2017); *T.K. v. Adobe Sys. Inc.*, 2018 WL 1812200, at *12 (although defendant refunded plaintiff sums of money at issue in suit, the refund did not offer complete relief as it did not include interest, attorney's fees, or costs).

Second, there are triable issues of material fact as to whether or not the debt provisions in the StaRN Agreement/Promissory Note have been waived as the alleged "debt waiver letters" fail to factually establish (i) who the current Holder is, (ii) identify or define who constitutes "We" in the third paragraph, (iii) identify that the letter is coming from the current Holder of the Note, and (iv) fail to establish that the alleged "signatory" can bind the unidentified "Holder" to the waiver. [Dkt. 42-23]; [Dkt. 42-13 at ECF p. 4]; [Dkt. 45-3]; [Dkt. 44-2 at ECF p. 10, HWS 1886]; [Dkt. 44-3 at ECF p. 10, HWS 1876]; [Dkt. 44-4 at ECF p. 10, HWS 1866]; [Dkt. 44-5 at ECF p. 10, HWS 1856]; [Dkt. 44-13 at ECF p. 10]. Without this there is not even a prima facie factual showing of debt waiver as the waiver is only effective if made by the Holder of the Note in a writing executed by the Holder. [Dkt. 42-1 at ECF p. 25:20-26:5]; [Dkt. 42-13 at ECF p. 4]; [Dkt. 44-2 at ECF p. 10, HWS 1886]; [Dkt. 44-3 at ECF p. 10, HWS 1876]; [Dkt. 44-4 at ECF p. 10, HWS 1866]; [Dkt. 44-5 at ECF p. 10, HWS 1856]; [Dkt. 44-13 at ECF p. 10]. The debt collection letters represent that payment must be made to HCA, and thus represent that HCA is the "Holder" of the Promissory Notes, yet HCA is not identified in the "debt waiver letters" as a signatory or the entity waiving the debt. [Dkts. 42-15 through 42-22]; [Dkt. 42-33]; [Dkt. 42-

34]; [Dkt. 35]; [Dkt. 42-23]; [Dkt. 45-3]. Footnote 6 in the Opposition does not cure these factual deficiencies as it lacks any cited evidence, or even a factual representation, to establish who the current "Holder" of the debt is or that the debt was not transferred from the facility to HCA – as evidenced by the debt collection letters – or any other entity at some point prior to the "debt waiver letters" being sent.[3] [Dkt. 42-13 at ECF p. 10] (Note freely assignable by Holder without consent and without notice of the transfer); *same at* [Dkt. 44-2 at ECF p. 10, HWS 1886]; [Dkt. 44-3 at ECF p. 10, HWS 1876]; [Dkt. 44-4 at ECF p. 10, HWS 1866]; [Dkt. 44-5 at ECF p. 10, HWS 1856]; [Dkt. 44-13 at ECF p. 10].

The "debt waiver letters" do not strip standing for Plaintiff or the other 1,523 TRAP Debt Class/sub-class members who received, or will receive, the same because this Court may still render effectual relief through (1) declaratory relief as well as an award of attorney's fees and costs regardless of whether or not the debt was waived and (2) there are issues of material fact as to whether or not the debt was effectively waived. *Chen,* 819 F.3d at 1145. Currently, Plaintiff and the TRAP Debt Class/Sub-classes are still subject to the debt.

## B. <u>The Rule 23(a) Requirements are Satisfied</u>

### 1. Numerous and Ascertainable Requirements are Met

Based on the Opposition, there are 1,523 TRAP Debt Class members who are currently subject to the debt provisions in the StaRN Agreement and/or Promissory Note, as those are the individuals Defendants tried to pick-off with the alleged "debt waiver letters". [Dkt. 45-1 at ¶6]; [Dkt. 45-3]. This meets numerosity. *Parrish v. Okonite Co.* (C.D. Cal. May 24, 2021) 2021 U.S.Dist.LEXIS 233032, at *14. "[Plaintiff is] not required to quantify with precision the number of class members, but . . . may rely on reasonable inferences drawn from the available facts in estimating the size of the class;" especially when the information is within the Defendants'

[3] Plaintiff highlights that the Opposition contains approximately <u>135 single spaced lines</u> of footnotes and thus far exceeds the set page limitation.

control. *Westways World Travel, Inc. v. AMR Corp.,* 218 F.R.D. 223, 234 (C.D. Cal 2003). Plaintiff met this standard by showing 1,604 participants in the StaRN Program in California between April 19, 2019 to December 31, 2022. [Dkt. 42-1 at Sec. IV.B.1.]. The Opposition's hypothetical 28 person class argument is unavailing as it is based on the failed standing/mootness arguments. *See* (Sec. A.). The Opposition further shows an ascertainable class given Defendants identified the 1,523 California based RNs who are still subject to the StaRN debt provisions. Rule 23(a)(1) is met.

**2. Commonality is Met**

Plaintiff's moving papers adequately established commonality as common evidence will establish that the debt provisions in the uniform StaRN Agreement and Promissory Note violate Labor Code §§ 2802.1(a)(1) and 2802. Common evidence will also defeat Defendants' exemption affirmative defense pursuant to Labor Code §2802.1(a)(2). See [Dkt. 42-1, Section IV. B.2]. The Opposition fails to rebut this, and instead tangentially addresses immaterial variations among class members, none of which defeat commonality.

**a. Common Proof of Labor Code §2802.1(a)(1) Violation**

Differences such as (i) the facility at which the nurse worked, and (ii) the program in which the nurse participated (e.g. Emergency, Perioperative, NICU, etc.) do not defeat commonality for a Labor Code §§2802.1(a)(1), and 2802 violations as the same apply to <u>any</u> employer-provided or employer-required educational program or training. Labor Code§§ 2802.l(a)(1); 2802(a); See [Dkt. 42-1, Section IV. B.2.a.]. Any means all. Thus, all that needs to be shown here is that the StaRN Program constitutes an employer-provided or employer-required educational program or training, which the undisputed common evidence shows. [Dkt. 42-1 at Sec. IV.B.2.a.].

Nurses that completed the stipulated period of employment are not TRAP Debt Class/sub-classes members as they are not subject to the debt provisions in the StaRN Agreement/Promissory Note and thus have no effect on commonality. The failed standing arguments of whether the nurse was asked to repay any portion of the StaRN

debt or actually repaid a portion of the StaRN debt does not defeat commonality as the "incurred loss" comes from signing the StaRN Agreement and/or StaRN Promissory Note containing the debt provisions being challenged. Whether those debt provisions are null and void pursuant to Labor Code §§ 2802.1, 2802, and 2804 are unaffected by issues of whether payments were demanded or made.

**b. Common Proof Defeats Labor Code §2802.1(a)(2) Exemptions**

Common proof establishes that the StaRN Program is not a requirement for licensure or for meeting continuing education ("CE") requirements. Thus any differences in "certifications or continuing education credit the nurse may have received (or was eligible to receive)" or "the program in which the nurse participated (e.g., Emergency, Perioperative, NICU, etc.)" fail to defeat commonality in litigating Defendants' Labor Code §2802.1(a)(2)(A) affirmative defense. [Dkt. 42-1, Sec. IV.B.2.b.i.]. Nowhere in the regulations, or California Board of Nursing website, is the StaRN Program, or any of its components, identified or listed as a "required" (i.e. mandatory) course that must be taken for CE requirements or licensure as an RN. *See* 16 CCR 1451.2; 16 CCR 1454; 16 CCR 1454; (RJN 12). To this, an employer cannot require patronage of an employee or applicant. Labor Code §450.

The StaRN Program <u>is disqualified from use for CE credits</u> as the StaRN Program is an orientation designed to familiarize the applicants/employees (the TRAP Debt Class) with policies and procedures of the specified unit at the Facility (i.e. the hospital departments/units . . . Emergency, Perioperative, NICU, etc.). [Dkt. 43-12 at RJN 12 at ECF p. 5] ("Unacceptable courses . . . Orientation programs – orientation meaning a specific series of activities designed to familiarize employees with the policies and procedures of an institution"); [Dkt. 42-3 at ECF p. 2] ("This contract covers the training, education, and preceptor time to prepare you with skills & confidence to adapt well to your assigned facility."); [Dkt. 42-12 at ECF p. 2] (employee "to receive education and training to prepare them for work as an RN in designated specialty areas" in the assigned facility]; [Dkt. 44-2 at ECF p. 3, HWS

1879]; [Dkt. 44-3 at ECF p. 3, HWS 1869]; [Dkt. 44-4 at ECF p. 3, HWS 1859]; [Dkt. 44-5 at ECF p. 3, HWS 1850]; [Dkt. 44-13 at ECF p. 3]; (Reply Decl. Hatcher at Ex. 2 at HWS 47, 50, 53, 56) (StaRN Program is "training to newly licensed nurses" and "[t]he newly licensed nurse is not only oriented to the facility in which he or she will be working, but is better prepared for a standard patient assignment upon successful completion of the . . . program."). Despite this, even if it was not disqualified, the StaRN Program could not be claimed for CE credit as newly licensed RNs are exempt from CE requirements during the first two years of licensure, i.e. when the StaRN Program is completed. [Dkt. 43-12, RJN Ex. 12 at ECF p. 2 and 7] (newly licensed RNs' first CE reporting is for CE taken during the 3rd and 4th years); 16 CCR §1451; [Dkt. 42-7 at ECF p. 3] (StaRN Program is only 10-22 weeks); (Reply Decl. Hatcher at Ex. 1) (Recruiting is to "[s]ource newly licensed graduate nurses into the StaRN Program"). Rule 23(a)(2) is met.

**3. Typicality is Met**

The Opposition's standing and mootness attacks fail, *see supra at* Sec. A, and thus do not defeat Plaintiff's typicality. [Dkt. 42-1 at Sec. IV.B.3.]. The attempted "debt waiver letters" also do not destroy typicality as the same uniform letter was sent (or will be sent) to Plaintiff and the 1,523 members of TRAP Debt Class/sub-classes. [Dkt. 42-23]; [Dkt. 45-1 at ¶6]; [Dkt. 45-3]. Hence, the same issues of law and fact apply to whether these letters effectively waived the StaRN debt. Also, uniform changes to an employers' practice during the class period is common evidence and proof. *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 329, fn. 4.

The "debt waiver letters" have no effect on the declaratory judgment sought herein. *See supra* at Sec. A. The Opposition's Footnote 10 fails to defeat typicality as the StaRN Agreement and Promissory Note establish HWS as a common employer of the TRAP Debt Class who placed the same at HCA's California "facilities" (hospitals). [Dkt. 42-1 at ECF p. 11:20-12:4]. Common evidence shows HCA as a co-hiring entity and the debt collection letters establish HCA as the debt Holder. [Dkt.

42-3]; [Dkt. 42-24]; [Dkt. 42-27]; [Dkt. 42-28 at ECF p. 2]; [Dkt. 42-31 at ECF p. 3]; [Dkt. 42-15] ("your obligation to repay HCA Healthcare, Inc." for "balance owed on your StaRN Training"); [Dkts. 42-16 through 42-22]; [Dkt. 42-33]; [Dkt. 42-34]; [Dkt. 35]. HWS' document production shows uniform and/or consistent StaRN Agreements and/or StaRN Promissory Notes. [Dkt. 44-2];[Dkt. 44-3]; [Dkt. 44-4]; [Dkt. 44-5]. Rule 23(a)(3) is met.

### 4. Adequacy is Met

#### a. Plaintiff is Adequate and Without Disqualifying Conflicts

Plaintiff's union grievance seeks unpaid wages pursuant to contractual terms in a collective bargaining agreement ("CBA"). [Dkt. 44-8]. This is not related in any meaningful way to whether or not the debt associated with StaRN Agreement and/or StaRN Promissory note are null and void pursuant to Labor Code §§ 2802.1, 2802 and 2804.[4] *Frausto v. Bank of Am.* (N.D. Cal. 2019) 334 F.R.D. 192, 207 (separate claims do not create a fundamental conflict and do not prevent adequacy, ruling that the plaintiff's separate lawsuit against the employer for discrimination, retaliation, and wrongful termination does not prevent adequacy); *See also Benedict v. Hewlett-Packard Co.*, 314 F.R.D. 457, 473 (N.D. Cal. 2016); *Krzesniak v. Cendant Corp.*, 2007 WL 1795703, at *9-12 (N.D. Cal. June 20, 2007); *Satchell v. FedEx Express* (N.D. Cal. Dec. 5, 2006) 2006 U.S.Dist.LEXIS 102113, at *9; *Chacon v. Express Fashion Operations LLC* (C.D. Cal. June 14, 2021) 2021 U.S.Dist.LEXIS 195353, at *39-41; *Flores v. Dart Container Corp.* (E.D. Cal. Jan. 12, 2021) 2021 U.S.Dist.LEXIS 6897, at *15-16; *Cohen v. Trump,* 303 F.R.D. 376, 383-384 (S.D. Cal. Oct. 27, 2014).

The hypothetical (and frankly incoherent) "potential conflict" in the Opposition fails to defeat adequacy as a settlement of Plaintiff's union grievance will not and cannot affect the Labor Code §§ 2802.1, 2802 and 2804 claims seeking injunctive and

---

[4] If the Court is concerned the union grievance, Plaintiff requests the opportunity to respond to the Court on whether she will abandon her grievance for this action.

declaratory relief because the StaRN debt arises under the StaRN Agreement and Promissory Note not any CBA. [Dkt. 44-8]. That is, there is no divided loyalties here and Plaintiff has been steadfast in seeking to expose and nullify the StaRN debt, and no cognizable conflict has been identified in the Opposition. [Dkt. 42-3 at ¶¶ 28, 25, 26, 27]; [Dkt. 42-1 at Sec. IV.4.a.]. Trivial and speculative conflicts do not prevent Rule 23(a)(4) adequacy. *Frausto,* 334 F.R.D. at 207; *citing In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942. Further, declarant Hunter Cerone seeks to be named co-class representative. (Decl. Cerone at ¶¶ 2-6); *True Health Chiropractic Inc. v. McKesson Corp.*, 2014 U.S. Dist. LEXIS 85961, 2014 WL 2860318, at *2 (N.D. Cal. June 23, 2014) (leave to amend appropriate when new class representative is typical and falls under the class definition); *Shields v. Fed'n Internationale de Natation* (N.D. Cal. Feb. 11, 2022) 2022 U.S.Dist.LEXIS 25140, at *37-38.

**b. Plaintiff's Counsel is Adequate**

Not moving to certify the meal period, rest period, waiting time penalties and wage statement claims do not affect Plaintiff's counsel or Plaintiff's adequacy, as: (1) two previously filed putative class actions have been litigating these claims and are set for mediation on December 4, 2023, [Dkt. 27 at ECF p. 3];[5] and (2) certifying the Labor Code §§ 2802.1, 2802 and 2804 now is consistent with seeking to certify a class at the earliest practicable time. *Ogaz v. Honeywell Int'l* (C.D. Cal. Aug. 18, 2021) 2021 U.S.Dist.LEXIS 156686, at *6-7. Rule 23(a)(4) is met.

**C. Rule 23(b)(2) Requirement is Satisfied**

Defendants' failed standing and mootness arguments, *see supra* Sec. A, fail to defeat Rule 23(b)(2) certification. Final injunctive relief <u>or</u> declaratory relief are available under Rule 23(b)(2). Accordingly, certification is warranted for seeking declaratory relief that the debt provisions in the StaRN Agreement/Promissory Note are null and void pursuant to Labor Code §§ 2802.1, 2802, and 2804. See [Dkt. 42-1,

[5] A settlement in the *Dubinsky/Witt* Actions would subsume the non-Labor Code §2802.1, 2802 and 2804 and FLSA claims and derivative claims alleged in this case.

Section IV. C]; *Hendricks v. Aetna Life Ins. Co.* (C.D. Cal. 2023) 344 F.R.D. 237, 247. Further, enjoining the enforcement of the debt provisions of the StaRN Agreement and Promissory Note is relief that this Court can affect given there are disputed issues of material fact as to whether or not the alleged debt has been waived. See (Sec. A.2); *Hendricks,* 344 F.R.D. at 246-247 (voluntary cessation does not deprive a federal court of its power to determine the legality of the practice and if it did the courts would be compelled to leave the defendant free to return to its old ways); *citing Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000). Until there is no disputed issue of material fact as to the debt waiver, nothing prevents Defendants from returning to their old ways, so the injunction is still viable notwithstanding Defendants' post litigation conduct. *Id.; FTC v. Affordable Media*, 179 F.3d 1228, 1237-38 (9th Cir. 1999) (defendants' voluntary cessation of allegedly fraudulent sales scheme did not moot FTC's request for an injunction). If Defendants prove the debt has been waived that does not defeat class certification but rather may only leave the TRAP Debt Class with declaratory relief and not injunctive relief. Rule 23(b)(2) is met.

**D. Rule 23(b)(3) Requirements are Met**

**1. Predominance Requirement is Satisfied**

Plaintiff only seeks certification to obtain injunctive and declaratory relief and thus the individual amount of the TRAP Debt Class members is not relevant – notwithstanding the fact that this number is easily calculated based on Defendants' records. Next, Labor Code §2802.1(e) "is declaratory of and clarifies existing law" and thus there are not different rules that apply to the TRAP Debt Class. (Id.). Legislation that merely clarifies existing law is retroactive. *Lubin v. The Wackenhut Corp.* (2016) 5 Cal.App.5th 926, 959-960; *Furry v. East Bay Publishing, LLC* (2018) 30 Cal.App.5th 1072, 1084, fn. 7. Further, since Labor Code §2802 was enacted in 1937. Thus, the same rules and analysis apply to all TRAP Debt Class members. RNs that completed the stipulated period of employment are not members of the TRAP

Debt Class/sub-classes and thus are irrelevant to predominance. Defendants' failed standing and mootness arguments do not defeat predominance. *See* (Sec. A).

**2. A Class Action is Superior and Manageable**

Declaratory and injunctive judgment in favor of the TRAP Debt Class is obtainable through the summary adjudication. *See* [Dkt. 42-1 at Sec. IV.B.2.]; (Sec. B.2 supra). Exemplars of the StaRN Agreements, StaRN Promissory Notes, regulations related to California licensure and continuing education, and StaRN Program documents establish the same. Trial is also manageable based on this common evidence and via minimal witness testimony – estimated 10-15 class member witnesses and 5-7 defense witnesses (individuals named on the "debt waiver letters" and Defendants' Rule 30(b)(6) witnesses). The "differences" identified in the Opposition are immaterial to commonality and do not defeat superiority or manageability. *See supra.* A reasonable estimate of the outstanding debt would be approximately $3,000,000.00 based an average $2,000.00 debt per TRAP Debt Class (1,523 TRAP Debt Class Members x $2,000.00 debt). The TRAP Debt Class members have shown their vigor in seeking this debt deemed null and void. [Dkt. 42-3]; [Dkt. 42-29]; [Dkt. 42-36]; [Dkt. 44-12]; (Reply Decl. Cerone). There is absolutely no evidence to allege that Plaintiff's counsel seeks certification to solicit litigation. (Reply Decl. Hatcher at ¶2). Desperation is not justification for the defense to lodge meritless and frivolous allegations against Plaintiff's counsel. Rule 23(b)(3) is met.

**E. CONCLUSION**

Plaintiff's Motion for Class Certification should be granted.

DATED: 11/13/2023 **THE MYERS LAW GROUP, A.P.C.**

By: /s/Jason Hatcher

David P. Myers
Jason Hatcher,
Andriana N. Bravo
Attorneys for Plaintiff, on behalf of herself and all others similarly situated.