David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Jason Hatcher (SBN 285481)
jhatcher@myerslawgroup.com
Andriana N. Bravo (SBN 349191)
abravo@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff JACQUI RUM, and all others similarly situated.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:23-CV-05142-JFW(BFMx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS ACTION CERTIFICATION**<br><br>Date: November 27, 2023<br>Time: 1:30 p.m.<br>Courtroom: 7A<br><br>Complaint filed: April 19, 2023<br>Removed: June 30, 2023 |

Plaintiff Jacqui Rum ("Plaintiff") hereby submits the following Responses to Defendants HCA Healthcare, Inc., HealthTrust Workforce Solutions, LLC, and Los Robles Regional Medical Center's (collectively "Defendants"), Objections to Evidence Submitted in Support of Plaintiff's Motion for Class Certification.

**Plaintiff's Response to Defendants' Objections to Declaration of Jacqui Rum in Support of Motion to Certify Class Action [Dkt. 42-29]**

| **Evidence** | |
|---|---|
| **1.** | Rum Declaration [Dkt. 42-2], at ¶ 5: "I understood from HCA Healthcare's Recruiting and Human Resources personnel that participation in the StaRN Program was a mandatory condition of employment with Los Robles Regional Medical Center." |
| **Objections** | |
| Lacks Foundation; Speculation (Fed. R. Evid. 104, 602). Rum fails to lay a foundation regarding her claim that the StaRN program was a "condition of employment." Accordingly, her statements are entirely speculative and should be stricken. See McIndoe v. Huntington Ingalls Inc., 817 F.3d 1170, 1173 (9th Cir. 2016).<br>Hearsay (Fed. R. Evid. 801, 802). Rum's testimony amounts to one or more out-of-court statements purportedly made by unnamed HCA Healthcare Recruiting and Human Resources personnel which are being offered to prove the truth of the matter asserted and are therefore hearsay and should be stricken. Fed. R. Evid. 801, 802. Rum fails to establish that a hearsay exception applies. Fed. R. Evid. 803, 804. | |
| **Response** | |
| Jacqui Rum testified that she has personal knowledge of the facts set forth in her declaration and if called to testify she could and would do so competently. [Dkt. 42-2, ¶ 1].<br>State of mind hearsay exception. Fed. R. Evid. 803(3). | |

| |
|---|
| Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br>This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence. |
| **<u>Ruling</u>** |
| **Sustained________ Overruled ________** |
| **<u>Evidence</u>** |

| | |
|---|---|
| **2.** | Rum Declaration [Dkt. 42-2], at ¶ 10, Ex. G. |

| |
|---|
| **<u>Objections</u>** |
| <u>Lacks Authentication</u>: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." (Fed. R. Ev. 901). Plaintiff fails to offer any evidence to authenticate this exhibit, including the date it was received, the manner in which she received it, or how the document has been maintained.<br><u>Remainder of or Related Writings or Recorded Statements.</u> (Fed. R. Ev. 106) The document attached to Rum's Declaration as Ex. G is only part a schedule that is cutoff. Pursuant to Fed. R. Ev. 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." Fed. R. Ev. 106. |

| **Response** |
|---|
| Jacqui Rum testified that she has personal knowledge of the facts set forth in her declaration and if called to testify she could and would do so competently. [Dkt. 42-2, ¶ 1].<br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br>This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence. |
| **Ruling** |
| **Sustained________ Overruled ________** |

| **Evidence** | |
|---|---|
| **3.** | Rum Declaration [Dkt. 42-2], at ¶ 11, Ex. H. |

| **Objections** |
|---|
| Lacks Authentication: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." (Fed. R. Ev. 901). Plaintiff fails to offer any evidence to authenticate this exhibit, including the date it was received, the manner in which she received it, or how the document has been maintained. |

| |
|---|
| Remainder of or Related Writings or Recorded Statements. (Fed. R. Ev. 106) The document attached to Rum's Declaration as Ex. H is only part a schedule that is cutoff. Pursuant to Fed. R. Ev. 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." Fed. R. Ev. 106. |
| **Response** |
| Jacqui Rum testified that she has personal knowledge of the facts set forth in her declaration and if called to testify she could and would do so competently. [Dkt. 42-2, ¶ 1].<br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br>This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence. |
| **Ruling** |
| **Sustained________ Overruled ________** |
| **Evidence** |
| **4.** Rum Declaration [Dkt. 42-2], at ¶ 16, Ex. J. |
| **Objections** |
| Lacks Authentication: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a |

finding that the item is what the proponent claims it is." (Fed. R. Ev. 901). Plaintiff fails to offer any evidence to authenticate this exhibit, including the date it was received, the person(s) who gave the slides to her, or how the document has been maintained.

Lacks Foundation; Speculation (Fed. R. Evid. 104, 602). Plaintiff fails to lay a foundation regarding the date she received the slides or the person(s) who gave her the slides.

Hearsay (Fed. R. Evid. 801, 802). The Exhibit at RUM00037 has notes that contain out-of-court statements which cannot be submitted for their truth.

**Response**

Jacqui Rum testified that she has personal knowledge of the facts set forth in her declaration and if called to testify she could and would do so competently. [Dkt. 42-2, ¶ 1].

Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.

Admission by party opponent hearsay exception.

This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence.

**Ruling**

**Sustained________ Overruled ________**

///

**Plaintiff's Response to Declaration of Selena Donis in Support of Motion to Certify Class Action [Dkt. 42-29]**

| **Evidence** | |
|---|---|
| **1.** | Donis Declaration [Dkt. 42-29], at ¶ 3: "I understood from HCA Healthcare's Recruiting and Human Resources personnel that participation in the StaRN Program was a mandatory condition of employment with Los Robles Regional Medical Center." |
| **Objections** | |
| Lacks Foundation; Speculation (Fed. R. Evid. 104, 602). Donis fails to lay a foundation regarding her claim that the StaRN program was a "condition of employment." Accordingly, Donis' statements are entirely speculative and should be stricken. See McIndoe v. Huntington Ingalls Inc., 817 F.3d 1170, 1173 (9th Cir. 2016).<br>Hearsay (Fed. R. Evid. 801, 802). Donis' testimony amounts to one or more out-of-court statements purportedly made by unnamed HCA Healthcare Recruiting and Human Resources personnel which are being offered to prove the truth of the matter asserted and are therefore hearsay and should be stricken. Fed. R. Evid. 801, 802. Donis fails to establish that a hearsay exception applies. Fed. R. Evid. 803, 804. | |
| **Response** | |
| Selena Donis testified that she has personal knowledge of the facts set forth in her declaration and if called to testify she could and would do so competently. [Dkt. 42-29, ¶ 1].<br>State of mind hearsay exception. Fed. R. Evid. 803(3).<br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the | |

| |
|---|
| plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br>This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence. |
| **Ruling** |
| **Sustained________ Overruled ________** |

**Plaintiff's Response to Declaration of Garrett Inteso in Support of Motion to Certify Class Action [Dkt. 42-36]**

| | |
|---|---|
| **Evidence** | |
| **1.** | Inteso Declaration [Dkt. 42-36], at ¶ 3: "I understood from HCA Healthcare's Recruiting and Human Resources personnel that participation in the StaRN Program was a mandatory condition of employment with Los Robles Regional Medical Center." |
| **Objections** | |
| Lacks Foundation; Speculation (Fed. R. Evid. 104, 602). Inteso fails to lay a foundation regarding his claim that the StaRN program was a "condition of employment." Accordingly, his statements are entirely speculative and should be stricken. See McIndoe v. Huntington Ingalls Inc., 817 F.3d 1170, 1173 (9th Cir. 2016).<br>Hearsay (Fed. R. Evid. 801, 802). Inteso's testimony amounts to one or more out-of-court statements purportedly made by unnamed HCA Healthcare Recruiting and Human Resources personnel which are being offered to prove the truth of the matter asserted and are therefore hearsay and should be stricken. Fed. R. Evid. 801, 802. Inteso fails to establish that a hearsay exception applies. Fed. R. Evid. 803, 804. | |
| **Response** | |

Garrett Inteso testified that he has personal knowledge of the facts set forth in his declaration and if called to testify he could and would do so competently. [Dkt. 42-36, ¶ 1].

State of mind hearsay exception. Fed. R. Evid. 803(3).

Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.

This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence.

**Ruling**

**Sustained________ Overruled ________**

**Evidence**

| | |
|---|---|
| **2.** | Inteso Declaration [Dkt. 42-36], at ¶ 4, "I have reviewed Exhibit I-1 [Document 26-10] of Jacqui Rum's Declaration and recognize that I received the same or similar document during my StaRN Program." |

**Objections**

Speculation (Fed. R. Evid. 104, 602). Inteso's testimony is mere speculation and should be stricken. See McIndoe v. Huntington Ingalls Inc., 817 F.3d 1170, 1173 (9th Cir. 2016).

Hearsay (Fed. R. Evid. 801, 802). Inteso's testimony amounts out-of-court statements purportedly made in documents he claims to have received which are being offered to prove the truth of the matter asserted and is therefore hearsay and should be stricken. Fed. R. Evid. 801, 802. Inteso fails to establish that a hearsay exception applies. Fed. R. Evid. 803, 804.

| **Response** |
|---|
| Garrett Inteso testified that he has personal knowledge of the facts set forth in his declaration and if called to testify he could and would do so competently. [Dkt. 42-36, ¶ 1].<br><br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br><br>This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence.<br><br>State of mind exception to hearsay. "[I]t would be improper for the Court to reject the challenged declarations and depositions at this stage based on Defendants' hearsay argument alone." *Vasquez v. Leprino Foods Co.* (E.D.Cal. Feb. 8, 2023, No. 1:17-cv-00796-AWI-BAM) 2023 U.S.Dist.LEXIS 22303, at *29. |
| **Ruling** |
| **Sustained________ Overruled ________** |

| **Evidence** | |
|---|---|
| **3.** | Inteso Declaration [Dkt. 42-36], at ¶ 4, Ex. I-1. |

| **Objections** |
|---|
| Lacks Authentication: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." (Fed. R. Ev. 901). Inteso |

| | |
|---|---|
| fails to offer any evidence to authenticate this exhibit, including the date it was received, the manner in which he received it, or how the document has been maintained. | |
| **Response** | |
| Garrett Inteso testified that he has personal knowledge of the facts set forth in his declaration and if called to testify he could and would do so competently. [Dkt. 42-36, ¶ 1].<br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br>This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence. | |
| **Ruling** | |
| **Sustained________ Overruled ________** | |
| **Evidence** | |
| **4.** | Inteso Declaration [Dkt. 42-36], at ¶ 5, "I have reviewed Exhibit I-2 of Jacqui Rum's Declaration [Document Number 26-11] and recognize that I received the same or similar document as part of my condition of employment for the StaRN Program." |
| **Objections** | |

<u>Speculation</u> (Fed. R. Evid. 104, 602). Inteso's testimony is mere speculation and should be stricken. See McIndoe v. Huntington Ingalls Inc., 817 F.3d 1170, 1173 (9th Cir. 2016).

<u>Hearsay</u> (Fed. R. Evid. 801, 802). Inteso's testimony amounts out-of-court statements purportedly made in documents he claims to have received which are being offered to prove the truth of the matter asserted and is therefore hearsay and should be stricken. Fed. R. Evid. 801, 802. Inteso fails to establish that a hearsay exception applies. Fed. R. Evid. 803, 804.

**<u>Response</u>**

Garrett Inteso testified that he has personal knowledge of the facts set forth in his declaration and if called to testify he could and would do so competently. [Dkt. 42-36, ¶ 1].

Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.

This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence.

"[I]t would be improper for the Court to reject the challenged declarations and depositions at this stage based on Defendants' hearsay argument alone." *Vasquez v. Leprino Foods Co.* (E.D.Cal. Feb. 8, 2023, No. 1:17-cv-00796-AWI-BAM) 2023 U.S.Dist.LEXIS 22303, at *29.

This statement is not hearsay as Inteso has testified that he received the same or similar document as Ex. I-2.

**<u>Ruling</u>**

**Sustained________ Overruled ________**

| **Evidence** | |
|---|---|
| **5.** | Inteso Declaration [Dkt. 42-36], at ¶ 5, Ex. I-2. |

| **Objections** |
|---|
| Lacks Authentication: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." (Fed. R. Ev. 901). Inteso fails to offer any evidence to authenticate this exhibit, including the date it was received, the manner in which he received it, or how the document has been maintained. |

| **Response** |
|---|
| Garrett Inteso testified that he has personal knowledge of the facts set forth in his declaration and if called to testify he could and would do so competently. [Dkt. 42-36, ¶ 1].<br><br>Garrett Inteso testified that he has personal knowledge of the facts set forth in his declaration and if called to testify he could and would do so competently. [Dkt. 42-36, ¶ 1].<br><br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br><br>This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence. |

| **Ruling** |
|---|
| **Sustained_________ Overruled _________** |

| |
|---|
| |

**Evidence**

**6.** Inteso Declaration [Dkt. 42-36], at ¶ 6, "I have reviewed Exhibit I-3 of Jacqui Rum's Declaration [Document Number 26-12] and recognize that I received the same or similar document as part of my condition of employment for the StaRN Program."

**Objections**

Speculation (Fed. R. Evid. 104, 602). Inteso's testimony is mere speculation and should be stricken. See McIndoe v. Huntington Ingalls Inc., 817 F.3d 1170, 1173 (9th Cir. 2016).

Hearsay (Fed. R. Evid. 801, 802). Inteso's testimony amounts out-of-court statements purportedly made in documents he claims to have received which are being offered to prove the truth of the matter asserted and is therefore hearsay and should be stricken. Fed. R. Evid. 801, 802. Inteso fails to establish that a hearsay exception applies. Fed. R. Evid. 803, 804.

**Response**

Garrett Inteso testified that he has personal knowledge of the facts set forth in his declaration and if called to testify he could and would do so competently. [Dkt. 42-36, ¶ 1].

Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.

This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence.

"[I]t would be improper for the Court to reject the challenged declarations and depositions at this stage based on Defendants' hearsay argument alone." *Vasquez*

*v. Leprino Foods Co.* (E.D.Cal. Feb. 8, 2023, No. 1:17-cv-00796-AWI-BAM) 2023 U.S.Dist.LEXIS 22303, at *29.

This statement is not hearsay as Inteso has testified that he received the same or similar document as Ex. I-3.

**Ruling**

**Sustained________ Overruled ________**

**Evidence**

| | |
|---|---|
| **7.** | Inteso Declaration [Dkt. 42-36], at ¶ 6, Ex. I-3. |

**Objections**

Lacks Authentication: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." (Fed. R. Ev. 901). Inteso fails to offer any evidence to authenticate this exhibit, including the date it was received, the manner in which he received it, or how the document has been maintained.

**Response**

Garrett Inteso testified that he has personal knowledge of the facts set forth in his declaration and if called to testify he could and would do so competently. [Dkt. 42-36, ¶ 1].

Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence."

| |
|---|
| *Id.* at 1006.<br>This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence. |
| **Ruling** |
| **Sustained________ Overruled ________** |

**Plaintiff's Response to Declaration of John Keenan in Support of Motion to Certify Class Action [Dkt. 44-12]**

| | |
|---|---|
| **Evidence** | |
| **1.** | Keenan Declaration [Dkt. 44-12], at ¶ 3: "I understood that participation in the StaRN Program was a mandatory condition of employment." |
| **Objections** | |
| Lacks Foundation; Speculation (Fed. R. Evid. 104, 602). Keenan fails to lay a foundation regarding his claim that the StaRN program was a "condition of employment." Accordingly, his statements are entirely speculative and should be stricken. See McIndoe v. Huntington Ingalls Inc., 817 F.3d 1170, 1173 (9th Cir. 2016). | |
| **Response** | |
| John Keenan testified that he has personal knowledge of the facts set forth in his declaration and if called to testify he could and would do so competently. [Dkt. 42-36, ¶ 1].<br>State of mind hearsay exception. Fed. R. Evid. 803(3).<br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove | |

his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.

This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence.

**Ruling**

**Sustained________ Overruled ________**

**Evidence**

| | |
|---|---|
| **2.** | Keenan Declaration [Dkt. 44-12], at ¶ 5, Ex. PP. |

**Objections**

Lacks Authentication: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." (Fed. R. Ev. 901). Keenan fails to offer any evidence to authenticate this exhibit, including whether he in fact received the purported email, the manner in which he received it, or how the document has been maintained.

**Response**

Garrett Inteso testified that he has personal knowledge of the facts set forth in his declaration and if called to testify he could and would do so competently. [Dkt. 42-36, ¶ 1].

State of mind hearsay exception. Fed. R. Evid. 803(3).

Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove

| |
|---|
| his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br><br>This standard is met as the submitted evidence is proof that is, or likely will lead to, admissible evidence. |
| **Ruling** |
| **Sustained________ Overruled ________** |

**Plaintiff's Response to Defendants' Objections to Plaintiff's Request for Judicial Notice in Support of Plaintiff's Motion for Class Certification [Dkt. 43]**

| **Evidence** | |
|---|---|
| **1.** | Request For Judicial Notice ("RJN") [Dkt. 43], at ¶ 1 & Ex. 1: "Attached to this filing as **Exhibit 1** is a true and correct copy of the "LLos [sic] Robles Regional Medical Center 'License Detail' from the California Department of Health Care Access and Information at: https://lfis.hcai.ca.gov/Licence/Detail/143567." |
| **Objections** | |
| Failure To Identify Facts (Fed. R. Evid. 201). Pursuant to Fed. R. Evid. 201(a), the Court may take judicial notice of adjudicative facts only. "[A]djudicative facts are those to which the law is applied in the process of adjudication." Advisory Notes to Fed. R. Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable dispute in | |

| |
|---|
| that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d); In re: Homestore.com, Inc. Securities Litigation, 347 F.Supp.2d 814, 816-17 (C.D. Cal. 2004. Here, Plaintiff fails to identify any facts of which she seeks judicial notice.<br>Instead, Plaintiff merely attaches to her RJN purported copies of various electronic documents without any identification of or explanation regarding any factual matter she claims is not subject to reasonable dispute and should be judicially noticed.<br>Accordingly, Plaintiff's request for judicial notice should be denied. |
| **Response** |
| Court may take judicial notice of the California hospital license details from the California Department of Health Care Access and Information website as it is "other matters of public record whose accuracy is not subject to reasonable dispute" as sufficiently detailed in the Request for Judicial Notice. *Motul S.A. v. USA Wholesale Lubricant, Inc.* (N.D.Cal. Aug. 8, 2023, No. 4:22-cv-04841-JSW) 2023 U.S.Dist.LEXIS 138282, at *10; *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1155 (N.D. Cal. 2014) (taking judicial notice of government website when neither party disputes the website's authenticity or accuracy of the information displayed therein); *Theta Chi Fraternity, Inc. v. Leland Stanford Junior University*, 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016) (taking judicial notice of filings with the California Secretary of State because they are public records). There is no dispute as to the accuracy of this document that is available through a publicly available website operated by the state of California.<br><br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006. |

| | |
|---|---|
| This standard is met as the document is proof that is, or likely will lead to, admissible evidence. | |
| **<u>Ruling</u>** | |
| **Sustained________ Overruled ________** | |
| **<u>Evidence</u>** | |
| **2.** | RJN [Dkt. 43], at ¶ 2 & Ex. 2: "Attached to this filing as **Exhibit 2** is a true and correct copy of West Hills Hospital and Medical Center 'Facility Detail' from the California Department of Health Care Access and Information at: https://lfis.hcai.ca.gov/Facility/106190859" |
| **<u>Objections</u>** | |
| <u>Failure To Identify Facts</u> (Fed. R. Evid. 201). Pursuant to Fed. R. Evid. 201(a), the Court may take judicial notice of adjudicative facts only. "[A]djudicative facts are those to which the law is applied in the process of adjudication." Advisory Notes to Fed. R. Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d); <u>In re: Homestore.com, Inc. Securities Litigation</u>, 347 F.Supp.2d 814, 816-17 (C.D. Cal. 2004. Here, Plaintiff fails to identify any facts of which she seeks judicial notice.<br>Instead, Plaintiff merely attaches to her RJN purported copies of various electronic documents without any identification of or explanation regarding any factual matter she claims is not subject to reasonable dispute and should be judicially noticed. Accordingly, Plaintiff's request for judicial notice should be denied. | |
| **<u>Response</u>** | |

| |
|---|
| Court may take judicial notice of the California hospital license details from the California Department of Health Care Access and Information website as it is "other matters of public record whose accuracy is not subject to reasonable dispute" as sufficiently detailed in the Request for Judicial Notice. *Motul S.A. v. USA Wholesale Lubricant, Inc.* (N.D.Cal. Aug. 8, 2023, No. 4:22-cv-04841-JSW) 2023 U.S.Dist.LEXIS 138282, at *10; *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1155 (N.D. Cal. 2014) (taking judicial notice of government website when neither party disputes the website's authenticity or accuracy of the information displayed therein); *Theta Chi Fraternity, Inc. v. Leland Stanford Junior University*, 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016) (taking judicial notice of filings with the California Secretary of State because they are public records). There is no dispute as to the accuracy of this document that is available through a publicly available website operated by the state of California.<br><br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br><br>This standard is met as the document is proof that is, or likely will lead to, admissible evidence. |
| **<u>Ruling</u>** |
| **Sustained________ Overruled ________** |
| **<u>Evidence</u>** |

| | |
|---|---|
| **3.** | RJN [Dkt. 43], at ¶ 3 & Ex. 3: "Attached to this filing as **Exhibit 3** is a true and correct copy of Good Samaritan Hospital-San Jose 'Facility Detail' from the California Department of Health Care Access and Information at: https://lfis.hcai.ca.gov/Facility/106430779" |

**<u>Objections</u>**

<u>Failure To Identify Facts</u> (Fed. R. Evid. 201). Pursuant to Fed. R. Evid. 201(a), the Court may take judicial notice of adjudicative facts only. "[A]djudicative facts are those to which the law is applied in the process of adjudication." Advisory Notes to Fed. R. Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d); <u>In re: Homestore.com, Inc. Securities Litigation</u>, 347 F.Supp.2d 814, 816-17 (C.D. Cal. 2004. Here, Plaintiff fails to identify any facts of which she seeks judicial notice.

Instead, Plaintiff merely attaches to her RJN purported copies of various electronic documents without any identification of or explanation regarding any factual matter she claims is not subject to reasonable dispute and should be judicially noticed.

Accordingly, Plaintiff's request for judicial notice should be denied.

**<u>Response</u>**

Court may take judicial notice of the California hospital license details from the California Department of Health Care Access and Information website as it is "other matters of public record whose accuracy is not subject to reasonable dispute" as sufficiently detailed in the Request for Judicial Notice. *Motul S.A. v. USA Wholesale Lubricant, Inc.* (N.D.Cal. Aug. 8, 2023, No. 4:22-cv-04841-JSW) 2023 U.S.Dist.LEXIS 138282, at *10; *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1155 (N.D. Cal. 2014) (taking judicial notice of government website when neither party disputes the website's authenticity or accuracy of the information displayed therein); *Theta Chi Fraternity, Inc. v. Leland Stanford Junior University*, 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016) (taking judicial notice of

filings with the California Secretary of State because they are public records). There is no dispute as to the accuracy of this document that is available through a publicly available website operated by the state of California.

Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.

This standard is met as the document is proof that is, or likely will lead to, admissible evidence.

**Ruling**

**Sustained________ Overruled ________**

**Evidence**

| | |
|---|---|
| **4.** | RJN [Dkt. 43], at ¶ 4 & Ex. 4: "Attached to this filing as **Exhibit 4** is a true and correct copy of Riverside Community Hospital 'Facility Detail' from the California Department of Health Care Access and Information at: https://lfis.hcai.ca.gov/Facility/106331312" |

**Objections**

Failure To Identify Facts (Fed. R. Evid. 201). Pursuant to Fed. R. Evid. 201(a), the Court may take judicial notice of adjudicative facts only. "[A]djudicative facts are those to which the law is applied in the process of adjudication." Advisory Notes to Fed. R. Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial

| |
|---|
| court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d); In re: Homestore.com, Inc. Securities Litigation, 347 F.Supp.2d 814, 816-17 (C.D. Cal. 2004. Here, Plaintiff fails to identify any facts of which she seeks judicial notice.<br>Instead, Plaintiff merely attaches to her RJN purported copies of various electronic documents without any identification of or explanation regarding any factual matter she claims is not subject to reasonable dispute and should be judicially noticed.<br>Accordingly, Plaintiff's request for judicial notice should be denied. |
| **Response** |
| Court may take judicial notice of the California hospital license details from the California Department of Health Care Access and Information website as it is "other matters of public record whose accuracy is not subject to reasonable dispute" as sufficiently detailed in the Request for Judicial Notice. *Motul S.A. v. USA Wholesale Lubricant, Inc.* (N.D.Cal. Aug. 8, 2023, No. 4:22-cv-04841-JSW) 2023 U.S.Dist.LEXIS 138282, at *10; *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1155 (N.D. Cal. 2014) (taking judicial notice of government website when neither party disputes the website's authenticity or accuracy of the information displayed therein); *Theta Chi Fraternity, Inc. v. Leland Stanford Junior University*, 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016) (taking judicial notice of filings with the California Secretary of State because they are public records). There is no dispute as to the accuracy of this document that is available through a publicly available website operated by the state of California.<br><br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br>This standard is met as the document is proof that is, or likely will lead to, |

| | |
|---|---|
| admissible evidence. | |
| **Ruling** | |
| **Sustained________ Overruled ________** | |
| **Evidence** | |
| **5.** | RJN [Dkt. 43], at ¶ 5 & Ex. 5: "Attached to this filing as **Exhibit 5** is a true and correct copy of Regional Medical Center of San Jose 'Facility Detail' from the California Department of Health Care Access and Information at: https://lfis.hcai.ca.gov/Facility/106430705" |
| **Objections** | |
| Failure To Identify Facts (Fed. R. Evid. 201). Pursuant to Fed. R. Evid. 201(a), the Court may take judicial notice of adjudicative facts only. "[A]djudicative facts are those to which the law is applied in the process of adjudication." Advisory Notes to Fed. R. Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d); In re: Homestore.com, Inc. Securities Litigation, 347 F.Supp.2d 814, 816-17 (C.D. Cal. 2004. Here, Plaintiff fails to identify any facts of which she seeks judicial notice.<br>Instead, Plaintiff merely attaches to her RJN purported copies of various electronic documents without any identification of or explanation regarding any factual matter she claims is not subject to reasonable dispute and should be judicially noticed.<br>Accordingly, Plaintiff's request for judicial notice should be denied. | |
| **Response** | |

| |
|---|
| Court may take judicial notice of the California hospital license details from the California Department of Health Care Access and Information website as it is "other matters of public record whose accuracy is not subject to reasonable dispute" as sufficiently detailed in the Request for Judicial Notice. *Motul S.A. v. USA Wholesale Lubricant, Inc.* (N.D.Cal. Aug. 8, 2023, No. 4:22-cv-04841-JSW) 2023 U.S.Dist.LEXIS 138282, at *10; *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1155 (N.D. Cal. 2014) (taking judicial notice of government website when neither party disputes the website's authenticity or accuracy of the information displayed therein); *Theta Chi Fraternity, Inc. v. Leland Stanford Junior University*, 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016) (taking judicial notice of filings with the California Secretary of State because they are public records). There is no dispute as to the accuracy of this document that is available through a publicly available website operated by the state of California.<br><br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br><br>This standard is met as the document is proof that is, or likely will lead to, admissible evidence. |
| **<u>Ruling</u>** |
| **Sustained________ Overruled ________** |
| **<u>Evidence</u>** |

| | |
|---|---|
| **6.** | RJN [Dkt. 43], at ¶ 6 & Ex. 6: "Attached to this filing as **Exhibit 6** is a true and correct copy of State of California Authenticated Electronic Legal Material, Assembly Bill No. 2588, Chapter 351: An act to add Section 2802.1 to the Labor Code, relating to employment." |

**Objections**

Failure To Identify Facts (Fed. R. Evid. 201). Pursuant to Fed. R. Evid. 201(a), the Court maytake judicial notice of adjudicative facts only. "[A]djudicative facts are those to which the law is applied in the process of adjudication." Advisory Notes to Fed. R. Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d); In re: Homestore.com, Inc. Securities Litigation, 347 F.Supp.2d 814, 816-17 (C.D. Cal. 2004. Here, Plaintiff fails to identify any facts of which she seeks judicial notice.

Instead, Plaintiff merely attaches to her RJN purported copies of various electronic documents without any identification of or explanation regarding any factual matter she claims is not subject to reasonable dispute and should be judicially noticed. Accordingly, Plaintiff's request for judicial notice should be denied. In this instance, Plaintiff also fails to provide information regarding the source of the exhibit.

**Response**

Legislative history is subject to judicial notice and this legislative history is sufficiently identified in the Request for Judicial Notice. *In re Google Location History Litig.* (N.D.Cal. 2019) 428 F. Supp. 3d 185, 189. Specifically, a court may take judicial notice: (1) of matters of public record, *Khoja*, 899 F.3d at 999, (2) legislative history, *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012), and (3) publicly accessible websites whose accuracy and authenticity is not subject to dispute, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010). *Id.* A court may consider facts contained in the noticed materials. *Id.; citing Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). There is no dispute that the same is either available via a publicly available website whose accuracy is

| |
|---|
| not subject to reasonable dispute or legislative history.<br><br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br><br>This standard is met as the document is proof that is, or likely will lead to, admissible evidence. |
| **Ruling** |
| **Sustained________ Overruled ________** |
| **Evidence** |
| **7.** RJN [Dkt. 43], at ¶ 7 & Ex. 7: "Attached to this filing as **Exhibit 7** is a true and correct copy of Concurrence in Senate Amendments, AB 2588 (Kalra) from https://legalinfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=20 19 20200AB2588." |
| **Objections** |
| Failure To Identify Facts (Fed. R. Evid. 201). Pursuant to Fed. R. Evid. 201(a), the Court may take judicial notice of adjudicative facts only. "[A]djudicative facts are those to which the law is applied in the process of adjudication." Advisory Notes to Fed. R. Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial |

| |
|---|
| court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d); In re: Homestore.com, Inc. Securities Litigation, 347 F.Supp.2d 814, 816-17 (C.D. Cal. 2004. Here, Plaintiff fails to identify any facts of which she seeks judicial notice.<br>Instead, Plaintiff merely attaches to her RJN purported copies of various electronic documents without any identification of or explanation regarding any factual matter she claims is not subject to reasonable dispute and should be judicially noticed.<br>Accordingly, Plaintiff's request for judicial notice should be denied. |
| **Response** |
| Legislative history is subject to judicial notice and this legislative history is sufficiently identified in the Request for Judicial Notice. *In re Google Location History Litig.* (N.D.Cal. 2019) 428 F. Supp. 3d 185, 189. Specifically, a court may take judicial notice: (1) of matters of public record, *Khoja*, 899 F.3d at 999, (2) legislative history, *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012), and (3) publicly accessible websites whose accuracy and authenticity is not subject to dispute, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010). *Id.* A court may consider facts contained in the noticed materials. *Id.; citing Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). There is no dispute that the same is either available via a publicly available website whose accuracy is not subject to reasonable dispute or legislative history.<br><br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br>This standard is met as the document is proof that is, or likely will lead to, admissible evidence. |

| | |
|---|---|
| | |
| **Ruling** | |
| **Sustained________ Overruled ________** | |
| **Evidence** | |
| **8.** | RJN [Dkt. 43], at ¶ 8 & Ex. 8: "Attached to this filing as **Exhibit 8** is a true and correct copy of State of California Department of Consumer Affairs, Board of Registered Nursing; Examination Application Fees and Instructions from https://www.rn.ca.gov/applicants/lic- exam.shtml." |
| **Objections** | |
| Failure To Identify Facts (Fed. R. Evid. 201). Pursuant to Fed. R. Evid. 201(a), the Court may take judicial notice of adjudicative facts only. "[A]djudicative facts are those to which the law is applied in the process of adjudication." Advisory Notes to Fed. R. Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d); In re: Homestore.com, Inc. Securities Litigation, 347 F.Supp.2d 814, 816-17 (C.D. Cal. 2004. Here, Plaintiff fails to identify any facts of which she seeks judicial notice.<br>Instead, Plaintiff merely attaches to her RJN purported copies of various electronic documents without any identification of or explanation regarding any factual matter she claims is not subject to reasonable dispute and should be judicially noticed.<br>Accordingly, Plaintiff's request for judicial notice should be denied. | |
| **Response** | |

| |
|---|
| Court may take judicial notice of the State of California Department of Consumer Affairs, Board of Registered Nursing, Examination Application Fees & Instructions as it is "other matters of public record whose accuracy is not subject to reasonable dispute" as sufficiently detailed in the Request for Judicial Notice. *Motul S.A. v. USA Wholesale Lubricant, Inc.* (N.D.Cal. Aug. 8, 2023, No. 4:22-cv-04841-JSW) 2023 U.S.Dist.LEXIS 138282, at *10; *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1155 (N.D. Cal. 2014) (taking judicial notice of government website when neither party disputes the website's authenticity or accuracy of the information displayed therein); *Theta Chi Fraternity, Inc. v. Leland Stanford Junior University*, 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016) (taking judicial notice of filings with the California Secretary of State because they are public records). There is no dispute as to the accuracy of this document that is available through a publicly available website operated by the state of California.<br><br>Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.<br><br>This standard is met as the document is proof that is, or likely will lead to, admissible evidence. |
| **Ruling** |
| **Sustained________ Overruled ________** |
| **Evidence** |

| **9.** | RJN [Dkt. 43], at ¶ 9 & Ex. 9: "Attached to this filing as **Exhibit 9** is a true and correct copy California Board of Registered Nursing; Important Information for Applicants from https://www.rn.ca.gov/statuts.shtml." |
|---|---|

**Objections**

Failure To Identify Facts (Fed. R. Evid. 201). Pursuant to Fed. R. Evid. 201(a), the Court may take judicial notice of adjudicative facts only. "[A]djudicative facts are those to which the law is applied in the process of adjudication." Advisory Notes to Fed. R. Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable disputein that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d); In re: Homestore.com, Inc. Securities Litigation, 347 F.Supp.2d 814, 816-17 (C.D. Cal. 2004. Here, Plaintiff fails to identify any facts of which she seeks judicial notice.

Instead, Plaintiff merely attaches to her RJN purported copies of various electronic documents without any identification of or explanation regarding any factual matter she claims is not subject to reasonable dispute and should be judicially noticed.

Accordingly, Plaintiff's request for judicial notice should be denied.

**Response**

Court may take judicial notice of the California Board of Registered Nursing Important Information for Applicants website as it is "other matters of public record whose accuracy is not subject to reasonable dispute" as sufficiently detailed in the Request for Judicial Notice. *Motul S.A. v. USA Wholesale Lubricant, Inc.* (N.D.Cal. Aug. 8, 2023, No. 4:22-cv-04841-JSW) 2023 U.S.Dist.LEXIS 138282, at *10; *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1155 (N.D. Cal. 2014) (taking judicial notice of government website when neither party disputes the website's authenticity or accuracy of the information displayed therein); *Theta Chi Fraternity, Inc. v. Leland Stanford Junior University*, 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016) (taking judicial notice of filings with the California Secretary of State because they are public records). There is no dispute as to the accuracy of this document that is available through a publicly

available website operated by the state of California.

Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.

This standard is met as the document is proof that is, or likely will lead to, admissible evidence.

**Ruling**

**Sustained________ Overruled ________**

**Evidence**

| | |
|---|---|
| **10.** | RJN [Dkt. 43], at ¶ 10 & Ex. 10: "Attached to this filing as **Exhibit 10** is a true and correct copy California Board of Registered Nursing; Licensure by Examination from https://www.rn.ca.gov/lic-exam.shtml." |

**Objections**

Failure To Identify Facts (Fed. R. Evid. 201). Pursuant to Fed. R. Evid. 201(a), the Court may take judicial notice of adjudicative facts only. "[A]djudicative facts are thoseto which the law is applied in the process of adjudication." Advisory Notes to Fed. R. Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial

notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d); In re: Homestore.com, Inc. Securities Litigation, 347 F.Supp.2d 814, 816-17 (C.D. Cal. 2004. Here, Plaintiff fails to identify any facts of which she seeks judicial notice.

Instead, Plaintiff merely attaches to her RJN purported copies of various electronic documents without any identification of or explanation regarding any factual matter she claims is not subject to reasonable dispute and should be judicially noticed.

Accordingly, Plaintiff's request for judicial notice should be denied.

**Response**

Court may take judicial notice of the California Board of Registered Nursing Licensure by Examination website as it is "other matters of public record whose accuracy is not subject to reasonable dispute" as sufficiently detailed in the Request for Judicial Notice. *Motul S.A. v. USA Wholesale Lubricant, Inc.* (N.D.Cal. Aug. 8, 2023, No. 4:22-cv-04841-JSW) 2023 U.S.Dist.LEXIS 138282, at *10; *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1155 (N.D. Cal. 2014) (taking judicial notice of government website when neither party disputes the website's authenticity or accuracy of the information displayed therein); *Theta Chi Fraternity, Inc. v. Leland Stanford Junior University*, 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016) (taking judicial notice of filings with the California Secretary of State because they are public records). There is no dispute as to the accuracy of this document that is available through a publicly available website operated by the state of California.

Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). "The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence." *Id.* at 1006.

This standard is met as the document is proof that is, or likely will lead to, admissible evidence.

| **<u>Ruling</u>** |
|---|
| **Sustained________ Overruled ________** |

| **<u>Evidence</u>** | |
|---|---|
| **11.** | RJN [Dkt. 43], at ¶ 11 & Ex. 11: "Attached to this filing as **Exhibit 11** is a true and correct copy California Board of Registered Nursing; Pre-Licensure RN Programs, https://www.rn.ca.gov/lic- exam.shtml." |

| **<u>Objections</u>** |
|---|
| <u>Failure To Identify Facts</u> (Fed. R. Evid. 201). Pursuant to Fed. R. Evid. 201(a), the Court may take judicial notice of adjudicative facts only. "[A]djudicative facts are those to which the law is applied in the process of adjudication." Advisory Notes to Fed. R. Evid. 201 (quoting Kenneth Davis, 2 Administrative Law Treatise at 353). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d); <u>In re: Homestore.com, Inc. Securities Litigation</u>, 347 F.Supp.2d 814, 816-17 (C.D. Cal. 2004. Here, Plaintiff fails to identify any facts of which she seeks judicial notice.<br>Instead, Plaintiff merely attaches to her RJN purported copies of various electronic documents without any identification of or explanation regarding any factual matter she claims is not subject to reasonable dispute and should be judicially noticed.<br>Accordingly, Plaintiff's request for judicial notice should be denied. |

| **<u>Response</u>** |
|---|
| Court may take judicial notice of the California Board of Registered Nursing Pre-Licensure RN Programs website as it is "other matters of public record whose accuracy is not subject to reasonable dispute" as sufficiently detailed in the Request for Judicial Notice. *Motul S.A. v. USA Wholesale Lubricant,* |

*Inc.* (N.D.Cal. Aug. 8, 2023, No. 4:22-cv-04841-JSW) 2023 U.S.Dist.LEXIS 138282, at *10; *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1155 (N.D. Cal. 2014) (taking judicial notice of government website when neither party disputes the website's authenticity or accuracy of the information displayed therein); *Theta Chi Fraternity, Inc. v. Leland Stanford Junior University*, 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016) (taking judicial notice of filings with the California Secretary of State because they are public records). There is no dispute as to the accuracy of this document that is available through a publicly available website operated by the state of California.

Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. “Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018) 909 F.3d 996, 1004-1005; *citing Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). “The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence.” *Id.* at 1006.

This standard is met as the document is proof that is, or likely will lead to, admissible evidence.

**Ruling**

**Sustained________ Overruled ________**

DATED: November 13, 2023 **THE MYERS LAW GROUP, A.P.C.**

By: /s/Jason Hatcher
David P. Myers,
Jason Hatcher,
Andriana Bravo,
Attorneys for Plaintiff, on behalf of herself and all others similarly situated.