David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Jason Hatcher (SBN 285481)
jhatcher@myerslawgroup.com
Andriana Bravo (SBN 349191)
abravo@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff JACQUI RUM, and all others similarly situated.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:23-CV-05142-JFW(BFMx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY CLASS ACTION**<br><br>Date: November 27, 2023<br>Time: 1:30 p.m<br>Courtroom: 7A<br><br>Complaint filed: April 19, 2023<br>Removed: June 30, 2023 |

Plaintiff Jacqui Rum ("Plaintiff") hereby submits the following objections to evidence in support of Defendants HCA Healthcare, Inc., HealthTrust Workforce Solutions, LLC, and Los Robles Regional Medical Center's (collectively "Defendants"), Opposition to Plaintiff's Motion for Class Action Certification.

## <u>OBJECTIONS TO DECLARATION OF DORITA SONDEREKER</u>

**1. <u>Objection to the following statements in Paragraph 4:</u>**

> The StaRN Program offers . . . the opportunity to obtain continuing education credit that satisfies licensure requirements . . . .

**<u>Plaintiff's Objections:</u>**

<u>Lacks Foundation, Lacks Personal Knowledge, Fed. R. Evid. Rule 602; Opinion Testimony by a Lay Witness, Fed. R. Evid. 701.</u> All testimony must have necessary foundations established before it can be admitted in evidence. Lay witnesses cannot testify as to opinions, conclusions or inferences. Ms. Sondereker is not an expert in regard to continuing education credit and cannot attest as to whether the StaRN Program, or any certifications that may be obtained within, can be used to obtain continuing education credit that satisfies nursing licensure requirements. See [Dkt. 43, Exs. 8-12]. Notably, the common evidence establishes that the StaRN Program <u>is disqualified from use for CE credits</u> as the StaRN Program is an orientation designed to familiarize the applicants/employees (the TRAP Debt Class) with policies and procedures of the specified unit at the Facility (i.e. the hospital departments/units . . . Emergency, Perioperative, NICU, etc.). [Dkt. 43-12 at RJN 12 at ECF p. 5] ("Unacceptable courses . . . Orientation programs – orientation meaning a specific series of activities designed to familiarize employees with the policies and procedures of an institution"); [Dkt. 42-3 at ECF p. 2] ("This contract covers the training, education, and preceptor time to prepare you with skills & confidence to adapt well to your assigned facility."); [Dkt. 42-12 at ECF p. 2] (employee "to receive education and training to prepare them for work as an RN in designated specialty areas" in the assigned facility]; [Dkt. 44-2 at ECF p. 3, HWS 1879]; [Dkt. 44-3 at

ECF p. 3, HWS 1869]; [Dkt. 44-4 at ECF p. 3, HWS 1859]; [Dkt. 44-5 at ECF p. 3, HWS 1850]; [Dkt. 44-13 at ECF p. 3]; (Reply Decl. Hatcher at Ex. 2 at HWS 47, 50, 53, 56) (StaRN Program is "training to newly licensed nurses" and "[t]he newly licensed nurse is not only oriented to the facility in which he or she will be working, but is better prepared for a standard patient assignment upon successful completion of the . . . program."). Despite this, even if it was not disqualified, the StaRN Program could not be claimed for CE credit as newly licensed RNs are exempt from CE requirements during the first two years of licensure, i.e. when the StaRN Program is completed. [Dkt. 43-12, RJN Ex. 12 at ECF p. 2 and 7] (newly licensed RNs' first CE reporting is for CE taken during the 3rd and 4th years); 16 CCR §1451; [Dkt. 42-7 at ECF p. 3] (StaRN Program is only 10-22 weeks); (Reply Decl. Hatcher at Ex. 1) (Recruiting is to "[s]ource newly licensed graduate nurses into the StaRN Program"). Nowhere in the regulations, or California Board of Nursing website, is the StaRN Program, or any of its components, identified or listed as a "required" (i.e. mandatory) course that must be taken for CE requirements or licensure as an RN. *See* 16 CCR 1451.2; 16 CCR 1454; 16 CCR 1454; (RJN 12). To this, an employer cannot require patronage of an employee or applicant. Labor Code §450.

Accordingly, the above statements should be excluded.

Sustained _______ Overruled _______

2. **<u>Objection to the following statements in Paragraph 5:</u>**

> Through the StaRN Program, some participants receive certifications such as Advanced Life Support ("ALS") training that may count towards the Board's requirements. Depending on the specialty in which they enroll, StaRN participants may also receive specialty certifications such as Pediatric Advanced Life Support ("PALS") and Certified Emergency Nurse certifications, that likewise may be used for continuing education credit.

**<u>Plaintiff's Objections:</u>**

<u>Lacks Foundation, Lacks Personal Knowledge, Fed. R. Evid. Rule 602; Opinion Testimony by a Lay Witness, Fed. R. Evid. 701.</u>

All testimony must have necessary foundations established before it can be admitted in evidence. Lay witnesses cannot testify as to opinions, conclusions or inferences. Ms. Sondereker is not an expert in regard to continuing education credit and cannot attest as to whether the StaRN Program, or any certifications that may be obtained within, can be used to obtain continuing education credit that satisfies nursing licensure requirements. See [Dkt. 43, Exs. 8-12]. Notably, the common evidence establishes that the StaRN Program <u>is disqualified from use for CE credits</u> as the StaRN Program is an orientation designed to familiarize the applicants/employees (the TRAP Debt Class) with policies and procedures of the specified unit at the Facility (i.e. the hospital departments/units . . . Emergency, Perioperative, NICU, etc.). [Dkt. 43-12 at RJN 12 at ECF p. 5] ("Unacceptable courses . . . Orientation programs – orientation meaning a specific series of activities designed to familiarize employees with the policies and procedures of an institution"); [Dkt. 42-3 at ECF p. 2] ("This contract covers the training, education, and preceptor time to prepare you with skills & confidence to adapt well to your assigned facility."); [Dkt. 42-12 at ECF p. 2] (employee "to receive education and training to prepare them for work as an RN in designated specialty areas" in the assigned facility]; [Dkt. 44-2 at ECF p. 3, HWS 1879]; [Dkt. 44-3 at ECF p. 3, HWS 1869]; [Dkt. 44-4 at ECF p. 3, HWS 1859]; [Dkt. 44-5 at ECF p. 3, HWS 1850]; [Dkt. 44-13 at ECF p. 3]; (Reply Decl. Hatcher at Ex. 2 at HWS 47, 50, 53, 56) (StaRN Program is "training to newly licensed nurses" and "[t]he newly licensed nurse is not only oriented to the facility in which he or she will be working, but is better prepared for a standard patient assignment upon successful completion of the . . . program."). Despite this, even if it was not disqualified, the StaRN Program could not be claimed for CE credit as newly licensed RNs are exempt from CE requirements during the first two years of licensure, i.e. when the StaRN Program is completed. [Dkt. 43-12,

RJN Ex. 12 at ECF p. 2 and 7] (newly licensed RNs' first CE reporting is for CE taken during the 3rd and 4th years); 16 CCR §1451; [Dkt. 42-7 at ECF p. 3] (StaRN Program is only 10-22 weeks); (Reply Decl. Hatcher at Ex. 1) (Recruiting is to "[s]ource newly licensed graduate nurses into the StaRN Program"). Nowhere in the regulations, or California Board of Nursing website, is the StaRN Program, or any of its components, identified or listed as a "required" (i.e. mandatory) course that must be taken for CE requirements or licensure as an RN. *See* 16 CCR 1451.2; 16 CCR 1454; 16 CCR 1454; (RJN 12). To this, an employer cannot require patronage of an employee or applicant. Labor Code §450.

Accordingly, the above statements should be excluded.

Sustained _______ Overruled _______

DATED: November 13, 2023 **THE MYERS LAW GROUP, A.P.C.**

By: /s/Jason Hatcher
David P. Myers,
Jason Hatcher,
Andriana Bravo,
Attorneys for Plaintiff, on behalf of herself and all others similarly situated.