SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
rsimmons@sheppardmullin.com
JASON W. KEARNAGHAN, Cal. Bar No. 207707
jkearnaghan@sheppardmullin.com
BRYANNE J. LEWIS, Cal Bar No. 311763
blewis@sheppardmullin.com
IAN A. MICHALAK, Cal. Bar No. 335425
imichalak@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398

MELANIE M. HAMILTON, Cal. Bar No. 268037
mhamilton@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Defendants
HCA HEALTHCARE, INC., HEALTHTRUST WORKFORCE SOLUTIONS, LLC, and LOS ROBLES REGIONAL MEDICAL CENTER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No. 2:23-cv-05142-JFW-BFM<br>Hon. John F. Walter, Courtroom 7A<br><br>**DEFENDANTS' SUPPLEMENTAL OBJECTIONS TO PLAINTIFF'S IMPROPER NEW EVIDENCE SUBMITTED WITH REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>[*Filed concurrently with [Proposed] Order re Supplemental Objections to Evidence*]<br><br>Date: November 27, 2023<br>Place: Courtroom 7A<br>Time: 1:30 p.m.<br><br>Complaint Filed; April 19, 2023<br>FAC Filed: May 10, 2023<br>Trial Date: October 29, 2024 |

Defendants HCA Healthcare, Inc., HealthTrust Workforce Solutions, LLC, and Los Robles Regional Medical Center ("Defendants") hereby object to the following portions of evidence submitted by Plaintiff Jacqui Rum ("Plaintiff") in her Reply in support of her Motion for Class Action Certification [Dkt. 46.] Defendants request that the Court exclude and/or disregard the evidence as set forth below.

**Objections to the Declaration of Hunter B. Cerone [Dkt. 46-1]**

| | **Evidence** | **Objections** |
|---|---|---|
| 26. | Cerone Declaration [Dkt. 46-1.] | Improper evidence on Reply: Cerone's declaration was not submitted with Plaintiff's Motion and unfairly deprives Defendants the opportunity to respond. Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 895 (1990); Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief"); In re Hansen Natural Corp. Sec. Litig., 527 F. Supp. 2d 1142, 1149, n.2 (C.D. Cal. 2007) ("the Court will not consider new evidence presented for the first time in a Reply")<br><br>Lacks Foundation; Speculation (Fed. R. Evid. 104, 602). Cerone fails to lay a foundation regarding: (1) whether he received any letters requesting StaRN Payments; (2) whether he actually made any StaRN Payments; (3) if he worked at any of Defendants' facilities; (4) what position he worked in; and (5) when he was hired. Accordingly, his statements lack foundation and should be stricken. See McIndoe v. Huntington |

| | Evidence | Objections |
|---|---|---|
| | | Ingalls Inc., 817 F.3d 1170, 1173 (9th Cir. 2016). |
| 27. | Cerone Declaration [Dkt. 46-1.], at ¶ 3, "I feel it is necessary to stand for other newly licensed registered nurses in the state of California that were subjected to the predatory nature of the StaRN Program, StaRN agreements and promissory notes, to prevent California hospitals from entrapping employees and threatening financial adverse ramifications through indebtedness for resignation or termination of employment." | Improper Argument (Fed. R. Evid. 701) Cerone's conclusory statement constitutes improper argument.<br><br>Irrelevant (Fed. R. Evid. 401, 402): Cerone's "feelings" concerning this case are irrelevant to Plaintiff's Motion.<br><br>Lacks Foundation; Speculation (Fed. R. Evid. 104, 602). Cerone fails to lay a foundation regarding his statement concerning "threatening financial adverse ramifications." Accordingly, his statement is entirely speculative and should be stricken. See McIndoe v. Huntington Ingalls Inc., 817 F.3d 1170, 1173 (9th Cir. 2016). |

**Objections to the Declaration of Jason Hatcher [Dkt. 46-2]**

| | Evidence | Objections |
|---|---|---|
| 28. | Hatcher Declaration [Dkt. 46-2.], Exs. 1 and 2 [Dkt. 46-3; 46-4.] | Improper evidence on Reply: Hatcher's declaration and exhibits were not submitted with Plaintiff's Motion and unfairly deprives Defendants the opportunity to respond. Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 895 (1990); Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief"); In re Hansen Natural Corp. Sec. Litig., 527 F. Supp. 2d 1142, 1149, n.2 (C.D. Cal. 2007) ("the Court will not consider new |

| | Evidence | Objections |
|---|---|---|
| | | evidence presented for the first time in a Reply"). Hatcher's exhibits are cited in Plaintiff's Reply regarding applicability of training for continuing education credits [Dkt. 46], at 7:18-8:13.] Plaintiff raised this argument in her Motion and had the opportunity to submit this evidence with her Motion, but failed to do so. See [Dkt. 42-1], at 15:7-16:18. |

Dated: November 15, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Ian A. Michalak

RICHARD J. SIMMONS
JASON W. KEARNAGHAN
MELANIE M. HAMILTON
BRYANNE J. LEWIS
IAN A. MICHALAK

Attorneys for Defendants
HCA HEALTHCARE, INC., HEALTHTRUST WORKFORCE SOLUTIONS, LLC, and LOS ROBLES REGIONAL MEDICAL CENTER