SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
rsimmons@sheppardmullin.com
JASON W. KEARNAGHAN, Cal. Bar No. 207707
jkearnaghan@sheppardmullin.com
BRYANNE J. LEWIS, Cal Bar No. 311763
blewis@sheppardmullin.com
IAN A. MICHALAK, Cal. Bar No. 335425
imichalak@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398

MELANIE M. HAMILTON, Cal. Bar No. 268037
mhamilton@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Defendants
HCA HEALTHCARE, INC., HEALTHTRUST WORKFORCE SOLUTIONS, LLC, and LOS ROBLES REGIONAL MEDICAL CENTER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No. 2:23-cv-05142-JFW-BFM<br>Hon. John F. Walter, Courtroom 7A<br><br>**DEFENDANTS' SUPPLEMENTAL OBJECTIONS TO PLAINTIFF'S IMPROPER NEW EVIDENCE SUBMITTED WITH ERRATA IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>[*Filed concurrently with [Proposed] Order re Supplemental Objections to Evidence*]<br><br>Date: November 27, 2023<br>Place: Courtroom 7A<br>Time: 1:30 p.m.<br><br>Complaint Filed; April 19, 2023<br>FAC Filed: May 10, 2023<br>Trial Date: October 29, 2024 |

Defendants HCA Healthcare, Inc., HealthTrust Workforce Solutions, LLC, and Los Robles Regional Medical Center ("Defendants") hereby object to the following portions of evidence submitted by Plaintiff Jacqui Rum ("Plaintiff") in her Errata in support of her Motion for Class Action Certification [Dkt. 52.] Defendants request that the Court exclude and/or disregard the evidence as set forth below.

**Objections to the Declaration of Hunter B. Cerone [Dkt. 52-1]**

| | Evidence | Objections |
|---|---|---|
| 29. | Cerone Declaration [Dkt. 52-1.] | Improper evidence on Reply: Cerone's declaration was not submitted with Plaintiff's Motion and unfairly deprives Defendants the opportunity to respond. Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 895 (1990); Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief"); In re Hansen Natural Corp. Sec. Litig., 527 F. Supp. 2d 1142, 1149, n.2 (C.D. Cal. 2007) ("the Court will not consider new evidence presented for the first time in a Reply"). Plaintiff's Errata does not submit any evidence as to why the declaration was "inadvertently omitted" or why the omittance should be excused. [Dkt. 52.]<br><br>Irrelevant (Fed. R. Evid. 401, 402): Cerone fails to allege she received any payment letters seeking payment related to the StaRN Program or actually made any payments related to the StaRN Program. |

| | Evidence | Objections |
|---|---|---|
| 30. | Cerone Declaration [Dkt. 52-1.], at ¶ 2, "I began in the StaRN Program on or about April 24, 2023, and will be working at the West Hills Hospital facility as a Registered Nurse." | Irrelevant (Fed. R. Evid. 401, 402): Cerone's alleged hire date is after Defendants directed all collection efforts related to the StaRN Program be discontinued. [Dkt. 45-1], ¶ 6. |
| 31. | Cerone Declaration [Dkt. 52-1.], at ¶ 3, Ex. T "Exhibit T is a true and correct redacted copy of correspondence from an Associate Recruiter Far West Division HCA Healthcare dated February 1, 2023." | Best Evidence; Rule of Completeness; and Hearsay (Fed. R. Evid. 1002, 106, and 801): Cerone fails to attach what she purports to be Exhibit T. |
| 32. | Cerone Declaration [Dkt. 52-1.], at ¶ 5, Ex. U "Exhibit U is a true and correct copy of correspondence between HealthTrust Workforce Solutions and I that is dated June 17, 2023." | Best Evidence; Rule of Completeness; and Hearsay (Fed. R. Evid. 1002, 106, and 801): Cerone fails to attach what she purports to be Exhibit U. |
| 33. | Cerone Declaration [Dkt. 52-1.], at ¶ 6, "I have reviewed Exhibit E [Document 26-6] of Jacqui Rum's Declaration and recognize that I received the same or similar document during my StaRN Program." | Best Evidence; Rule of Completeness; and Hearsay (Fed. R. Evid. 1002, 106, and 801): Cerone fails to attach the document she alleges she received that was "the same or similar" to the document Plaintiff received. |
| 34. | Cerone Declaration [Dkt. 52-1.], at ¶ 7, Ex. V "Exhibit V is a true and correct redacted copy of correspondence for the StaRN Program dated July 10, 2023." | Best Evidence; Rule of Completeness; and Hearsay (Fed. R. Evid. 1002, 106, and 801): Cerone fails to attach what she purports to be Exhibit V. |
| 35. | Cerone Declaration [Dkt. 52-1.], at ¶ 8, Ex. W "Exhibit W is a true and correct copy of | Best Evidence; Rule of Completeness; and Hearsay (Fed. R. Evid. 1002, 106, |

| | **Evidence** | **Objections** |
|---|---|---|
| | correspondence from HealthTrust Workforce Solutions dated April 12, 2023." | and 801): Cerone fails to attach what she purports to be Exhibit W. |
| 36. | Cerone Declaration [Dkt. 52-1.], at ¶ 9, Ex. X "Exhibit X is a true and correct copy of correspondence from Megan S. Mandragon Associate Recruiter dated February 27, 2023." | Best Evidence; Rule of Completeness; and Hearsay (Fed. R. Evid. 1002, 106, and 801): Cerone fails to attach what she purports to be Exhibit X. |
| 37. | Cerone Declaration [Dkt. 52-1.], at ¶ 10, "I have reviewed Exhibit I-2 of Jacqui Rum's Declaration [Document Number 26-11] and recognize that I received the same or similar document as part of my condition of employment for the StaRN Program." | Best Evidence; Rule of Completeness; and Hearsay (Fed. R. Evid. 1002, 106, and 801): Cerone fails to attach the document she alleges she received that was "the same or similar" to the document Plaintiff received. |
| 38. | Cerone Declaration [Dkt. 52-1.], at ¶ 11, "I have reviewed Exhibit I-3 of Jacqui Rum's Declaration [Document Number 26-12] and recognize that I received the same or similar document as part of my condition of employment for the StaRN Program." | Best Evidence; Rule of Completeness; and Hearsay (Fed. R. Evid. 1002, 106, and 801): Cerone fails to attach the document she alleges she received that was "the same or similar" to the document Plaintiff received. |
| 39. | Cerone Declaration [Dkt. 52-1.], at ¶ 12, "Due to the belief that I would have to pay my employers for employer-provided/required training and education if I do not complete two years of employment causes me stress and anxiety over my finances and future. On multiple occasions, I cried to my husband about feeling | Lacks Foundation; Speculation (Fed. R. Evid. 104, 602). Cerone fails to lay a foundation regarding her statement that she feels "stress" or "anxiety." Cerone does not submit any evidence concerning actual effects to her finances. Accordingly, her statements are entirely speculative and should be stricken. See McIndoe v. Huntington |

| | Evidence | Objections |
|---|---|---|
| | and being trapped by the StaRN debt." | Ingalls Inc., 817 F.3d 1170, 1173 (9th Cir. 2016).<br><br>Irrelevant (Fed. R. Evid. 401, 402): Cerone's statements are irrelevant in the absence of an allegation that she received any payment letters seeking payment related to the StaRN Program or actually made any payments related to the StaRN Program. |
| 40. | Cerone Declaration [Dkt. 52-1], Ex. SS [Dkt. 52-2.] | Lacks Authentication: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." (Fed. R. Ev. 901). Cerone fails to offer any evidence to authenticate Exhibit SS, including the date it was received, the person(s) who gave her the document, or how the document has been maintained.<br><br>Lacks Foundation; Speculation (Fed. R. Evid. 104, 602). Cerone fails to lay a foundation regarding the date she received the document or the person(s) who gave her the document. See McIndoe v. Huntington Ingalls Inc., 817 F.3d 1170, 1173 (9th Cir. 2016). |

Dated: November 20, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Ian A. Michalak

RICHARD J. SIMMONS
JASON W. KEARNAGHAN
MELANIE M. HAMILTON
BRYANNE J. LEWIS
IAN A. MICHALAK

Attorneys for Defendants
HCA HEALTHCARE, INC., HEALTHTRUST WORKFORCE SOLUTIONS, LLC, and LOS ROBLES REGIONAL MEDICAL CENTER