SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
rsimmons@sheppardmullin.com
JASON W. KEARNAGHAN, Cal. Bar No. 207707
jkearnaghan@sheppardmullin.com
BRYANNE J. LEWIS, Cal Bar No. 311763
blewis@sheppardmullin.com
IAN A. MICHALAK, Cal. Bar No. 335425
imichalak@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398

MELANIE M. HAMILTON, Cal. Bar No. 268037
mhamilton@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Defendants
HCA HEALTHCARE, INC., HEALTHTRUST WORKFORCE SOLUTIONS, LLC, and LOS ROBLES REGIONAL MEDICAL CENTER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No. 2:23-cv-05142-JFW-BFM<br>Hon. John F. Walter, Courtroom 7A<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO PARTIALLY DISMISS, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[*Filed concurrently with Separate Statement; Memorandum of Points and Authorities; Declarations of Davita Carpenter and Dorita Sondereker*]<br><br>Date: January 22, 2024<br>Place: Courtroom 7A<br>Time: 1:30 p.m.<br><br>Complaint Filed: April 19, 2023<br>FAC Filed: May 10, 2023<br>Trial Date: October 29. 2024 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on January 22, 2024 at 1:30 p.m. in Courtroom 7A, in the United States District Court for the Central District of California, located at 350 W. 1st St., Los Angeles, CA 90012, Defendants HCA Healthcare, Inc., HealthTrust Workforce Solutions, LLC, and Los Robles Regional Medical Center's ("Defendants") will and hereby do move for partial dismissal[1] pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and FRCP 12(h)(3),[2] or in the alternative FRCP 56 motion for partial summary judgment, as to Plaintiff's first and sixth causes of action in her First Amended Complaint for failure to indemnify necessary business expenditures under Labor Code sections 2802, 2802.1, and 2804 and the derivative violation of the Unfair Competition Law under Business and Professions Code sections 17200, *et seq.* ("UCL"), on the following grounds (issues):

(1) Plaintiff's failure to reimburse business expenditures (first cause of action, Labor Code Sections 2802, 2802.1, and 2804) is moot because Defendants sent Plaintiff written notification that she is no longer under (she has been released

---

[1] A defendant may move to dismiss particular claims for lack of subject matter jurisdiction without moving to dismiss the entire case. Huifang Zhang v. United States, No. C19-1211-RSM, 2020 U.S. Dist. LEXIS 78237, at *10 (W.D. Wash. May 4, 2020); San Diego Coastkeeper v. Pick-Your-Part Auto Wrecking, No. 22-CV-1693 TWR (DDL), 2023 U.S. Dist. LEXIS 132675 (S.D. Cal. July 31, 2023); Taylor v. Wolf, No. CV 20-39-M-DLC, 2020 U.S. Dist. LEXIS 184239 (D. Mont. Oct. 5, 2020); DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006).

[2] While Rule 12(b) motions generally must be made before the moving party files a responsive pleading, Rule 12(h)(3) eliminates this deadline. Fed. R. Civ. Proc. 12(h)(3); Wood v. City of San Diego, 678 F.3d 1075, 1082 (9th Cir. 2012); see also Berkshire Fashion, Inc. v. M.V. Hakusan II, 954 F.2d 874, 880, n.2 (3rd Cir. 1992); Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); Pepper v. Apple Inc. (In re Apple iPhone Antitrust Litig.), 846 F.3d 313, 319 (9th Cir. 2017).

from any) an obligation to make payments related to the Specialty Training Apprenticeship for Registered Nurses Program ("StaRN Program") and Defendants have ceased active collection practices since April 2023.

(2) Plaintiff's lacks standing to bring her failure to reimburse business expenditures (first cause of action, Labor Code Sections 2802, 2802.1, and 2804) claim because she has never made payments related to the StaRN Program and not suffered an injury-in-fact.

(3) Plaintiff's failure to reimburse business expenditures (first cause of action, Labor Code Sections 2802, 2802.1, and 2804) claim fails because she has not "incurred" a business expense.

(4) Plaintiff's claim under the UCL (sixth cause of action, Business and Professions Code section 17200, et seq.) is moot because it is derivative of Plaintiff's failure to reimburse claim, which is moot.[3]

(5) Plaintiff lacks standing to bring her UCL claim (sixth cause of action, Business and Professions Code section 17200, et seq.) because it is derivative of Plaintiff's failure to reimburse claim, for which she lacks standing.

(6) Plaintiff's UCL (sixth cause of action, Business and Professions Code section 17200, et seq.) claim fails because it is derivative of Plaintiff's failure to reimburse claims, for which she has not "incurred" a business expense.

This Motion is based on Defendants' Notice of Motion and Motion, Memorandum of Points and Authorities, Separate Statement of Uncontroverted

[3] The Court may partially dismiss a claim to the extent it is derivative of other claims. See Gordon v. Abbott Vascular Inc., No. 5:22-cv-01438-NICS-SHK, 2023 U.S. Dist. LEXIS 52971, at * 17 (C.D. Cal. Jan. 30, 2023) ("Because Plaintiff's UCL claim relies on and is derivative of her other claims which the Court has dismissed… Plaintiff's UCL claim under the unlawful prong is dismissed except to the extent it is derivative of her [surviving claims]."); Miller v. Amazon.com Inc., No. 17-cv-03488-MMC, 2018 U.S. Dist. LEXIS 206496, at * 29 (N.D. Cal. Dec. 6, 2018).

Facts and Statements of Law, declarations, all other pleadings and papers on file in this action, any oral argument at the hearing on the Motion, and any further matters of which this Court may take judicial notice. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 8, 2023. [Dkt. 60, at 3:11-14.]

Dated: December 18, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Ian A. Michalak

RICHARD J. SIMMONS
JASON W. KEARNAGHAN
MELANIE M. HAMILTON
BRYANNE J. LEWIS
IAN A. MICHALAK

Attorneys for Defendants
HCA HEALTHCARE, INC., HEALTHTRUST WORKFORCE SOLUTIONS, LLC, and LOS ROBLES REGIONAL MEDICAL CENTER