SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
rsimmons@sheppardmullin.com
JASON W. KEARNAGHAN, Cal. Bar No. 207707
jkearnaghan@sheppardmullin.com
BRYANNE J. LEWIS, Cal Bar No. 311763
blewis@sheppardmullin.com
IAN A. MICHALAK, Cal. Bar No. 335425
imichalak@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398

MELANIE M. HAMILTON, Cal. Bar No. 268037
mhamilton@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Defendants
HCA HEALTHCARE, INC.,
HEALTHTRUST WORKFORCE
SOLUTIONS, LLC, and LOS ROBLES
REGIONAL MEDICAL CENTER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No. 2:23-cv-05142-JFW-BFM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE HEARING AND ALLOW SUPPLEMENTAL BRIEFING REGARDING DEFENDANTS' MOTION TO PARTIALLY DISMISS, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[*Filed concurrently with the Declarations of Davita Carpenter and Ian A. Michalak*]<br><br>Complaint Filed: April 19, 2023<br>FAC Filed: May 10, 2023<br>Trial Date: October 29, 2024 |

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 5

II. RELEVANT PROCEDURAL BACKGROUND ..... 6

III. LEGAL ARGUMENT ..... 7

A. Plaintiff's Submitted Offer Letters Are Outside The Scope Of Defendants' Motion ..... 7

B. Plaintiff Has Had Possession Of This Evidence Since October 17, 2023 ..... 7

C. Plaintiff Has Not "Diligently Conducted Discovery" ..... 8

D. The Cited Language In The Offer Letters Does Not Create A Disputed Material Fact ..... 10

E. Plaintiff Inappropriately Seeks To Delay Defendants' Motion ..... 12

IV. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

Federal Cases

*Adams v. Allstate Insurance Co.*
187 F. Supp. 2d 1207 (C.D. Cal. 2002) .......... 8

*Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*
323 F.3d 767 (9th Cir. 2003) .......... 8

*E. Tex. Motor Freight Sys., Inc. v. Rodriguez*
431 U.S. 395 (1977) .......... 7

*Hancock v. Montgomery Ward Long Term Disability Trust*
787 F.2d 1302 (9th Cir. 1986)) .......... 12

*Landmark Dev. Corp. v. Chambers Corp.*
752 F.2d 369 (9th Cir. 1985) .......... 9

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*
883 F. Supp. 488 (C.D. Cal. 1995) .......... 8, 10

*Moser v. Benefytt, Inc.*
8 F.4th 872 (9th Cir. 2021) .......... 7

*O'Shea v. Littleton*
414 U.S. 488 (1974) .......... 7

*Stitt v. Williams*
919 F.2d 516 (9th Cir. 1990) .......... 8

*Terrell v. Brewer*
935 F.2d 1015 (9th Cir. 1991) .......... 12

<u>Federal: Statutes, Rules, Regulations, Constitutional Provisions</u>

Federal Rule
56(d) .......... 8, 9, 12

Local Rule
Rule 6-1 .......... 12
Rule 7-3 .......... 12
Rule 37-3 .......... 10

Unfair Competition Law .......... 6

## I. INTRODUCTION

Plaintiff's *ex parte* application grossly exaggerates the alleged import of a single sentence in the acknowledgement to the StaRN Program offer letters. Plaintiff **has possessed this revised StaRN Program Offer letter since October 17, 2023**. Indeed, Defendants' served Plaintiff with the revised exemplar offer letters on October 17, 2023 that unequivocally removed the StaRN Program payment terms from the terms of the employment, but contained a boilerplate sentence (inapplicable to the StaRN Progam) that Plaintiff claims is "new" evidence. It is indisputable that Plaintiff has possessed this purportedly "new" evidence (which clearly shows the deletion any reference to StaRN Program length of service commitment and payment terms) for **almost three (3) months**. The instant *ex parte* application is an attempt to get another bite at the apple in opposing Defendants' Motion to Dismiss (and alternative motion for summary judgment) ("Defendants' Motion") based on her counsel's lack of diligence. Even when reviewing the supposed "new" evidence, it is indisputable that the payment provisions were deleted from the StaRN Program offer letters.

In addition, the *ex parte* application is procedurally inappropriate for two reasons. First, Defendants' Motion **only concerns Plaintiff's individual claims – for which she has made no payment and been released of payment obligations**. [Dkt. 61; Dkt. 64-1 (Uncontroverted Facts 20, 22).] As such, offer letters from other StaRN participants are irrelevant for purposes of Defendants' Motion. Second, Plaintiff's requested continuance is clearly an attempt to delay the Court's decision on Defendants' Motion so that Plaintiff can file her imminent motion for leave to amend her complaint to add other proposed class representative and remand her claims (for which two motions are pending) back to state court. The Parties have fully briefed Defendants' Motion (and Plaintiff's Motion for Class Certification), and it would be fundamentally unfair to grant Plaintiff a last-minute continuance of the Motion hearing so Plaintiff can "jump the line" on the motions for leave and

remand. As set forth herein, Plaintiff's *ex parte* application should be denied in its entirety.

## II. <u>RELEVANT PROCEDURAL BACKGROUND</u>

On October 26, 2023, Plaintiff filed a motion to certify a class action regarding only Plaintiff's First Cause of Action for failure to reimburse business expenditures and derivative Sixth Cause of Action under the Unfair Competition Law for injunctive and declaratory relief. [Dkt. 42, ¶ 1; Dkt. 46, at 1:1-7.] In opposition, Defendants asserted that Plaintiff lacks standing, and that Plaintiff's requested declaratory and injunctive relief are moot because Defendants sent written notifications releasing all StaRN participants from payment obligations and ended collection practices as of April 2023. [Dkt. 45, at 9:12-12:2; 17:1-27.] On December 7, 2023, the Court continued the hearing on Plaintiff's Motion for Class Certification to February 5, 2024 and directed Defendants to file a Motion to Dismiss Plaintiff's claims (as to the first cause of action and derivative sixth cause of action) with a hearing noticed for January 22, 2024. [Dkt. 59.]

On December 18, 2023, Defendants filed their Motion to Partially Dismiss, or in the Alternative, Motion for Partial Summary Judgment regarding Plaintiff's First and Sixth Cause of Action ("Defendants' Motion"). [Dkt. 61.] On December 29, 2023, Plaintiff filed an Opposition. [Dkt. 64.] On January 8, 2024, Defendants filed their Reply. [Dkt. 67.] On January 10, 2024, after the Motion for Class Certification and Motion to Dismiss had been fully-briefed, Plaintiff filed her instant *ex parte* application seeking a continuance of the hearing on Defendants' Motion and for supplemental briefing regarding purported "new" evidence. [Dkt. 73.] As discussed below, Plaintiff's *ex parte* application has no merit.

## III. LEGAL ARGUMENT

### A. Plaintiff's Submitted Offer Letters Are Outside The Scope Of Defendants' Motion

The offer letters submitted by Plaintiff with her *ex parte* application are regarding the employment of other 2023 StaRN Program participants – not Plaintiff herself. [Dkt. 73-4; Dkt. 73-8; 73-10; 73-12; 73-14.] These offer letters have absolutely no bearing on Defendants' Motion because Defendants' moved to dismiss (or seek summary judgment) regarding **only Plaintiff's individual claims**. [Dkt. 61.] No class has been certified, so only Plaintiff's claims are at issue. See Moser v. Benefytt, Inc., 8 F.4th 872, 877 (9th Cir. 2021). In Plaintiff's Opposition to Defendants' Motion, and likewise with the instant *ex parte* application, Plaintiff attempts to obfuscate the issues by submitting irrelevant (and misinterpreted) documents given to other individuals.

The only evidence relevant to Defendants' Motion is that based on Plaintiff's personal experience with the StaRN Program. [See Dkt. 61-1.] Plaintiff must have a live controversy to maintain her claims and cannot point to alleged injuries of putative class members to defeat mootness. O'Shea v. Littleton, 414 U.S. 488, 494-96 (1974); see also E. Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403-04 (1977). Accordingly, it would be inappropriate to continue the hearing for Defendants' Motion when Plaintiff's purported "new" evidence has no relevance to the issues in the Motion.

### B. Plaintiff Has Had Possession Of This Evidence Since October 17, 2023

Importantly, Plaintiff has possessed this purported "new" evidence regarding the 2023 StaRN Program offer letters **since October 17, 2023**. Michalak Decl., ¶ 2, Ex. C. Defendants produced four pages of documentation on October 17, 2023, which were exemplar StaRN Program offer letters from Los Robles from January 16, 2023 (which included payment terms) and June 19, 2023 (which deleted the

payment terms). Id. The language in the offer letters cited by Plaintiff in her *ex parte* application is contained within the produced June 19, 2023 exemplar offer letter. Compare Michalak Decl., Ex. C with [Dkt. 73-4; Dkt. 73-8; 73-10; 73-12; 73-14.] It is inexcusable for Plaintiff to sit on her baseless theory **for almost three months** and attempt to assert this is purported "new" evidence at the eleventh hour – manufacturing an alleged emergency. It is clear that Plaintiff's plea for supplemental briefing is due to her counsel's inattention. Such carelessness is not proper grounds to continue the hearing or allow supplemental briefing. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief."). The fact that Plaintiff has had this evidence since October 17, 2023 renders relief under Rule 56(d) inapplicable.[1] See also Adams v. Allstate Insurance Co., 187 F. Supp. 2d 1207, 1213 (C.D. Cal. 2002) (citing Stitt v. Williams, 919 F.2d 516, 526 (9th Cir. 1990)) (holding that even when a party has fulfilled the other prerequisites of Rule 56(d), "a court may refuse to continue hearing a summary judgment motion where a party has had the opportunity to conduct discovery in a diligent fashion, but failed to do so").

### C. Plaintiff Has Not "Diligently Conducted Discovery"

Plaintiff's argument that she has "diligently conducted discovery" is belied by the facts. [Dkt. 73-1, at 7:28-9:17.] Defendants first submitted the declarations of Davita Carpenter and Dorita Sondereker, attesting to the cessation of repayment terms in the StaRN Program, in opposition to Plaintiff's Motion for Preliminary

---

[1] Plaintiff's case Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767 (9th Cir. 2003), is inapposite because in that case, "no discovery whatsoever ha[d] taken place" and the motion for summary judgment was filed within one month of the lawsuit being filed. Id., at 773-774. Here, Defendants filed their Motion approximately eight months after Plaintiff filed her initial complaint and the parties have exchanged written discovery – to include the production of documents. Michalak Decl., ¶ 3.

Injunction on September 25, 2023.[2] [Dkt. 32-3; Dkt. 32-5.] It was not until December 20, 2023, that Plaintiff unilaterally noticed the depositions of Carpenter and Sondereker for January 25, 2024 – after the Motion hearing date. [Dkt. 73-17; Dkt. 73-18.] Plaintiff knew these witnesses' relevance to this case for almost three months before noticing their depositions, and did not seek to take their depositions before Plaintiff's Opposition to Defendants' Motion was due. See Landmark Dev. Corp. v. Chambers Corp., 752 F.2d 369, 372 (9th Cir. 1985) (ruling that district court properly denied the plaintiffs' Rule 56(d) motion because the "[f]ailure to take further depositions apparently resulted largely from plaintiffs' own delay.")

Further, Plaintiff claims "[d]illigence is shown by Plaintiff serving new written discovery and deposition notices related to this new testimony," but that cannot be true.[3] [Dkt. 73-1, at 8:26-27.] Plaintiff served her notices of deposition of Dorita Sondereker and Davita Carpenter and Requests for Production, Set Two, on December 20, 2023. [Dkt. 73-17; Dkt. 73-18; Dkt. 73-19; Dkt. 73-21.] Plaintiff claims she discovered the "new" evidence regarding the sentence in the offer letters on January 5, 2024. Thus, the December 20, 2023 discovery is not "related to this new testimony," unless Plaintiff had the "new" evidence as of December 20, 2023. In fact, Plaintiff has had the relevant offer letters since October 17, 2023. Michalak Decl., ¶ 2, Ex. C and inexplicably delayed in noticing the depositions.

Indeed, Plaintiff noticed the depositions *unilaterally* for January 25, 2024 and Defendants' responses to Requests for Production, Set Two are not due until January 19, 2024. Michalak Decl., ¶ 4; [Dkt. 73-17; Dkt. 73-18.] Plaintiff's Opposition to Defendant's Motion was due December 29, 2023. [Dkt. 64.]

---

[2] Defendants also identified their Human Resources representatives in their July 21, 2023 Initial Disclosures. [Dkt. 73-22.]

[3] As set forth above, this is not "new" testimony. This testimony has been known by Plaintiff for several months. [Dkt. 32-3; Dkt. 32-5.]

Therefore, Plaintiff's deposition notices and Requests for Production, Set Two were not calculated to elicit evidence for Plaintiff's Opposition to Defendants' Motion. Rather, it appears such discovery was intended to delay a ruling on the Motion. Plaintiff's *ex parte* is nothing more than an improper request to file a sur-reply to Defendants' Motion based on Plaintiff's counsel's lack of diligence. This is not a proper basis to grant *ex parte* relief. Mission Power, 883 F. Supp. at 493 (C.D. Cal. 1995) ("[t]he moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period."); Civ. Local Rule 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.")

**D. The Cited Language In The Offer Letters Does Not Create A Disputed Material Fact**

Plaintiff makes a mountain out of a molehill regarding a single sentence in the 2023 offer letter acknowledgement that states "I understand that voluntary termination during the commitment period may result in my obligation to repay any and all payments made or costs incurred in conjunction with this offer as outlined in above." When comparing the offer letters before and after the repayment terms were deleted, it is clear this boilerplate sentence has no relation whatsoever to StaRN Program payments. See Carpenter Decl., ¶ 5, Exs. A-B. Specifically, following cessation of the payment obligations, Los Robles deleted the terms/conditions setting forth a "two year commitment" and the obligation "to repay a pro-rated portion of the estimated educational cost of the StaRN Program which is $4,000." Id. Defendants also deleted the table in the offer letters which outlined the proration for the payments based on the employment term completed. Id. With these provisions deleted from the body of the StaRN Program offer letter, the remaining sentence in the acknowledgment regarding a commitment period and

payments have no corresponding terms "above" and therefore rendered meaningless. Simply stated, in the absence of a length of service commitment and pro-rata payment obligation in the "new" offer letters, there is nothing for the StaRN Program participant to pay. Thus, the payment language in the acknowledgment has no relevance to the offer letter. Further, there is no evidence that any of the declarants were subject to repayment of any portion of the stated base rate of pay in the offer letters. [See generally Dkt. 73-2; Dkt. 73-6.]

The fact that the payment provisions were removed is further evidenced by the emails submitted by Maraila Matthan Marasigan. [Dkt. 73-5.] On July 27, 2023, Marasigan emailed Megan Mondragon, Associate Recruiter for the StaRN Program, asking "[m]y friend who did the StaRN program said that there are penalties and specifics with the two year contract. I wanted to just gain more specifics on that…" [Dkt. 73-5, at ECF p. 5.] That same day, Mondragon responds "HCA did previously require a two-year commitment upon acceptance into the program, however **that has recently been dropped and no longer applies**…To clarify, **acceptance into the program no longer applies for any duration of time**." (emphasis added) [Dkt. 73-5, at ECF p. 4.] As such, Plaintiff's own evidence undercuts her theory.

It is also noteworthy that this is a standardized template letter utilized by numerous different facilities (both California and non-California) across different job classifications. While certain facilities may provide an incentive (e.g., a sign-on bonus) tied to a length of service time commitment, that has nothing to do with the StaRN Program. Carpenter Decl., ¶ 5. The sentence Plaintiff amplifies in her *ex parte* application is standard boilerplate language used for situations outside of the StaRN Program. Id. This "new" evidence does not create (or show) a StaRN Program payment obligation and has nothing to do with the StaRN Program (in which the length of commitment, estimated cost, and pro-rata payment schedule have been deleted from the offer letter). As such, Plaintiff has not satisfied her

heavy burden of establishing a triable issue of material fact regarding this issue. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (A party invoking Rule 56(d) "bears the burden of showing 'what facts [it] hopes to discover to raise a material issue of fact.'") (quoting Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306, n.1 (9th Cir. 1986)).

**E. Plaintiff Inappropriately Seeks To Delay Defendants' Motion**

Plaintiff's attempt at continuing the hearing on Defendants' Motion is merely an effort to delay adjudication of her doomed claims. On January 8, 2024, Plaintiff filed her joint report regrading her intended motion for leave to amend her complaint to add new representative parties and seek remand of her state law claims (including her business expense reimbursement and Unfair Competition claims subject to Defendants Motion). [Dkt. 70.] Per the Local Rules, the earliest Plaintiff may file her motion for leave to amend and remand is January 12, 2024. See Local Civ. Rule 7-3. If Plaintiff files her motion to amend and remand on January 12, 2024, she would have to select February 12, 2024 for her hearing date according to the Court's Standing Order and Local Civil Rule 6-1. [Dkt. 11, at 8:1-3.] Notably, if the hearing for Defendants' Motion is continued as requested in Plaintiff's *ex parte* by 30 days, Plaintiff's forthcoming motion to amend and remand would be heard before Defendants' Motion. In the face of adjudication of Plaintiff's claims, for which Plaintiff has admitted she has made no payments and suffered no monetary harm, it would be fundamentally unfair to allow Plaintiff to leapfrog Defendants' fully-briefed Motion in an effort to forum-shop prior to adjudication on the merits. [Dkt. 64-1, Uncontroverted Fact 20.]

In addition, Plaintiff's Motion for Class Certification is scheduled for hearing on February 5, 2024. [Dkt. 59.] The Court ordered Defendants to file their Motion to Dismiss with a hearing scheduled for January 22, 2024 because the Court stated Defendants' mootness and standing arguments were "more appropriately addressed in a motion to dismiss prior to ruling on Plaintiff's Motion to Certify Class Action."

[Dkt. 59.] Plaintiff's *ex parte* does not address the timing of the hearing for her Motion for Class Certification, which necessarily will have to be continued if Defendants' Motion to Dismiss is continued. This presents another procedural dilemma that warrants denial of Plaintiff's *ex parte*.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's *ex parte* application in its entirety.

Dated: January 11, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Ian A. Michalak

RICHARD J. SIMMONS
JASON W. KEARNAGHAN
MELANIE M. HAMILTON
BRYANNE J. LEWIS
IAN A. MICHALAK

Attorneys for Defendants
HCA HEALTHCARE, INC., HEALTHTRUST WORKFORCE SOLUTIONS, LLC, and LOS ROBLES REGIONAL MEDICAL CENTER

# PROOF OF SERVICE

**Jacqui Rum v. HCA Healthcare, Inc., et al.**
**Case No. 2:23-cv-05142-JFW-BFM**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On January 11, 2024, I served true copies of the following document(s) described as **DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE HEARING AND ALLOW SUPPLEMENTAL BRIEFING REGARDING DEFENDANTS' MOTION TO PARTIALLY DISMISS, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT** on the interested parties in this action as follows:

| | |
|---|---|
| David P. Myers<br>Jason Hatcher<br>Andriana N. Bravo<br>The Myers Law Group, A.P.C.<br>9327 Fairway View Place, Suite 100<br>Rancho Cucamonga, CA 91730 | Attorneys for Plaintiff<br>Jacqui Rum<br><br>P: (909) 927-4665<br>Fax: (888) 375-2102<br>E: dmyers@myerslawgroup.com<br>jhatcher@myerslawgroup.com<br>abravo@myerslawgroup.com |

**BY FACSIMILE TRANSMISSION:** I caused a copy of the document(s) to be sent via facsimile to the persons at the facsimile number listed in the Service List. I did not receive, within a reasonable time after the transmission, any message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 11, 2024, at Los Angeles, California.

/s/ Ian A. Michalak
Ian A. Michalak