David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Jason Hatcher (SBN 285481)
jhatcher@myerslawgroup.com
Andriana N. Bravo (SBN 349191)
abravo@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff Jacqui Rum,
and the Certified Class.

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No.: 2:23-CV-05142-JFW(BFMx)<br><br>SECOND AMENDED CLASS ACTION COMPLAINT<br><br>1. **Failure to Indemnify Necessary Expenditures**;<br>2. **Failure to Provide Meal Periods**;<br>3. **Failure to Provide Rest Periods**;<br>4. **Failure to Pay All Wages Due at Separation;**<br>5. **Failure to Provide Accurate Wage Statements;**<br>6. **Unfair Competition**<br>8. **PAGA**<br><br>**DEMAND FOR JURY** |

## I.   INTRODUCTION

This is an action brought by Plaintiff JACQUI RUM ("Plaintiff"), on her behalf and all others similarly situated, against HCA HEALTHCARE, INC. ("HCA"), a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC ("HWS"), a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER ("LRRMC"), a California Corporation, SAN JOSE HEALTHCARE SYSTEM, LP D/B/A REGIONAL MEDICAL CENTER OF SAN JOSE ("SJHS"), a Delaware Limited Partnership; GS HOSPITAL, LP D/B/A GOOD SAMARITAN HOSPITAL ("GS"), a Delaware Limited Partnership; WEST HILLS HOSPITAL ("WS"), a California Corporation; and COLUMBIA RIVERSIDE, INC. D/B/A RIVERSIDE COMMUNITY HOSPITAL ("CRI"), a California Corporation, and other as of yet unnamed DOE Defendants 1-100 (hereinafter collectively "Defendants") alleging, among other things violations of the California Labor Code and Unfair Competition Law.   Plaintiff seeks damages, attorneys' fees and costs of suit. Plaintiff is informed and believes, and on that basis alleges, as follows:

## II.   GENERAL ALLEGATIONS

1.   This class action arises from wage and hour violations for, among other things, Defendants failure to indemnify California based, non-exempt, registered nurses for necessary expenditures, including but not limited to the expense and cost of any employer-provided or employer-required educational program or training in violation of the Labor Code; as well as Defendant LRRMC's failure to provide Plaintiff compliant, timely, duty-free meal and rest periods, compliant wage statements, and timely pay all earned wages at termination to Plaintiff. As more fully described herein, Defendants failed and continue to fail comply with the Labor Code and Wage Orders. Accordingly, Plaintiff seeks among other things, all wages, restitutionary disgorgement, statutory penalties, and injunctive relief.

2.      Plaintiff seeks to represent the following Class:

All current and former non-exempt registered nurses for
Defendants, in California, for the period of April 19, 2019 through
February 1, 2024, who entered into a StaRN Promissory Note and/or
StaRN Program Agreement and whose employment ended prior to
the end of the term of service period stipulated in the StaRN
Promissory Note and/or StaRN Program Agreement, or who was
still employed by a Defendant and within the term of service period
as of February 1, 2024. (The "TRAP Class").

3.      This Court has jurisdiction because Defendants removed this matter
pursuant to Federal Question Jurisdiction and Supplemental Jurisdiction.
Defendants do business in Ventura County and Defendants' obligations and
liability arise therein.

4.      Plaintiff is a former 12-hour shift, registered nurse, non-exempt
employee for Defendants who worked in Ventura County for Defendants.

5.      Plaintiff is informed and believes, and thereon alleges that HCA is a
Delaware corporation not registered with the California Secretary of State.

6.      Plaintiff is informed and believes, and thereon alleges that HWS is a
Tennessee Limited Liability Company formerly known as Parallon Enterprise,
LLC.

7.      Plaintiff is informed and believes, and thereon alleges that LRRMC,
WS, and CRI are California corporations.

8.      Plaintiff is informed and believes, and thereon alleges that SJHS and
GS are Delaware Limited Partnerships.

9.      The true names and capacities, whether individual, corporate,
associate, or otherwise, of DOES 1 through 100 are unknown to Plaintiff, who
therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend this
Complaint to show their true names and capacities when they have been
ascertained.

10.     Plaintiff is informed and believes, and thereon alleges, that each and

3

SECOND AMENDED CLASS ACTION COMPLAINT

all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

11.     Plaintiff is informed and believes, and thereon alleges, that the named Defendants are an integrated enterprise, partners, owners, shareholders, managers, joint employers, or alter egos of each other.

12.     Defendant DOES 1 through 100 are the partners, owners, shareholders, managers, joint employers, or alter egos of Defendant Employers, and were acting on behalf of Defendant Employers in the payment of wages to Plaintiff.

13.     At all relevant times alleged herein Plaintiff was employed by Defendants as a Registered Nurse, and Plaintiff held a position with Defendants as a Registered Nurse in Ventura County, State of California.

### III.   FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

14.     Plaintiff and the TRAP Class were and are registered nurses, non-exempt, employees for Defendants in the state of California.

15.     Plaintiff worked as 12-hour shift, direct patient care, non-exempt hourly employee for Defendant LRRMC in the state of California.

16.     Throughout the period of April 19, 2019 through February 1, 2024 ("Class Period"), Plaintiff and all TRAP Class members were and are employees of Defendants, in the state of California, entitled to all of the protections afforded to employees under the Labor Code §§2802, 2802.1 and 2804.

17.     Defendants' primary business is the operation of healthcare business—e.g. the operation of hospitals. This work is performed in part by

Plaintiff and the TRAP Class members.

18.    During the Class Period, Plaintiff and the TRAP Class members worked for Defendants in the state of California as registered nurses.

19.    During the Class Period, Defendants required Plaintiff and the TRAP Class members to participate in employer-provided and/or employer-required educational programs and/or training as a condition of employment ("StaRN Training").

20.    Defendants' StaRN Training was not voluntarily undertaken by Plaintiff and the TRAP Class members solely at their discretion.

21.    Defendants' StaRN Training was not a requirement for a license, registration, or certification necessary to legally practice in a specific employee classification to provide direct patient care.

22.    During the Class Period, Defendants required Plaintiff and the TRAP Class members to bear the expenses and/or costs associated with the StaRN Training without reimbursement or expenses. Plaintiff and the TRAP Class members incurred losses in direct consequence of the discharge of their duties as a result of the StaRN Training.

23.    During Plaintiff's employment, Defendant LRRMC's policy and/or practice required Plaintiff to carry a communication device, including but not limited to iMobile devices, during meal and/or rest periods in order to remain on call.

24.    During Plaintiff's employment, Defendant LRRMC failed to authorize and permit legally compliant meal breaks to Plaintiff. Plaintiff was assigned to and required to work shifts lasting over ten (10) hours without receiving timely, duty-free, first meal periods and/or without receiving a second, duty-free, thirty (30) minute uninterrupted off-duty meal break without exemption.

25.    During Plaintiff's employment, Defendant LRRMC failed to pay Plaintiff for meal period violations at the correct regular rate of pay.

5

SECOND AMENDED CLASS ACTION COMPLAINT

26.     During Plaintiff's employment, Defendant LRRMC failed to authorize and provide the required number of duty-free rest periods in compliance with the provisions of the California Labor Code and applicable Wage Order. Plaintiff was assigned to and required to work shifts lasting over four (4) hours and were not provided nor allowed to take a non-captive paid ten-minute uninterrupted rest break during each four (4) hour work period, or major fraction thereof, at the direction of Defendant LRRMC and/or with Defendant LRRMC's knowledge and acquiescence.

27.     During Plaintiff's employment, Defendant LRRMC failed to pay Plaintiff for rest period violations at the correct regular rate of pay.

28.     Defendant LRRMC failed to pay Plaintiff all earned wages timely upon termination.  This includes, but is not limited to, meal period premiums at the regular rate of pay and/or rest period premiums at the regular rate of pay and/or accrued unused vacation pay.

29.     The wage statements provided by Defendant LRRMC to Plaintiff failed to provide accurate information as to the total hours worked, hourly rate for all hours worked, the net wages earned, and the gross wages earned per pay period.

30.     Plaintiff is a member of the certified TRAP Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged in the First and Sixth Cause of Action.

31.     The Labor Code violations in the First and Sixth Cause of Action upon Plaintiff and the TRAP Class are a consequence of Defendants' unlawful policies and practices which were centrally devised, implemented, communicated, and applied to Plaintiff.

32.     Because of Defendants' unlawful conduct in the First and Sixth Cause of Action, Plaintiff and the TRAP Class have been and continue to be systematically deprived of indemnification for costs of training they are entitled to

SECOND AMENDED CLASS ACTION COMPLAINT

by law, to the detriment of herself and the public at large.

## CLASS DEFINITION AND CLASS ALLEGATIONS

33.    Plaintiff brings the First and Sixth Causes of Action on her own behalf and on behalf of all others similarly situated, pursuant to California Code of Civil Procedure §382, and as a member of the certified Class defined as follows:

> All current and former non-exempt registered nurses for Defendants, in California, for the period of April 19, 2019 through February 1, 2024, who entered into a StaRN Promissory Note and/or StaRN Program Agreement and whose employment ended prior to the end of the term of service period stipulated in the StaRN Promissory Note and/or StaRN Program Agreement, or who was still employed by a Defendant and within the term of service period as of February 1, 2024. (the "TRAP Class").

34.    Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to alter, propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

35.    Further, this action is brought for the benefit of the public, who are entitled to restitution of those funds improperly withheld by Defendants.

36.    This action has been brought and may be properly maintained as a class action pursuant to the provisions of the Code of Civil Procedure §382 and other applicable law.

37.    **Numerosity:** Members of the classes are so numerous that their individual joinder is impracticable. It is possible to ascertain the number of former and current employees who are members of the proposed class, but they are so numerous that joinder is impracticable. The proposed Class includes future employees (persons who are hired by defendant within the class period, but who are not now class members as current or former employees) whose joinder is currently impossible. The precise number of Class members and their addresses

can be determined by Defendants' business records and will become known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, e-mail, the internet, or published and posted notice.

38.   **Typicality:** Plaintiff's claims are typical of the claims of members of the proposed classes. Defendants employed Plaintiff during the statutory period, and Plaintiff has been subjected to Defendants' unlawful employment practices, as alleged in the First and Sixth Causes of Action in this Complaint.

39.   **Adequacy of Class Representative:** Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff's interests do not conflict with Class members' interests, and Plaintiff has retained competent and experienced counsel. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

40.   **Common Questions of Law and Fact:** Common questions of law and fact exist as to all Class members and predominate over any questions affecting solely individual members of the proposed Class:

    a.   Whether Defendants engaged in a pattern or practice of failing to indemnify Plaintiff and the TRAP Class for necessary expenditures and losses incurred from Defendants' training courses in violation of the applicable <u>Labor Code</u> §§2802, 2802.1 and 2804;

    b.   Whether Defendants improperly retained, appropriated or deprived Plaintiff and the class members of the use of monies or sums to which they were legally entitled in violation of <u>Labor Code</u> §§2802, 2802.1 and 2804;

    c.   Whether Defendants engaged in unfair business practices in violation of <u>Labor Code</u> §§2802, 2802.1 and 2804;

    d.   Whether Defendants were participants in the alleged unlawful conduct in violation of <u>Labor Code</u> §§2802, 2802.1 and 2804;

    e.   Whether the StaRN Program Agreements are null and void pursuant

8

SECOND AMENDED CLASS ACTION COMPLAINT

to <u>Labor Code</u> §§ 2802, 28021, 2804;

f.  Whether the StaRN Promissory Notes are null and void pursuant to
<u>Labor Code</u> §§ 2802, 28021, 2804;

g.  Whether declaratory relief should issue that the StaRN Program
Agreements null and void pursuant to <u>Labor Code</u> §§ 2802, 28021,
2804;

h.  Whether declaratory relief should issue that the StaRN Promissory
Notes null and void pursuant to <u>Labor Code</u> §§ 2802, 28021, 2804;

i.  Whether injunctive relief should issue for indemnification of
Plaintiff and the TRAP Class against the StaRN Promissory Notes
and StaRN Program Agreements and bar any future collection efforts
against Plaintiff and the TRAP Class based on the StaRN Program,
StaRN Promissory Note and StaRN Program Agreement.

41.    **Superiority and Substantial Benefit:** A class action is the superior
method for the fair and efficient adjudication of this controversy. Defendants
implemented illegal schemes that are generally applicable to the members of the
proposed plaintiff class and sub-classes. Damages suffered by each Class member
may be relatively small given the burden and expense of individual prosecution of
the complex and expensive litigation necessitated by Defendants' conduct. Further,
it would be virtually impossible for the Class members to redress the wrongs done
to them on an individual basis. Even if Class members could afford such individual
litigation, the court system could not. By contrast, the class action device presents
far fewer management difficulties, and provides the benefits of a single
adjudication, economies of scale, and comprehensive supervision by a single court.

42.    Plaintiff knows of no difficulty that will be encountered in the
management of this litigation that would preclude its maintenance as a class action.
Plaintiff is informed and believes, and on that basis alleges, that the amount of
money due each Class member as economic damages is ascertainable from

1    Defendants' records or may readily be determined by other means.

2       43.    The Classes should also be certified because:

3          a.    The prosecution of separate actions by individual Class
4             members would create a risk of inconsistent or varying
5             adjudications with respect to individual Class members, which
6             would establish incompatible standards of conduct for
7             Defendants;

8          b.    The prosecution of separate actions by individual Class
9             members creates the risk of adjudication with respect to them,
10             which would, as a practical matter, be dispositive of the
11             interests of the other Class members not parties to the
12             adjudications, or would substantially impair or impede their
13             ability to protect their interests; and

14          c.    Defendants have acted or refused to act on grounds generally
15             applicable to the Class, and/or general public, thereby making
16             appropriate final and injunctive relief with respect to the
17             Classes as a whole.

18 **<u>FIRST CAUSE OF ACTION</u>**

19 **Failure to Indemnify Necessary Business Expenditures**

20 **(Labor Code §§ 2802, 2802.1, 2804 *et seq.*)**

21 **(Against all Defendants by Plaintiff and the TRAP Class)**

22       44.    Plaintiff re-alleges and incorporates by reference, as though fully set
23 forth herein, paragraphs 1 through 43 of this Complaint.

24       45.    Pursuant to Labor Code §2802, "An employer shall indemnify his or
25 her employee for all necessary expenditures or losses incurred by the employee in
26 direct consequence of the discharge of his or her duties, or of his or her obedience
27 to the directions of the employer."

28       46.    Pursuant to Labor Code §2802.1(a), Section 2802 applies to any

10

expense or cost of any employer-provided or employer-required educational program or training for an employee providing direct patient care or an applicant for direct patient care employment. Those expenses or costs shall constitute a necessary expenditure or loss incurred by the employee in direct consequence of the discharge of the employee's duties, as that phrase is used in Section 2802.

47.    Pursuant to Labor Code §2804, "[a]ny contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

48.    Plaintiff and the TRAP Class incurred necessary expenditures in direct consequence of the discharge of their duties to Defendants, and/or their obedience to Defendants' directions, which includes reduced wages to offset Defendants' training expenses and/or the repayment of alleged training costs up to $4,000.00.

49.    Defendants demand and have demanded the additional repayment of the alleged training costs subject to threats of filing legal actions against Plaintiff and the TRAP Class.

50.    Defendants' actions in requiring Plaintiff and the TRAP Class to expend money in the discharge of their duties, but failing to fully indemnify and reimburse for those expenses, is unlawful under the laws and regulations of the State of California.

51.    Defendants have wrongfully withheld indemnification for the expenses incurred by Plaintiff and the TRAP Class. In violation of California law, Defendants have systematically, knowingly, and willfully refused to perform their obligations to indemnify and reimburse Plaintiff and the TRAP Class.

52.    As a direct result, Plaintiff and the TRAP Class have suffered, and continues to suffer, substantial losses related to the use and enjoyment of such

money, lost interest on such money, and expenses and attorneys' fees, expenses, and costs of suit.

53.    Plaintiff and the TRAP Class are entitled to recover, and seek, an award from Defendants of the full amount of the losses incurred for necessary expenditures, plus interest on all such amounts, injunctive relief, declaratory judgment that any contract between Defendants and the TRAP Class members that purports to waive the protections afforded under Labor Code §§2802 and 2802.1 is null and void, reasonable attorney's fees and costs of suit, and all other appropriate remedies provided by Labor Code §§2802, et seq., or any other provision of the Labor Code, and IWC Wage Orders.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### Violation of Labor Code §§226.7, 512, & IWC Wage Order No. 5-2001

(Against Defendant LRRMC by Plaintiff ONLY)

54.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 43, inclusive, as though fully set forth herein.

55.    Labor Code §226.7 requires an employer to pay one additional hour of compensation, at the regular rate of pay, per day for each meal period the employer fails to provide pursuant to the Labor Code and/or applicable Wage Order.

56.    Plaintiff alleges that Defendant LRRMC failed to provide legally compliant meal periods to Plaintiff; in addition to impeding, discouraging, and/or dissuading Plaintiff from taking legally compliant meal periods. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hours work period. Plaintiff consistently worked over five (5) hours or ten (10) hours in a shift without the requisite, timely, number of meal periods due to Defendant LRRMC's policy of discouraging, dissuading and/or impeding Plaintiff from taking meal

periods, without exemption. Defendant LRRMC further required on-call meal periods because the Plaintiff was required to be on-call during meal periods. Pursuant to the Code, Plaintiff was entitled to, a duty-free, meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of work and a second meal period for hours worked over ten (10) in a day.

57.    Pursuant to <u>Labor Code</u> §512 and the applicable Wage Order, employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.

58.    Section 11 of WO 5-01 applies to Plaintiff, and provides, in pertinent part, that if an employer fails to provide an employee a legally compliant meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

59.    Defendant LRRMC failed to authorize and permit uninterrupted meal breaks to Plaintiff without exemption. Plaintiff was routinely required to work 12-hour shifts without Defendant LRRMC providing two (2) uninterrupted meal breaks at the direction of Defendant LRRMC and/or with Defendant LRRMC knowledge or acquiescence.

60.    Defendant LRRMC failed to provide, impeded and/or discouraged Plaintiff from taking meal breaks of not less than thirty (30) minutes as required by the <u>Labor Code</u>, and WO 5-01 §11.

61.    Defendant LRRMC failed to provide a meal period premium payment to Plaintiff at the regular rate of pay for meal period violations.

62.    By its actions in requiring Plaintiff to work through meal periods and/or its failure to relieve Plaintiff of her duties for off-duty meal periods, Defendant LRRMC violated California Labor Code §226.7 and §11 of IWC Wage Order No. 5-2001, and is liable to Plaintiff.

63.    Pursuant to <u>Labor Code</u> §226.7, Plaintiff is entitled to damages in an

13

SECOND AMENDED CLASS ACTION COMPLAINT

amount equal to one (1) hour of pay at no less than the regular rate of compensation per missed meal break per day, in a sum to be proven at trial.

64.    Pursuant to <u>Labor Code</u> §218.6 and <u>Civil Code</u> §3287, Plaintiff seeks to recover pre-judgment interest on all amounts recovered herein as well as attorney's fees and costs pursuant to Labor Code §218.5.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**Violation of Labor Code §§226.7, 512, & IWC Wage Order No. 5-2001**

(Against Defendant LRRMC by Plaintiff ONLY)

65.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 43, inclusive, as though fully set forth herein.

66.    <u>Labor Code</u> §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

67.    <u>Labor Code</u> §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

68.    Section 12 of the IWC Wage Order No. 5-2001 states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½ ) hours. Authorized rest period time shall be

14

SECOND AMENDED CLASS ACTION COMPLAINT

counted as hours worked for which there shall be no deduction from wages."

69.    Labor Code §226.7(b) and Section 12(B) of the Wage Order require an employer to pay one additional hour of compensation, at the regular rate of pay, per day for each rest period the employer failed to provide pursuant to the Labor Code and/or applicable Wage Order.

70.    Plaintiff worked over four (4) hours per shift and/or over ten (10) hours per shift.

71.    Plaintiff was entitled to a non-captive, duty-free, paid rest period of not less than ten (10) minutes for every four hours worked or major fraction thereof.

72.    Defendant LRRMC failed to provide the requisite number of legally compliant non-captive ten (10) minute paid rest periods to Plaintiff.

73.    Defendant LRRMC failed to provide duty free ten (10) minute paid rest periods to Plaintiff by requiring that Plaintiff remain on-call during rest periods by carrying communication devices and responding to the communication devices during the rest periods.

74.    As such, Plaintiff was not provided duty-free rest breaks in violation of *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257 as Defendant LRRMC failed to relinquish control over how Plaintiff spent her rest breaks.

75.    As such, as a matter of Defendant LRRMC's established company policy, Defendant LRRMC failed to authorize and permit Plaintiff all required paid rest periods established by Labor Code §§226.7 and 516 and Section 12 of the applicable Wage Order.

76.    As a result of the unlawful acts of Defendant LRRMC, Plaintiff has been deprived of legally compliant paid rest breaks and is entitled to recover damages under Labor Code §226.7(b) and §12 of IWC Wage Order No. 5-2001 in the amount of one additional hour of compensation at their regular rate of pay for each day a paid rest break was not provided.

77.     Defendant LRRMC failed to provide a rest period premium payment to Plaintiff at the regular rate of pay for rest period violations.

78.     Pursuant to <u>Labor Code</u> §218.6 and <u>Civil Code</u> §3287, Plaintiff seeks to recover pre-judgment interest on all amounts recovered herein as well as attorney's fees and costs pursuant to Labor Code §218.5.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### Violation of Labor Code §226

(Against Defendant LRRMC by Plaintiff ONLY)

79.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 43 of this Complaint.

80.     California Labor Code §226 provides:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer…, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee...

81.     Section 7(A) of the Wage Order requires accurate information

16

pertaining to total wages paid each payroll period, total hours worked in the payroll period and applicable rates of pay, and incentive plan formula provided to the employees.

82.     Labor Code §226(e) provides that an employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation of §226 occurs and one hundred dollars ($100) for each subsequent pay period not to exceed an aggregate penalty of four thousand dollars ($4,000), as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide timely and accurate itemized statements to the employees.

83.     At all material times, Defendant LRRMC knowingly and intentionally failed to provide Plaintiff with accurate wage statements reflecting the gross wages earned, net wages earned, total hours worked, the applicable hourly rates at the corresponding hours worked, and/or list the meal and rest period premium payment on the wage statement.

84.     Plaintiff suffered injury as a result of Defendant LRRMC's knowing and intentional failure to provide accurate itemized wage statements as Plaintiff was owed but not paid premium payments for rest and meal period violations which were not reflected on the wage statements.  Plaintiff suffered injury as a reasonable person could not promptly and easily determine from the wage statements alone the accurate amount of gross wages, applicable hourly rates at the corresponding hours worked, the net wages earned for the pay period and/or the total hours worked for the pay period based on the inaccurate wage statements.

85.     Plaintiff is entitled to damages of statutory penalties pursuant to Labor Code §226(e) for these violations, in an amount to be determined at trial.

86.     Plaintiff is entitled to and seek costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and (h).

**FIFTH CAUSE OF ACTION**

17

SECOND AMENDED CLASS ACTION COMPLAINT

**FAILURE TO PAY ALL WAGES DUE AT SEPARATION**

**Violation of Labor Code §§201, 203**

(Against Defendant LRRMC by Plaintiff ONLY)

87.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 43 of this Complaint.

88.    Plaintiff's employment ended with Defendant LRRMC during the Class Period and was entitled to be promptly paid all earned and unpaid wages at the time of termination, as required pursuant to Labor Code §§201 and 202, *et seq*. Defendant LRRMC refused and/or intentionally failed to promptly compensate Plaintiff all earned rest period premium pay and/or meal period premium pay and/or vacation pay timely upon separation. Based on this Plaintiff is entitled to damages in the form of statutory waiting time penalties pursuant to LC §203.

89.    Plaintiff's employment was covered by Labor Code §203.

90.    Accordingly, pursuant to Labor Code §203, Plaintiff is entitled to waiting time penalties at an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**Violation of Business and Professions Code §§17200, *et seq*.**

(Against all Defendants by Plaintiff and the TRAP Class)

91.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1 through 43 of this Complaint.

92.    Beginning on an exact date unknown to Plaintiff but believed to have occurred at least since four (4) years before the filing of this action, Defendants have engaged in a pattern and practice of acts of unfair competition in violation of B&PC §17200, including the practices alleged herein.

93.    Defendants, and each of them, are "persons" as defined by Business and Professions Code §17201.

94.    Plaintiff seeks to enforce important rights affecting the public interest.

18

1    Plaintiff sues on her own behalf and on behalf of the current, former, and future
2    employees of the Defendants that were not indemnified for required employee
3    training in violation of Labor Code §§2802, 2802.1.

4        95.    Plaintiff seeks to enforce important rights affecting the public interest.
5    Plaintiff sues on her own behalf and on behalf of the public.

6        96.    Plaintiff and the TRAP Class suffered injuries-in-fact and have lost
7    money as a result of the Defendants' unfair competition alleged herein.

8                        **UNLAWFUL BUSINESS PRACTICES**

9        97.    Defendants previously or continue to engage in unlawful, unfair,
10   and/or fraudulent business practices, as alleged in this Complaint, in violation of
11   California's B&PC §17200 *et seq.* by Defendants failing and refusing to reimburse
12   and indemnify Plaintiff and the TRAP Class members for necessary training
13   expenditures in violation of Labor Code §§2802, 2802.1 and 2804; and

14       98.    These allegations constitute unfair business practices and/or unlawful
15   business practices in violation of California B&PC §17200, *et seq.*

16       99.    Plaintiff and the TRAP Class seek full restitution of said monies, as
17   necessary and according to proof, to restore any and all monies withheld and/or
18   acquired by Defendants by means of the unfair, unlawful, and fraudulent business
19   practices complained of in this Cause of Action. Absent a statutory provision
20   specifically governing the type of claim at issue, the prejudgment interest rate is
21   10 percent. The acts complained of in this Cause of Action occurred, at least in
22   part, within the last four (4) years preceding the filing of the original complaint.

23       100.   Plaintiff is informed and believes and thereon alleges that at all times
24   herein mentioned, Defendants have engaged in unlawful, deceptive, and unfair
25   business practices prohibited by California B&PC §17200, thereby depriving their
26   employees and the TRAP Class of the protections afforded pursuant to Labor Code
27   §§2802, 2802.1 and 2804. Plaintiff further seeks an order requiring Defendants to
28   timely pay restitution to the TRAP Class, including interest, for the violations of

SECOND AMENDED CLASS ACTION COMPLAINT

1    Labor Code §§2802, 2802.1 and 2804 alleged in this Cause of Action.

2        101.  Plaintiff and the TRAP Class request attorney's fees and costs

3    pursuant to Code of Civil Procedure §1021.5 since this Cause of Action is brought

4    to vindicate important rights of a large class and the public.

5    **EIGHTH CAUSE OF ACTION**

6    **PRIVATE ATTORNEY'S GENERAL ACT**

7    **Violation of Labor Code §§2269, *et seq.***

8    (Against all Defendants on behalf of Plaintiff and the PAGA Employees)

9        102.  Plaintiff re-alleges and incorporates by reference as though fully set

10   forth herein, paragraphs 1 through 43 of this Complaint. Labor Code §§2698-2699,

11   the Labor Code Private Attorney General Act of 2004, provides for a civil penalty

12   to be assessed and collected by the Labor and Workforce Development Agency

13   (LWDA), or any of its departments, divisions, commissions, boards, agencies or

14   employees for a violation of the Labor Code, may be recovered through a civil

15   action by an aggrieved employee on behalf of himself or herself, and collectively

16   on behalf of all other current or former employees.

17       103.  Whenever the LWDA, or any of its departments, divisions,

18   commissions, boards, agencies, or employees, has discretion to assess a civil

19   penalty, a court in a civil action is authorized to exercise the same discretion,

20   subject to the same limitations and conditions to assess a civil penalty.

21       104.  Plaintiff and Defendants' current and former non-exempt registered

22   nurses employed by Defendants in the state of California during any part of the

23   period from April 19, 2022 through February 1, 2024, who entered into a StaRN

24   Promissory Note and/or StaRN Program Agreement, and whose employment

25   ended prior to the end of the term of service period in the StaRN Promissory Note

26   and/or the StaRN Program Agreement that would extinguish the StaRN Pay

27   Obligation or whose employment is still subject to the StaRN Pay Obligation under

28   the StaRN Promissory Note and/or StaRN Program Agreement ("PAGA

Employees") are "aggrieved employees" as defined by Labor Code §2699, in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

105. Plaintiff gave written notice electronically to the LWDA, and by certified mail to Defendants of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violations as required by Labor Code §2699.3. More than 65 days have lapsed since notice to the LWDA and the LWDA has not indicated that it intends to investigate Defendants' Labor Code violations. Accordingly, Plaintiff may commence a civil action to recover civil penalties for herself and other current and former employees under Labor Code §2699 pursuant to §2699.3.

106. Plaintiff asserts all <u>Labor Code</u> §§2802, 2802.1 and 2804 claims in this complaint against Defendants, individually and on behalf of all the PAGA Employees in her capacity as private attorney general and seeks all applicable civil penalties available under the Labor Code for the alleged violations of <u>Labor Code</u> §§2802, 2802.1 and 2804 made in this Complaint.

107. Pursuant to Labor Code §2699, Plaintiff, individually and on behalf of all Indemnification Aggrieved Employees, requests and seeks to recover from the Defendants attorneys' fees and costs pursuant to Labor Code §2699(g)(1), as well as all civil penalties for the alleged violations of Labor Code §2699 pursuant to Labor Code §2699(f), in addition to and entirely independent and apart from other remedies provided in the Labor Code for Labor Code §§2802, 2802.1 and 2804 violations, in the amount of $100 for each Indemnification Aggrieved Employee per initial violation of Labor Code §§2802, 2802.1 and 2804, and $200 for each Indemnification Aggrieved Employee per pay period for each subsequent violation of Labor Code §§2802, 2802.1 and 2804.

108. Plaintiff seeks and is entitled to have 75% of all penalties obtained be allocated to the LWDA and 25% to the PAGA Employees.

109.    Plaintiff is entitled to seek and recover reasonable attorney's fees and costs pursuant to Labor Code §§2699(g)(1).

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1. For all unpaid wages due to Plaintiff in amounts to be proven at trial;

2. For Plaintiff's recovery as authorized by <u>Labor Code</u> §226(e);

3. For restitution due to Plaintiff and each TRAP Class member;

4. For all applicable statutory penalties due to Plaintiff, in amounts to be proven at trial;

5. For an award of waiting time penalties to Plaintiff pursuant to section 203 of the California Labor Code, in amounts to be proven at trial;

6. For Plaintiff's general damages including compensatory damages according to proof;

7. For pre-judgment interest as allowed by <u>Labor Code</u> §§218.6 and 1194(a) as well as Cal. <u>Civil Code</u> §3287 and to the extent permitted by law, the California Constitution, and/or deemed equitable by the Court;

8. For all applicable interest on damages, wages, and penalties due;

9. For injunctive relief and declaratory relief pursuant to <u>Labor Code</u> §§2802 and 2802.1 and 2804;

10. For restitution of all moneys due to Plaintiff and the TRAP Class and disgorged profits from the unlawful and/or unfair business practices of Defendants, pursuant to California Business & Professions Code §17200 for violations of <u>Labor Code</u> §§2802, 2802.1 and 2804;

11. For one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that a legally compliant rest break was not provided to Plaintiff;

12. For one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that a legally compliant meal break was not provided to

22

1    Plaintiff;

2    13. For costs of suit, expenses and attorneys' fees pursuant to <u>Labor Code</u>

3    §§226(e) and (h), 218.5, 2802, 2699(g)(1); <u>Code of Civil Procedure</u>

4    §1021.5, *et seq.*; and

5    14. On behalf of Plaintiff and all other PAGA Employees and the LWDA,

6    for all civil penalties authorized by Labor Code §2699(f) for violations

7    of Labor Code §§2802, 2802.1 and 2804, and;

8    15. For all such other and further relief that the Court may deem just and

9    proper.

10   Dated: 5/28/25                    **THE MYERS LAW GROUP, A.P.C.**

11

12                          By:  <u>/s/ Andriana N. Bravo</u>

13                               David P. Myers,
                                 Jason Hatcher,
14                               Andriana N. Bravo
                                 Attorneys for Plaintiff JACQUI RUM,
15                               for herself and all others similarly
                                 situated
16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT