David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Jason Hatcher (SBN 285481)
jhatcher@myerslawgroup.com
Andriana N. Bravo (SBN 349191)
abravo@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff JACQUI RUM, and all others similarly situated.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No. 2:23-CV-05142-JFW(BFMx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND PAGA ACTION SETTLEMENTAND FOR CLASS COUNSEL FEES, COST REIMBURSEMENT, SERVICE PAYMENT, ADMINISTRATION COSTS**<br><br>Judge: Hon. John F. Walter<br>Courtroom: 7A<br>Date: October 6, 2025<br>Time: 1:30 pm<br><br>Action filed: April 19, 2023 |

## I. INTRODUCTION

Plaintiff Jacqui Rum's ("Plaintiff") Motion for Final Approval of the Joint Stipulation of Class Action and PAGA Action Settlement, ("Settlement Agreement" or "Settlement"), and for Class Counsel Fees, Cost Reimbursement, Service Payment, Administration Costs ("Final Approval Motion"), is **unopposed and no objection has been filed against the same**. [Dkt. 97-1]; See [Dkt.].

The Court should GRANT Plaintiff's Final Approval Motion and enter the stipulated Judgment for final approval of the Settlement, as the Settlement and distribution are fair and reasonable.

## II. THE CLASS SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND FINAL APPROVAL SHOULD BE GRANTED

The Settlement provides extraordinary relief with results that are on par with a trial judgment in favor of Plaintiff, the Participating Settlement Class Members ("PSCM"), and the PAGA Employees. In exchange for a narrowly tailored release of claims, pursuant to the Settlement, PSCM obtain permanent injunctive relief and restitution: (i) the StaRN Pay Obligations under any StaRN Program Agreement and/or StaRN Promissory Note are null and void; (ii) indemnification by Defendants against StaRN Pay Obligations under any StaRN Program Agreement and/or StaRN Promissory Note; and (iii) 100% restitution of the value of any "repayment" PSCM made for the StaRN Pay Obligations equal to approximately $54,644.81. See [Dkt. 97-1 at ECF p. 10:7-16; 13:25-16:21; 20:1-30:2]; [Dkt. 89-3 ("Ex. 1") at ¶¶ 54, 55, 56, 57, 58].

These are substantial and significant results to the PSCM, which is only further evidenced by the fact that ZERO settlement class members objected to the Settlement and ZERO settlement class members opted-out of the Settlement. (Dkt. 97-8 at ¶¶ 8-9). As shown in the moving papers, the Settlement is fair, reasonable and adequate and meets the standards for final approval under Rule 23(e). [Dkt. 97-1 at ECF p. 20:1-30:2].

**III. PAGA SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE**

The Court already approved the Settlement's allocation of $20,000.00 towards PAGA penalties. As shown in the moving papers the PAGA Settlement is now $32,050.00 based on the difference in the requested Settlement Administration Costs ($35,000.00), by the Actual Settlement Administration Costs ($22,950.00) – equal to $12,050.00 – the PAGA Settlement is fair, reasonable and adequate. [Dkt. 97-1 at ECF p. 30:3-31:5].

The LWDA has filed no opposition or objection to the PAGA Settlement after multiple notices of the Settlement and approval motions were provided to the LWDA. [Dkt. 98]. The "LWDA's nonresponse is tantamount to its consent to the proposed settlement terms, namely the proposed PAGA penalty amount." *Jordan v. NCI Grp., Inc*. (C.D. Cal. Jan. 5, 2018, No. EDCV 16-1701 JVS (SPx)) 2018 U.S.Dist.LEXIS 25297, at *7; *Echavez v. Abercrombie & Fitch Co*. (Mar. 23, 2017) 2017 U.S.Dist.LEXIS 141134, at *10; *Rodriguez v. Marshalls of CA, LLC* (2020) 2020 U.S.Dist.LEXIS 246512, at *22. For all of these reasons and the reasons set forth at the time of Preliminary Approval, this Court should rule that the PAGA Settlement is fair, reasonable, and adequate.

**IV. REQUESTED ATTORNEY'S FEES ARE FAIR AND REASONABLE**

Class Counsel's fee request of $620,000.00 represents a modest multiplier of approximately 1.07 to Class Counsel's lodestar as of the filing of the Final Approval Motion. [Dkt. 97-1 at ECF p. 34:15-35:11]. The lodestar method is appropriate to assess the reasonableness when valuing the settlement is difficult or impossible. *Garcia v. Harborstone Credit Union* (W.D.Wash. Nov. 9, 2023) 2023 U.S.Dist.LEXIS 201873, at *24*; citing Juarez v. Soc. Fin., Inc*. (N.D.Cal. June 8, 2023) 2023 U.S.Dist.LEXIS 100118 (awarding $300,000 in attorney's fees and costs with a total of $155,000 distributed to class members the attorney's fees were reasonable under the lodestar method).

Class Counsel's hourly rates and hours expended in this case are reasonable.

[Dkt. 97-1 at ECF p. 35:12-37:28]. The Settlement provides extraordinary relief with results on par with a trial judgment in favor of Plaintiff, the PSCM, and the PAGA Employees. [Id. at 32:19-25].

Class Counsel's fees are further fair and reasonable based on the significant value of the nonmonetary relief that eviscerates any possible legal enforcement of any and all of the StaRN Payment Obligations against the PSCM – including but not limited to interests, late fees, collection costs, attorney fees, etc.. That is, any previously owed obligations to pay interest, late fees, collection costs, attorney's fees, etc. which appear to be owed under the plaintiff language of the StaRN Promissory Note are now null and void. [Dkt. 97-1 at ECF p. 38:1-41:13].

NO class members objected to the proposed Class Counsel fee allocation of $620,000.00 after receiving proper notice of the same. [Dkt. 97-8 at ¶¶ 5 and 9]. Class Counsel's fee request is fair and reasonable and should be granted.

## V. **LITIGATION EXPENSES ARE FAIR AND REASONABLE**

Class Counsel requests $11,982.29 in actual unpaid litigation expenses incurred to be reimbursed from the Settlement. [Dkt. 97-1 at 42:24-45:15]. Reimbursement of these unpaid litigation expenses incurred is fair and reasonable.

## VI. **REQUESTED SERVICE AWARD IS FAIR AND REASONABLE**

As shown in the moving papers, the class representative service award of $15,000.00 is reasonable and warranted under the circumstances. *Linney v. Cellular Alaska P'ship* (N.D. Cal. July 18, 1997) 1997 U.S.Dist.LEXIS 24300, at *22; *Syed v. M-I, L.L.C.*, 2017 U.S.Dist.LEXIS 118064, at *26-27 (E.D. Cal. July 26, 2017) (awarding $20,000 enhancement); *Weinstein v. Mortgage Contr. Servs*., LLC (C.D. Cal. Oct. 23, 2018) 2018 U.S.Dist.LEXIS 182718 at *27 (providing a $15,000 incentive to class representative in a claims-made wage and hour settlement).

The service award is fair and reasonable given Class Representative's lawsuit brought extraordinary relief with results that are on par with a trial judgment in favor of Plaintiff, the PSCM, and the PAGA Employees. See [Dkt. 97-1 at ECF p.

10:7-16; 13:25-16:21; 20:1-30:2] This lawsuit has been stressful for Plaintiff, but she remained steadfast in her efforts to obtain a significant result for the settlement class members. [Dkt. 97-7 at ¶¶ 7-11, 14, 16]; *See* [Dkt.]. NO class members objected to the proposed Representative Service Award payment after receiving proper notice of the same. [Dkt. 97-8 at ¶¶ 5 and 9].

## VII. SETTLEMENT ADMINISTRATIVE COST

This Final Approval Motion seeks reimbursement and payment of $22,950.00 to Phoenix Class Action Administration Solutions (Settlement Administrator) based on the Settlement Administrator's total fees and costs. [Dkt. 97-8 at ¶¶ 12, 15, Ex. B]. This amount is fair and reasonable for the work performed.

## VIII. CONCLUSION

For the reasons set forth herein and in Plaintiff's Final Approval Motion, Plaintiff respectfully requests that this Court GRANT final approval of the Settlement and award as follows: (1) Class Counsel's requested fee award of $620,000.00; (2) $11,982.29 in actual litigation costs incurred by Class Counsel; (3) $15,000.00 Service Award to Plaintiff; (4) a $22,950.00 payment for administration fees to the Settlement Administrator; (5) the $24,037.50 (75% of $32,050.00 allocated to PAGA penalties) PAGA payment to the LWDA; and (6) the $8,012.50 (25% of $32,050.00 allocated to PAGA penalties) to be distributed to PAGA Employees as set forth in the Settlement. Further, Plaintiff requests that the Court issue the proposed Judgment filed concurrently herewith.

Date: 9/22/2026

Respectfully submitted,
**THE MYERS LAW GROUP, A.P.C.**

By: /s/Jason Hatcher
David P. Myers,
Jason Hatcher,
Andriana N. Bravo,
Attorneys for Plaintiff and all others similarly situated