Closed

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUI RUM, on behalf of herself and all others similarly situated;<br><br>PLAINTIFF,<br><br>v.<br><br>HCA HEALTHCARE, INC., a Delaware Corporation; HEALTHTRUST WORKFORCE SOLUTIONS, LLC, a Tennessee Limited Liability Company; LOS ROBLES REGIONAL MEDICAL CENTER, a California Corporation; and DOES 1 through 100, inclusive,<br><br>DEFENDANTS. | Case No.: 2:23-CV-05142-JFW(BFMx)<br><br>CLASS ACTION<br><br>**[CORRECTED] JUDGEMENT RE: FINAL APPROVAL OF CLASS AND PAGA ACTION SETTLEMENT AND FOR CLASS COUNSEL FEES, COST REIMBURSEMENT, SERVICE PAYMENT, ADMINISTRATION COSTS**<br><br>Judge:    Hon. John F. Walter<br>Courtroom: 7A<br>Date:     September 29, 2025<br>Time:     10:00 a.m.<br><br>Action filed: April 19, 2023 |

# **[CORRECTED] JUDGMENT**

For the reasons set forth in the Court's Order Granting Plaintiff's Motion for Final Approval of Class Action and PAGA Action Settlement and Motion for Attorney's Fees, the court APPROVES the Parties' Joint Stipulation of Class Action and PAGA Action Settlement ("Settlement Agreement" or "Settlement") and the Parties' Stipulation to Final Judgment by Consent Under Rule 54(b) and ENTERS Judgment as follows:

1. The Stipulation to Final Judgment by Consent Under Rule 54(b) Including Declaratory and Permanent Injunctive Relief as to Defendants HCA Healthcare, Inc.; Healthtrust Workforce Solutions, LLC; Los Robles Regional Medical Center; San Jose Healthcare System, LP d/b/a Good Samaritan Hospital; West Hills Hospital; and Columbia Riverside, Inc. d/b/a Riverside Community Hospital at Docket 89-3 at ECF pgs 82-100 is incorporated by reference and restated herein in this Judgment.

2. The Joint Stipulation of Class Action and PAGA Action Settlement ("Settlement Agreement" or "Settlement") is incorporated by reference in this Judgment.

3. For purposes of this Judgment, the Court confirms certification of the Participating Settlement Class defined as follows:

> All current and former non-exempt registered nurses for Defendants, in California, for the period of April 19, 2019 through February 1, 2024, who entered into a StaRN Promissory Note and/or StaRN Program Agreement and whose employment ended prior to the end of the term of service period stipulated in the StaRN Promissory Note and/or StaRN Program Agreement, or who was still employed by a Defendant and within the term of service period as of February 1, 2024.

**Plaintiff's and Participating Settlement Class Member Relief**

4. <u>StaRN Program Agreements and StaRN Promissory Notes are Null and Void.</u> Plaintiff's and the Participating Settlement Class Members' Specialty

Training Apprenticeship for Registered Nurses ("StaRN") Program Promissory Notes ("StaRN Promissory Notes") and StaRN Program Agreements are null and void pursuant to the terms as well as stipulated facts and findings of law in the Stipulation to Final Judgment by Consent.

     5.   <u>Indemnification for Participating Settlement Class Members.</u> Defendants, or Defendants' present or future parent companies, shall indemnify, reimburse, defend, and hold harmless Plaintiff and each Participating Settlement Class Member and their respective successors, assigns, and heirs for any and all claims, causes of action, indebtedness, liabilities, demands, obligations, guarantees, financial loss, damage, injury, sanction, judgment, litigation costs, litigation expenses, interest, charges, late charges, collection costs, penalties, reasonable attorney's fees, expert witness fees, investigator fees, court costs, costs and fees associated with arbitration or litigation or mediation, including but not limited to the cost of defense ("Indemnification Costs") that any Participating Settlement Class Member incurs or incurred on or after February 2, 2024 (whether via renewal of prior collection effort(s) or a newly initiated collection effort(s)), directly resulting from collection efforts from Defendants, an HCA-affiliate, any third party collection agency and/or any Released Party against a Participating Settlement Class Member and/or his/her respective successors, assigns, and heirs in connection with the StaRN Payment Obligations. For the avoidance of doubt, this provision does not apply to any Indemnification Costs incurred prior to February 2, 2024 (or written notification as detailed below). So that Defendants can expeditiously quash any such collection efforts, after the Notice of Judgment (Exhibit D) mailing date, Participating Settlement Class Members must place Defendants on written notice within thirty (30) calendar days of (i) the Notice of Judgment mailing date for collection efforts that Participating Settlement Class Members were subject to prior to the Notice of Judgment mailing date or (ii) the Participating Settlement Class Member's receipt of collection efforts that Participating Settlement Class Members

are subject to after the Notice of Judgment mailing date— failing to provide such written notice to Defendants ("Indemnification Notice") waives the right to indemnification of costs and expenses, reasonable attorney's fees, and expert witness fees for services not provided by or through Defendants in response to the collection efforts. In addition, under this Settlement, Defendants, or Defendants' present or future parent companies, shall have no indemnification or reimbursement obligations whatsoever (in any form) for any Indemnification Costs that any Participating Settlement Class Member incurs on or after February 2, 2024 and prior to providing written Indemnification Notice. Participating Settlement Class Members shall make reasonable efforts to avoid incurring any Indemnification Costs after providing written Indemnification Notice.

6. <u>StaRN Reimbursement Payment to Participating Settlement Class Members</u>. Defendants shall make StaRN Reimbursement Payment to Participating Settlement Class Members who made StaRN Payments, as disclosed by Defendants' records, equal to 100% of the value of the Participating Settlement Class Members' StaRN Payments. The StaRN Reimbursement Payment to PSCM is equal to the total dollar amount of each PSCM's individual StaRN Payment. For example, an individual PSCM that paid a total of $2,500.00 as an individual StaRN Payment against that individual PSCM's StaRN Pay Obligation will be paid $2,500.00 under the terms of this Settlement.

7. <u>Notice of Judgment.</u> The Settlement Administrator shall mail, at the time of distribution, all Participating Settlement Class Members the Notice of Judgment that includes a copy of this Judgment.

**Settlement and Settlement Terms**

8. All Participating Settlement Class Members and Defendants are bound by the terms and conditions of the Settlement Agreement, and all court orders regarding the Settlement.

9. The Released Parties are released and discharged from any and all

liability with respect to the Settlement Class Released Claims as to all Participating Settlement Class Members.

10. The Court finds and determines the Class Action Settlement is fair and reasonable.

11. The Court approves the Private Attorneys General Act Settlement as fair and reasonable.

12. The Parties and the Settlement Administrator are hereby ordered to comply with the terms of the Settlement Agreement and the Court's Final Approval Order.

13. The Court approves David P. Myers, Jason Hatcher, and Andriana N. Bravo, of the Myers Law Group, A.P.C., as Class Counsel, and approves and awards $620,000.00 in attorney's fees and $11,982.29 in actual reasonable litigation costs.

14. The Court approves and awards Plaintiff Jacqui Rum a service award in the amount of $15,000.00.

15. The Court approves and awards Phoenix Settlement Administrators, the Settlement Administrator, $22,950.00 for its services rendered and to be rendered as Settlement Administrator.

16. Without affecting the finality of this Judgment, the Court shall retain exclusive and continuing jurisdiction over the Action, the Class Representative, the Participating Settlement Class Members and Defendants for purposes of supervising the consummation, administration, implementation, enforcement and interpretation of the Settlement Agreement and all other matters covered in this Order.

17. Defendants consent and stipulate to entry of this Final Judgment by Consent pursuant to the Joint Stipulation of Class Action and PAGA Action Settlement and in no way admit liability on Plaintiff's claims.

///

18. The Court finds there is no just reason for delay and directs the Clerk to enter judgment pursuant to Federal Rule of Civil Procedure 54 forthwith.

**IT IS SO ORDERED.**

Dated: October 22, 2025

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT COURT